United States District Court
Southern District of Texas
FILED

APR 0 5 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOEL FLORES, Individually and On Behalf of All Others Similarly Situated | * * * | |
| VS. | * * | CIVIL ACTION NO. _____ |
| CERTUS HEALTHCARE, L.L.C.; NOVOPHARM LIMITED; DAVID RODRIGUEZ; DR. ASHOK K. GUMBHIR; and NOVOPHARM HOLDINGS, INC. | * * * * | |

B-00-053

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW NOVOPHARM HOLDINGS, INC., Defendant in the above entitled and numbered cause, and files this its Notice of Removal of the present cause from the 103rd Judicial District Court of Cameron County, Texas, in which it is now pending, to the United States District Court for the Southern District of Texas, Brownsville Division, showing the Court as follows:

1.    This cause was commenced in the 103rd Judicial District Court, Cameron County, Texas on March 1, 2000, when Plaintiff's Original Petition was filed in Cause Number 2000-03-973-D. A copy of Plaintiff's Original Petition is attached hereto and incorporated herein for all purposes to this Notice of Removal.

2.    Defendants Dr. Ashok K. Gumbhir and Certus Healthcare, L.L.C. were served with a copy of the Plaintiff's Original Petition on March 6, 2000. Defendant Novopharm Holdings, Inc. was served on March 13, 2000. According to the State Court docket sheet, Defendants David Rodriguez and Novopharm Limited have not yet been served. Copies of the Citations served on Defendants indicating date of service are attached hereto and incorporated herein for all purposes.

3.    This is a purported class action brought on behalf of Certus members who allegedly purchased HMO membership but did not receive benefits under the plan.

Plaintiff's Original Petition sets out two sub-classes: the ERISA plan sub-class and the non-ERISA plan sub-class. Plaintiff seeks to recover damages allegedly sustained by the two sub-classes by Defendants' alleged failure to pay for benefits under certain HMO plan. Plaintiff has alleged causes of action for civil RICO, breach of contract, violations of Texas Deceptive Trade Practices Act, violations of Article 21.21 and bad faith, fraud, negligence, and grossly negligent misrepresentation.

4.      Defendant would show the Court that the above described action is one in which this Court has original subject matter jurisdiction under the provisions of 29 U.S.C. §1132(e)(1), which states that "the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by . . . a participant beneficiary, fiduciary . . ." Because this cause of action involves a purported class action containing a sub-class of ERISA plan beneficiaries and participants, removal is proper pursuant to the provisions of 29 U.S.C. §1132(e)(1), as this is a civil action where this Court has original jurisdiction and is founded on claims arising under the Constitution and the laws of the United States.

5.      Defendant would further show the Court that because this case is being removed on the basis of federal question, the Court's minimum jurisdictional limits of $75,000.00 need not be met. However, it is clear from Plaintiff's Original Petition that the purported class seeks damages well in excess of this Court's minimum jurisdictional limits of $75,000.00.

6.      Upon filing of this Notice of Removal of this cause, written notice of the filing by petitioners to Plaintiff and his counsel has been provided as required by law. A copy of this notice is also being filed with the Clerk of the State Court in which this cause was originally filed.

7.      This Notice of Removal is timely filed in accordance with 28 U.S.C. §1446(b), in that it is filed within thirty (30) days of receipt of Plaintiff's Original Petition on the first-served Defendant.

8.    Defendant would further show that all properly served Defendants have consented to and joined in the removal of this action.

9.    Defendant hereby requests a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Petitioner prays for removal of the above entitled and numbered cause from the 103rd Judicial District Court of Cameron County, Texas to this Honorable Court.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
          Norton A. Colvin, Jr.
Attorney-in-Charge
State Bar No. 04632100
Federal Admissions No. 1941
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
NOVOPHARM HOLDINGS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Notice of Removal was served upon all counsel of record, to-wit:

> Michael R. Cowen
> Zavaletta & Cowen
> 603 East St. Charles Street
> Brownsville, Texas 78520
> Attorneys for Plaintiff
>
> John Ventura
> Anthony Carrabba
> Law Offices of John Ventura, P.C.
> 7 North Park Plaza
> Brownsville, Texas 78521
> Attorneys for Plaintiff
>
> Jeffrey D. Roerig
> Roerig, Oliveira & Fisher, L.L.P.
> 855 West Price Road, Suite 9
> Brownsville, Texas 78520
> Attorneys for Defendants Certus Healthcare, L.L.C., David Rodriguez, and Dr. Ashok K. Gumbhir

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 5th day of April, 2000.

_____
Norton A. Colvin, Jr.

Case 1:00-cv-00053   Document 1   Filed in TXSD on 04/05/2000   Page 5 of 35

E R K ' S   E N T R I E S   *   *   *   *

2000-03-000973-D

01                                          03        01        00
L.R. COWEN
ST. CHARLES STREET
VILLE, TEXAS   78520 0000                   (06)

01
R. FLAKE                                    BREACH OF CONTRACT
AT BOOKER ROAD,STE 200
SAL CITY,TEXAS  78148 0000

03/01/00   ORIGINAL PETITION FILED
03/01/00   PLAINTIFFS FIRST SET OF
           INTERROGATORIES TO DEFENDANT CERTUS
           HEALTHCARE, L.L.C.
03/01/00   PLAINTIFFS FIRST SET OF REQUEST FOR
           PRODUCTION TO DEFENDANTS
03/01/00   CERTUS HEALTHCARE, L.L.C.
03/02/00   CITATION (CM): CERTUS HEALTHCARE,
           L.L.C.
03/02/00        SERVED: 03/06/00     FILED: 03/09/00
03/02/00   CITATION (CM): DAVID RODRIGUEZ
03/02/00        SERVED:
03/02/00   CITATION (CM): DR. ASHOK K. GUMBHIR
03/02/00        SERVED: 03/06/00     FILED: 03/14/00
03/02/00   CITATION (CM): NOVOPHARM HOLDINGS, INC.
03/02/00        SERVED: 03/13/00     FILED: 03/17/00
03/02/00   CITATION: NOVOPHARM LIMITED
03/02/00        SERVED:
03/06/00   ORIGINAL ANSWER: CERTUS HEALTHCARE,
           L.L.C.

CAUSE NO. _2000-03-973-D_

FILED _4:1_ O'CLOCK _P_ M
AURORA DE LA GARZA DIST. CLERK
MAR 0 1 2000
DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ BY _____ DEPUTY

| | | |
|---|---|---|
| JOEL FLORES, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | § § § § | IN THE DISTRICT COURT |
| V. | § § | OF CAMERON COUNTY |
| CERTUS HEALTHCARE, L.L.C., NOVOPHARM LIMITED, DAVID RODRIGUEZ, DR. ASHOK K. GUMBHIR and NOVOPHARM HOLDINGS, INC | § § § § § § | _103rd_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW JOEL FLORES, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, and files this his Plaintiff's Original Petitions complaining of Defendants CERTUS HEALTHCARE, L.L.C., NOVOPHARM LIMITED., DAVID RODRIGUEZ. DR. ASHOK K. GUMBHIR and NOVOPHARM HOLDINGS, INC. For cause of action, Plaintiff would show unto the Honorable Court as follows:

### I.

### DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery pursuant to a level three discovery control plan.

### II.

### PARTIES

Plaintiff is an individual residing in Cameron County, Texas. He brings this action both on his own behalf and as a class action on behalf of the Class, as defined below.

Defendant Certus Healthcare, L.L.C. is a Texas limited liability company with its principal place of business in Bexas County, Texas. It may be served with process by certified mail, return receipt requested, by serving its registered agent Ronald R. Flake, 1001 Pat Booker Road, Suite 200, Universal City, Texas 78148. Defendant has recently changed its name to Wellcare Health Plans of Texas, L.L.C. but is still the same company.

Defendant Novopharm Limited is a Canadian Company doing business in Texas.

Defendant David Rodriguez is an individual residing in Florida. He may be served with process by certified mail sent to 6940 Southwest 96th Street, Miami, Florida 33156.

Defendant Dr. Ashok K. Gumbhir is an individual residing in Missouri. Dr. Gumbhir may be served with process by certified mail. return receipt requested to 602 E. 115th Terrace, Kansas City, Missouri 64131.

Defendant Novopharm Holdings. Inc. is a Delaware corporation doing business in Texas. It may be served with process by certified mail. return receipt requested by serving its registered agent, Agents & Corporations, Inc., 1201 Orange Street, Suite 600, Wilmington, Delaware 19801.

## III.

## JURISDICTION AND VENUE

This Court has jurisdiction over this case because the amount in controversy is in excess of the Court's jurisdictional minimum.

Venue is proper in Cameron County, Texas because all or a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in the county. Tex. Civ. Prac. & Rem. Code § 15.002(a).

## IV.

## CLASS ALLEGATIONS

This action is brought as a class action under Tex. R. Civ. P. 42. Plaintiffs seek certification on behalf of a class of Certus policyholders who received a health insurance plan that did not provide the benefits promised by Certus.

This action is properly brought as a class action for the following reasons:

(a)     The Class consists of tens of thousands of persons and is thus so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

(b)     There is a well-defined community of interest in the questions of law or fact affecting the Class, which predominate over any questions affecting only individual members, including:

(i)    Whether Certus has a pattern or practice of not timely paying claims;

(ii)    Whether Certus has a pattern or practice representing that it is financially sound and capable of paying claims when in fact it is not;

(iii)    Whether Certus' pattern and practice of misrepresenting its claim constitutes mail fraud;

(iv)    Whether Certus has violated the RICO act in its pattern of misrepresentations and mail fraud;

(v)    Whether Certus has committed common law fraud in its pattern of misrepresentations;

(vi)    Whether Certus' misfeasance constitutes negligent misrepresentaton;

(vii)    Whether Certus' violated the Texas DTPA in its pattern of misrepresentations and failure to timely pay claims;

(viii)    Whether Certus violated Section 21.21 of the Texas Insurance Code in its pattern of misrepresentations and failure to timely pay claims;

(ix)    Whether Certus breached its contract with the Class in its failure to timely pay claims.

(x)    Whether Certus is undercapitalized, which would impose personal liability upon its members, Defendants Novopharm Limited, David Rodriguez, Dr. Ashok K. Gumbhir and Novopharm Holdings, Inc.

(xi)    Whether Certus is the ostensible agent of Defendants Novopharm Limited and Novopharm Holdings, Inc.

(xii)    Whether Defendant Limited is liable for negligent misrepresentation as a result of the statement's in Certus' promotional materials;

(xii)    What the measure of the Class' damages—the difference between the value of the policy promised and the policy received—is: and

(xiv)    Whether Defendants acted with malice and are thus liable for punitive damages.

(c)    The claims asserted by Plaintiff are typical of the claims of members of the Class;

(d)     Plaintiff will fairly and adequately protect the interests of the Class in that, among other things, he has no interests antagonistic to those of the other members of the Class, and Plaintiff has retained attorneys experienced in class and complex litigation as counsel; and

(e)     A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

        (i)     Given the size of individual Class Members' claims, few, if any, Class Members could afford to seek legal redress individually for the wrongs Defendants committed against them;

        (ii)    When the liability of Defendants has been adjudicated, claims of all members of the Class can be determined by the Court;

        (iii)   This action will cause an orderly and expeditious administration of the Class claims, promote economies of time, effort and expense, and insure uniformity of decisions;

        (iv)    This action presents no difficulties that would impede its management by the Court as a class action.

(f)     Certus has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive and declaratory relief with respect to the class as a whole.

Accordingly, Plaintiffs bring this action on behalf of themselves and all members of the class defined as follows:

**All policyholders, beneficiaries and members of any health insurance plan or HMO from Certus Healthcare, L.L.C. from January 1, 1998 to the present.**

Excluded from the Class are: (a) the Defendants herein, and the directors and officers thereof (b) the subsidiaries, parents, and affiliates of Defendant, and the directors and officers thereof; (c) any person or entity in which any excluded person has a controlling interest; (d) members of the immediate family of any of the foregoing, if a natural person; (e) the legal representatives, heirs, successors-in-interest, and assigns of any excluded person; (f) the judge presiding over this case; (g) any person or entity related by any consanguinity or affinity within the third degree to the judge presiding over this case.

Further, pursuant to Texas Rule of Civil Procedure 42(d), the Class is divided into two subclasses. as follows:

(A)    **The ERISA Plan Subclass**. All Class members whose policy or plan with Certus constitutes an ERISA plan.

(B)    **The Non-ERISA Subclass**. All Class members whose policy or plan with Certus does not constitute an ERISA plan.

## V.

## FACTS

Defendant Certus Healthcare, L.L.C. ("Certus") is an HMO. It is owned by Defendants David Rodriguez ("Rodriguez"), Dr. Ashok K. Gumbhir ("Gumbhir") and Novopharm Holdings, Inc. Certus was a for-profit HMO run for the benefit of Defendants Rodriguez, Gumbhir and Norvopharm Holdings, Inc.

As an HMO, Certus is obligated itself to timely pay for beneficiaries' covered medical treatment. In fact, Texas Insurance Code Article 20A.09(j) provides:

> . . . A health maintenance organization shall make payment to a physician or provider for covered services rendered to enrollees of the health maintenance organization no later than the 45th day after the date a claim for payment is received . . . or. if applicable, within the number of calendar days specified by written agreement between the physician or provider and the health maintenance organization.

However. due to financial problems,    Certus was unable to pay for its beneficiaries covered medical treatment. As a result, many health care providers stopped accepting Certus insurance.

Certus continued to sell policies and accept premiums after it knew, or in the alternative should have known, that it would be unable to pay for covered medical services. Further, in its marketing materials. it falsely asserted that it was financially sound. For example. in its marketing materials it stated:

> While Certus is a local company with its management team based here in South Texas, *we are affiliated with some of the largest and most respected healthcare corporation in the world. Most prominent among them is Novopharm Limited, a multibillon dollar pharaceutical manufacturer . . . Novopharm is the primary*

CSIsPDF - www.tesisi.com

> *shareholder of Certus and is committed to its financial success and its mission to improve the overall healthcare of South Texas.*

(emphasis added).   These false statements created the illusion that Certus was not only financially sound, but that Defendant Novopharm Limited would lend its billions of dollars to "improve the overall healthcare of South Texas." Plaintiff and the Class naturally relied on these statements in purchasing health coverage from Certus.  These false statements violated Texas Insurance Code Article 21A.11(d), which provides:

> (d) No health maintenance organization, or representative thereof, may cause or knowingly permit the use or distribution of prospective enrollee information which is untrue or misleading.

The illusion created by Defendants also violated Certus' obligations under Texas Insurance Code Article 21A.11(e), which provides:

> Every health maintenance organization shall provide to its enrollees reasonable notice of any material adverse change in the operation of the organization that will affect them directly.

In violation of Article 21A.11(e), Certus did not inform Plaintiff and, upon information and belief, the Class, that it was unable to pay claims and, as a result thereof, that many healthcare providers would no longer accept Certus.

As a result of their reliance, Plaintiffs and the Class paid premiums to Certus. However, because Certus did not timely pay for covered services, they did not receive the health insurance benefits that they should have.  Many health care providers who Certus listed in its Directory of Medical Professionals stopped accepting Certus because of Certus' non-payment.

For example, on or about February 22, 1999, Plaintiff needed to purchase a "Pulmo-Aide" treatment for his son, who had health insurance with Certus.  Plaintiff went to eight pharmacies, several of which (including Drug Emporium and Autrey Pharmacy) were on Certus' list of approved providers; however, all eight of the pharmacies refused to accept his Certus insurance.  They told him that they would not accept it because Certus did not pay its bills.  In the end, Plaintiff had to pay for his son's asthma treatment out his own pocket, even though he paid premiums and the treatment was covered under his Certus policy.

Upon information and belief, the reason that Defendants continued to promote Certus and sign up new members after Certus was unable to timely pay claims was that they wanted to sell Certus to another company in order to recoup their investment.    Such actions constitute fraud and malice, as defined by Tex. Civ. Prac. & Rem. Code § 41.001(7).

## CAUSES OF ACTION

### VI.

### FIRST CAUSE OF ACTION

### ON BEHALF OF ALL CLASS MEMBERS

### CIVIL R.I.C.O.

Pursuant to 18 U.S.C. § 1964. Plaintiff and the Class bring an action against Defendants under the Racketeer Influenced and Corrupt Organizations Act ("RICO").

This state district court has concurrent jurisdiction over civil RICO claims. *Tafflin v. Levitt*, 110 S. Ct. 792 (1990). This case is not removable to federal court on the ground that Plaintiff and the Class have plead a RICO claim.

Defendant Certus is an "enterprise" as defined by 18 U.S.C. § 1961(4).   Further, Defendants are collectively an "enterprise" as defined by 18 U.S.C. § 1961(4). Defendants, as an enterprise, have engaged in a pattern of racketeering activity as defined by 18 U.S.C. § 1961. Specifically, Defendants have engaged in a pattern of mail fraud in violation of 18 U.S.C. § 1341 in sending promotional materials with fraudulent statements and omissions and in a pattern of wire fraud in violation of 18 U.S.C.  § 1343 in that Defendants used the telephone in signing up new members.  These RICO violations are the direct, proximate and producing cause of Plaintiff and the Class' damages.

# VI.

## SECOND CAUSE OF ACTION

## ON BEHALF OF THE NON-ERISA SUBCLASS ONLY

## BREACH OF CONTRACT

The policies and insurance plans that Certus issued to Plaintiff and the Non-ERISA Subclass constitute contracts. As part of those contracts, Defendant Certus expressly and impliedly promised to timely pay covered claims. Defendant Certus breached this contract, and as a result Plaintiffs suffered damages. The measure of these damages is the expectation interest, that is, the difference in value between the policy promised and the policy actually given.

# VII.

## THIRD CAUSE OF ACTION

## ON BEHALF OF THE NON-ERISA SUBCLASS ONLY

## DTPA

Pursuant to Texas Business and Commerce Code Section 17.50, Plaintiff and the Non-ERISA Subclass bring suit for violations of the Texas Deceptive Trade Practices Act. The conduct of Defendants, as described in Section V above, violates the following provisions of the DTPA:

- Section 17.46(a), which prohibits false, misleading or deceptive acts in trade or commerce;

- Section 17.46(b)(5), which prohibits representing that services have characteristics, uses or benefits that they do not have;

- Section 17.46(b)(7), which prohibits representing that services are of a particular quality or grade if they are of another;

- Section 17.46(b)(9), which prohibits advertising services with the intent not to sell them as advertised;

- Section 17.46(b)(23), which prohibits the failure to disclose information concerning services that was known at the time of the transaction where the failure to disclose was intended to induce Plaintiff and the Non-ERISA Subclass to enter into transactions into which they would not have entered had the information been disclosed.

## VIII.

## FOURTH CAUSE OF ACTION

## ON BEHALF OF THE NON-ERISA SUBCLASS ONLY

## ARTICLE 21.21/BAD FAITH

Plaintiff and the Non-ERISA Subclass bring suit, pursuant to Texas Insurance Code Article 21.21, Section 16, against Defendant Certus for its violations of Article 21.21 of the Texas Insurance Code. Specifically, Defendant Certus' conduct, as described in Section V of this petition, violated Texas Insurance Code Article 21.21, Sections 4(1), 4(2), 4(5) and 4(11). Further, Certus acted knowingly when it violated these provisions of the Insurance Code. Therefore, Plaintiff and the Non-ERISA Subclass sue for their actual damages, court costs, attorneys' fees and treble damages, as provided by Article 21.21, Section 16.

## IX.

## FIFTH CAUSE OF ACTION

## ON BEHALF OF THE NON-ERISA SUBCLASS ONLY

## COMMON LAW FRAUD

Defendants falsely asserted that Certus would timely pay claims. Further, Defendants did not disclose to Plaintiff or the Class that there was a material adverse change in its ability to pay claims, despite the fact that Texas Insurance Code Article 21A.11(e) imposed a duty to do so. Upon information and belief, these false assertions and material omissions were made intentionally and/or knowingly. Plaintiff and the Class relied on Defendants' false statements and upon the false impression caused by Defendants' fraudulent omissions in purchasing health coverage from Certus. As a result, Plaintiff and the Class suffered damages in that they received health coverage that was not worth as much as the coverage they thought they were purchasing.

## X.

## SIXTH CAUSE OF ACTION

## ON BEHALF OF THE NON-ERISA SUBCLASS ONLY

## NEGLIGENT AND GROSSLY NEGLIGENT MISREPRESENTATION

Defendants falsely asserted that Certus would timely pay claims.  Further, Defendants did not disclose to Plaintiff or the Class that there was a material adverse change in its ability to pay claims, despite the fact that Texas Insurance Code Article 21A.11(e) imposed a duty to do so. Upon information and belief, these false assertions and material omissions were made negligently and grossly negligently, and that Defendants acted with malice as defined by the Texas Civil Practice and Remedies Code.  Plaintiff and the Class relied on Defendants' false statements and upon the false impression caused by Defendants' fraudulent omissions in purchasing health coverage from Certus.  As a result, Plaintiff and the Class suffered damages in that they received health coverage that was not worth as much as the coverage they thought they were purchasing.

## XI.

## VICARIOUS LIABILITY

Defendant Novopharm Limited is vicariously liable for the misfeasance and malfeasance of Defendant Certus because Defendant Certus is Defendant Novopharm Limited's ostensible agent.

Defendants David Rodriguez, Dr. Ashok K. Gumbhir, and Novopharm Holdings, Inc. are vicariously liable for the misfeasance and malfeasance of Defendant Certus as members/shareholders of Certus because Certus is, and at all material times was, undercapitalized.

## XII.

## AFFIRMATIVE PLEAS

This case in not removable to Federal Court.

WHEREFRORE, PREMISES CONSIDERED, Plaintiff prays that citation be issued and that Defendants be served, that a Class be certified, and that, upon trial on the merits, that Plaintiff and the Class recover actual damages, exemplary and treble damages, attorneys' fees, costs of court, prejudgment interest and postjudgment interest.

Respectfully Submitted.

ZAVALETTA * COWEN
603 E. St. Charles Street
Brownsville, Texas 78520
(956) 541-4981
(956) 504-3674 (FAX)

Michael R. Cowen, P.C.
State Bar No. 00795306

John Ventura, P.C.
State Bar No. 20545700
Anthony Carrabba
State Bar No. 00793471
LAW OFFICES OF JOHN VENTURA, P.C.
7 North Park Plaza
Brownsville, Texas 78521
(956) 541-4981
(956) 504-3674 (FAX)

Citation for Personal Service   - BY CERTIFIED MAIL      ⌐it. Seq. # 5.002.01

No. 2000-03-000973-D

T H E   S T A T E   O F   T E X A S          **ORIGINAL**

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: CERTUS HEALTHCARE, L.L.C.
    SERVING ITS REGISTRED AGENT
    RONALD R. FLAKE
    1001 PAT BOOKER ROAD
    SUITE 200
    UNIVERSAL CITY, TEXAS 78148
the        DEFENDANT        , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 103rd Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said        PETITION        was filed on  MARCH 01, 2000  .  A copy of same accompanies this citation.

The file number of said suit being No. 2000-03-000973-D.

The style of the case is:

JOEL FLORES, ET AL
VS.
CERTUS HEALTHCARE, L.L.C., ET AL

Said petition was filed in said court by _____       MT___
(Attorney for _____         PLAINTIFF
603 E. ST. CHARLES STREET BROWNSVILLE, TEXAS

The nature of the demand is fully shown
Petition accompanying this citation and made

The officer executing this writ shall pr
he mandates thereof,
P 214 958 006

**US Postal Service**
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail (See reverse)
Sent to

r my hand and seal o:
f   MARCH  , A.D. 20(

CERTIFICAT. )F DELIVERY OF MAIL

| ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE |
|---|
| Rule 106 (a)(2): The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation. |
| Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court. |

NAME OF PREPARER          TITLE

ADDRESS

CITY          STATE          ZIP

I hereby certify that on the __2nd__ of

__MARCH    2000__, I mailed to

__CERTUS HEALTHCARE, L.L.C.__

by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.

CERTIFIED MAIL NO. __P214958006__

RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

__AURORA DE LA GARZA__ , District Clerk
Cameron County, Texas

By: _____ , Deputy

MARY M. CORNEJO

Citation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # 5.004.01

No. 2000-03-000973-D

**ORIGINAL**

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: DAVID RODRIGUEZ
    6940 SOUTHWEST
    96TH STREET
    MIAMI, FLORIDA 33156

the _____DEFENDANT_____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 103rd Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas; Said _____PETITION_____ was filed on   MARCH 01, 2000  .  A copy of same accompanies this citation.

The file number of said suit being No. 2000-03-000973-D.

The style of the case is:

JOEL FLORES, ET AL
VS.
CIRTUS HEALTHCARE, L.L.C., ET AL

Said petition was filed in said court by _____MICHAEL R. COWEN_____ (Attorney for _____PLAINTIFF_____ ), whose address is 603 E. ST. CHARLES STREET BROWNSVILLE, TEXAS    78520

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to its mandates thereof, and make due return as the law

P 214 958 004

**Receipt for Certified Mail**
US Postal Service
No Insurance Coverage Provided.
Do not use for International Mail *(See reverse)*

... my hand and seal of said Court at Brownsville,
_MARCH_ , A.D. 2000.

CERTIFIC   E OF DELIVERY OF MAIL

| ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE | |
|---|---|

**Rule 106 (a)(2):** The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation.

**Sec. 17.027, Rules of Civil Practice and Remedies Code,** if not prepared by Clerk of Court.

| NAME OF PREPARER | TITLE |
|---|---|

| ADDRESS | | |
|---|---|---|

| CITY | STATE | ZIP |
|---|---|---|

I hereby certify that on the __2nd__ of __MARCH__ __2000__, I mailed to

__DAVID RODRIGUEZ__

by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.

CERTIFIED MAIL NO. ___P214958004___
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

__AURORA DE LA GARZA___, District Clerk
Cameron County, Texas

By _____, Deputy

R. M. CORNEJO

Citation for Personal Service   - BY CERTIFIED MAIL     Lit. Seq. # 5.005.01

No. 2000-03-000973-D

**ORIGINAL**

T H E    S T A T E    O F    T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: DR. ASHOK K. GUMBHIR
602 E. 115TH TERRACE
KANSAS CITY, MISSOURI 64131

the      DEFENDANT     , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 103rd Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said      PETITION      was filed on MARCH 01, 2000   .  A copy of same accompanies this citation.

The file number of said suit being No. 2000-03-000973-D.

The style of the case is:

JOEL FLORES, ET AL
VS.
CERTUS HEALTHCARE, L.L.C., ET AL

Said petition was filed in said court by _____
(Attorney for      PLAINTIFF
603 E. ST. CHARLES STREET BROWNSVILLE, TEXAS

The nature of the demand is fully shown by Petition accompanying this citation and made a

The officer executing this writ shall pro_____ and the mandates thereof,

P 214 958 003

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail (See reverse)

my hand and seal o_____
MARCH   , A.D. 20

MICHAEL R. COWEN

PS Form 3811, July 1999
P 214 958 003
2. Article Number (Copy from service label)

SENDER: COMPLETE THIS SECTION
■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
DR. ASHOK K. GUMBHIR
602 E. 115TH TERRACE
KANSAS CITY, MISSOURI 64131

Domestic R_____

| ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE | | |
|---|---|---|
| Rule 106 (a)(2): The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation. | | |
| Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court. | | |
| NAME OF PREPARER | | TITLE |
| ADDRESS | | |
| CITY | STATE | ZIP |

CERTIFICATE ℐ DELIVERY OF MAIL

I hereby certify that on the **2nd** of

**MARCH** **2000**, I mailed to

**DR. ASHOK K. GUMBHIR**

by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.

CERTIFIED MAIL NO. ____ P214958003

RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

AURORA DE LA GARZA , District Clerk
Cameron County, Texas

By _____ , Deputy
     HILDA M. CORNEJO

Citation for Personal Service  <u>- BY CERTIFIED MAIL</u>   Lit. Seq. # <u>5.004.01</u>

No. <u>2000-03-000973-D</u>        **COPY**



T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: <u>DAVID RODRIGUEZ</u>
<u>6940 SOUTHWEST</u>
<u>96TH STREET</u>
<u>MIAMI, FLORIDA 33156</u>

the _____<u>DEFENDANT</u>_____ , GREETING:

You are commanded to appear by filing a written answer to the

<u>PLAINTIFFS ORIGINAL PETITION</u>

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court <u>103rd</u> Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____<u>PETITION</u>_____ was filed on <u>MARCH 01, 2000</u> .  A copy of same accompanies this citation.

The file number of said suit being No. <u>2000-03-000973-D</u>.

The style of the case is:

<u>JOEL FLORES, ET AL</u>
VS.
<u>CERTUS HEALTHCARE, L.L.C., ET AL</u>

Said petition was filed in said court by _____<u>MICHAEL R. COWEN</u> (Attorney for _____<u>PLAINTIFF</u>_____ ), whose address is <u>603 E. ST. CHARLES STREET BROWNSVILLE, TEXAS     78520</u> .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the <u>2nd</u> day of <u>MARCH</u> , A.D. <u>2000</u>.

PS Form 3811, 1999                    Domestic Return Receipt                    102595-99-M-1789

2. Article Number (Copy from service label)

P 214 958 004

1. Article Addressed to:

DAVID RODRIGUEZ
6940 SOUTHWEST
96TH STREET
MIAMI, FLORIDA 33156

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

SENDER: COMPLETE THIS SECTION

3. Service Type
☒ Certified Mail        ☐ Express Mail
☐ Registered            ☐ Return Receipt for Merchandise
☐ Insured Mail          ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)        ☐ Yes

RECEIVED

MAR 2000

MAIL ROOM

X
Signature
☐ Agent
☐ Addressee

A. Received by (Please Print Clearly)    B. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

COMPLETE THIS SECTION ON DELIVERY

Fold at line over top of envelope to

**Cameron County District Courts**
974 E Harrison
Brownsville, Texas 78520

La Garza / District Clerk



the right of the return address

**CERTIFIED**

P 214 958 004



MAR 03'00

≡ 3.22 ≡

PB METER
7048437  U.S. POSTAGE

**MAIL**

DAVID RODRIGUEZ
6940 SOUTHWEST
96TH STREET
MIAMI, FLORIDA 33156



FORWARDING
ORDER
EXPIRES

RECEIVED

MAR 1 6 2000

MAIL ROOM

78520/7123

Citation for Personal Service   - BY CERTIFIED MAIL    Lit. Seq. # <u>5.006.01</u>

No. <u>2000-03-000973-D</u>

# T H E   S T A T E   O F   T E X A S    ORIGINAL

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: <u>NOVOPHARM HOLDINGS, INC.</u>
<u>SERVING ITS REGISTERED AGENT</u>
<u>AGENTS & CORPORATIONS, INC.</u>
<u>1201 ORANGE STREET</u>
<u>SUITE 600</u>
<u>WILMINGTON, DELAWARE 19801</u>
the _____ DEFENDANT _____ , GREETING:

You are commanded to appear by filing a written answer to the

<u>PLAINTIFFS ORIGINAL PETITION</u>

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court <u>103rd</u> Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____ PETITION _____ was filed on <u>MARCH 01, 2000</u>. A copy of same accompanies this citation.

The file number of said suit being No. <u>2000-03-000973-D</u>.

The style of the case is:

JOEL FLORES, ET AL
VS.
CERIUS HEALTHCARE, L.L.C., ET AL

Said petition was filed in said court by _____
(Attorney for _____ PLAINTIFF _____
<u>603 E. ST. CHARLES STREET BROWNSVILLE, TEXAS</u>

The nature of the demand is fully shown by
Petition accompanying this citation and made a

The officer executing this writ shall pro
_____ and the mandates thereof,

P 214 958 002

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail (See reverse)
Sent to

my hand and seal o
<u>MARCH</u>, A.D. 20

PS Form 3811, July 1999        Domestic Return Receipt

2. Article Number (Copy from service label)
P 214 958 002

1. Article Addressed to:
NOVOPHARM HOLDINGS, INC.
SERVING ITS REGISTERED AGENT
AGENTS & CORPORATIONS, INC.
1201 ORANGE STREET
SUITE 600
WILMINGTON, DELAWARE 1901

SENDER: COMPLETE THIS SECTION
■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

**CERTIFICATE OF DELIVERY OF MAIL**

<table>
<tr><td>

**ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE**

Rule 106 (a)(2): The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation.

Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court.

NAME OF PREPARER        TITLE

ADDRESS

CITY          STATE        ZIP

</td><td>

I hereby certify that on the __2nd__ of

__MARCH    2000__, I mailed to

__NOVOPHARM HOLDINGS, INC.__

by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.

CERTIFIED MAIL NO. __P214958002__
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

__AURORA DE LA GARZA__, District Clerk
Cameron County, Texas

By _____, Deputy

RICK M. CORNEJO

</td></tr>
</table>



# RONALD R. FLAKE
**ATTORNEY AT LAW**
**1001 Pat Booker Road, Suite 200**
**Universal City, Texas 78148**

Telephone:   (210) 658-5305
Telecopier:  (210) 658-1855

March 6, 2000

Ms. Aurora De La Garza
District Clerk
Cameron District Courts
974 E. Harrison
Brownsville, Texas 78520

Re:   *Certus Healthcare, LLC, now known as*
      *Wellcare Health Plans of Texas, LLC*

Dear Ms. De La Garza:

Enclosed is your certified letter to me of March 3, 2000 in connection with the referenced entity, together with a copy of the Articles of Amendment of that limited liability company and a letter from their current attorneys. Please note that the registered agent of the company was changed on January 12, 2000 to C.T. Corporation Systems, 811 Dallas Avenue, Suite 1500, Houston, Texas 77002 and that the name of the company is now Wellcare Health Plans of Texas, LLC.

Please cause the enclosed letter from your office to be properly addressed. I am not the registered agent for Certus Healthcare, LLC nor an officer or attorney of that company.

Very truly yours,

Ronald R. Flake

lb
*certified mail, return receipt requested*

FILED _____ O'CLOCK _____
AURORA DE LA GARZA DIST. CLERK

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUT

# AKIN. GUMP, STRAUSS, HAUER & FELD, L.L.P.

### ATTORNEYS AT LAW

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

1900 FROST BANK PLAZA
816 CONGRESS AVENUE
AUSTIN, TEXAS 78701
(512) 499-6200
FAX (512) 499-6290

BRUSSELS
DALLAS
HOUSTON
LONDON
LOS ANGELES
MOSCOW
NEW YORK
PHILADELPHIA
SAN ANTONIO
WASHINGTON, D C.

February 21, 2000

Mr. Ronald R. Flake
1001 Pat Booker Road, Suite 200
Universal City, Texas  78148

     Re:    Wellcare Health Plans of Texas, L.L.C.

Dear Mr. Flake:

     Enclosed is a copy of the Articles of Amendment by the Managers to the Articles of Organization of Certus HealthCare, L.L.C.  This document was filed with the Secretary of State on January 12, 2000.  Please note that the registered agent and registered address were changed at that time to CT Corporation Systems, 811 Dallas Avenue, Suite 1500, Houston, Texas 77002. The Comptroller's records will reflect the change when the annual report is filed in March.

     If you have any questions, please call me at (512) 499-6284.  Thank you again for your assistance.

     Very truly yours,

     *Patricia Gunn*

     Patricia L. Gunn
     Legal Assistant

Cc:    Mr. Peter Hernandez
       Barry R. Senterfitt, Esq. (Firm)
       Lee Ann Alexander, Esq. (Firm)

FILED _____ O'CLUCK ____
AURORA DE LA GARZA DIST. CLER?

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUT

044894.0000 AUSTIN 167117 v1

# ARTICLES OF AMENDMENT
## BY THE MANAGERS TO THE
## ARTICLES OF ORGANIZATION
## OF
## CERTUS HEALTHCARE, L.L.C.

Pursuant to the provisions of Article 3.06 of the Texas Limited Liability Company Act (the "Act"), the undersigned, a Texas limited liability company (the "Company"), hereby adopts the following Articles of Amendment to its Articles of Organization.

### ARTICLE ONE

The name of the Company is Certus HealthCare, L.L.C.

### ARTICLE TWO

The following amendments alter Articles 1, 2 and 5 of the original Articles of Organization and the full text of each provision is altered as follows:

"1.    The name of the Limited Liability Company shall be WELLCARE HEALTH PLANS OF TEXAS, L.L.C.

2.    The Limited Liability Company shall continue in perpetuity.

5.    The name of the registered agent and the address of the registered office of the Limited Liability Company shall be CT Corporation Systems, 811 Dallas Avenue, Suite 1500, Houston, Texas 77002."

### ARTICLE THREE

The foregoing amendments to the Articles of Organization were adopted by all members of the Limited Liability Company on December 17, 1999.

### ARTICLE FOUR

The amendments were approved in accordance with Section H of article 2.23 of the Texas Limited Liability Act or as otherwise provided in the Articles of Organization or regulations.

DATED:  January 12, 2000.

CERTUS HEALTHCARE, L.L.C.

By: _____
    Pedro Hernandez, Manager

## CAUSE NO. 2000-03-973-D

| | | |
|---|---|---|
| JOEL FLORES, Individually and On Behalf | * | IN THE DISTRICT COURT |
| of All Others Similarly Situated | * | |
| | * | |
| VS. | * | CAMERON COUNTY, TEXAS |
| | * | |
| CERTUS HEALTHCARE, L.L.C.; | * | |
| NOVOPHARM LIMITED; DAVID | * | |
| RODRIGUEZ; DR. ASHOK K. GUMBHIR; | * | |
| and NOVOPHARM HOLDINGS, INC. | * | 103rd JUDICIAL DISTRICT |

### NOTICE TO THE DISTRICT CLERK OF FILING
### OF NOTICE OF REMOVAL

TO:   HONORABLE AURORA DE LA GARZA
Cameron County District Clerk
Cameron County Courthouse
974 East Harrison
Brownsville, Texas 7850

You will please take notice that Defendant Novopharm Holdings, Inc. has filed in the United States District Court for the Southern District of Texas, Brownsville Division, a notice of removal of the cause styled: Joel Flores, Individually and on Behalf of All Others Similar Situated v. Certus Healthcare, L.L.C.; Novopharm Limited; David Rodriguez; Dr. Ashok K. Gumbhir; and Novopharm Holdings, Inc., originally filed in the 103rd Judicial District Court of Cameron County, Texas, Cause Number 2000-03-973-d, to the United States District Court for the Southern District of Texas, Brownsville Division, and that a true and correct copy of said Notice of Removal is being filed with the Clerk of the 103rd Judicial District Court to thereby effect a removal to said District Court of the United States, and that the State Court shall proceed no further, unless the cause is remanded.   A copy of said notice of removal is attached to this notice.

WITNESS the signature of Defendants, through their attorney, on this the 5th day of April, 2000.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____

      Norton A. Colvin, Jr.
Attorney-in-Charge
State Bar No. 04632100
Federal Admissions No. 1941
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
NOVOPHARM HOLDINGS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Notice to District Clerk of Filing of

Notice of Removal was served upon all counsel of record, to-wit:

Michael R. Cowen
Zavaletta & Cowen
603 East St. Charles Street
Brownsville, Texas 78520
Attorneys for Plaintiff

John Ventura
Anthony Carrabba
Law Offices of John Ventura, P.C.
7 North Park Plaza
Brownsville, Texas 78521
Attorneys for Plaintiff

Jeffrey D. Roerig
Roerig, Oliveira & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520
Attorneys for Defendants

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission

pursuant to the Federal Rules of Civil Procedure, on this the 5th day of April, 2000.

_____
Norton A. Colvin, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JOEL FLORES, Individually and On Behalf   *
of All Others Similarly Situated              *
                                            *
VS.                                        *      CIVIL ACTION NO. _____
                                            *
CERTUS HEALTHCARE, L.L.C.;        *
NOVOPHARM LIMITED; DAVID        *
RODRIGUEZ; DR. ASHOK K. GUMBHIR;  *
and NOVOPHARM HOLDINGS, INC.    *

### NOTICE TO THE PLAINTIFF OF FILING
### OF NOTICE OF REMOVAL

TO:    JOEL FLORES, Plaintiff, and his attorneys:

      Michael R. Cowen
      Zavaletta & Cowen
      603 East St. Charles Street
      Brownsville, Texas 78520

      John Ventura
      Anthony Carrabba
      Law Offices of John Ventura, P.C.
      7 North Park Plaza
      Brownsville, Texas 78521

PURSUANT to Title 28 U.S.C., Section 1446(d), as amended, you are hereby notified that on the 5th day of April, 2000, in the above styled and numbered cause (being Cause Number 2000-03-973-D in the 103rd Judicial District Court of Cameron County, Texas), NOVOPHARM HOLDINGS, INC. filed its Notice of Removal in the United States District Court for the Southern District of Texas, Brownsville Division. Copies of such Notice and other papers so filed are attached hereto.

      Respectfully submitted,

      RODRIGUEZ, COLVIN & CHANEY, L.L.P.

      By: _____
           Norton A. Colvin, Jr.
      Attorney in Charge
      State Bar No. 04632100

Federal Admissions No. 1941
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
NOVOPHARM HOLDINGS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Notice to Plaintiff of Filing of Notice of Removal was served upon all counsel of record, to-wit:

Jeffrey D. Roerig
Roerig, Oliveira & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520
Attorneys for Defendants Certus Healthcare, L.L.C., David
Rodriguez, and Dr. Ashok A. Gumbhir

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 5th day of April, 2000.

_____
Norton A. Colvin, Jr.