United States District Court
Southern District of Texas
FILED

APR 2 0 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOEL FLORES, Individually and On Behalf of All Others Similarly Situated | * * * | |
| VS. | * * | CIVIL ACTION NO. B-00-053 |
| CERTUS HEALTHCARE, L.L.C.; NOVOPHARM LIMITED; DAVID RODRIGUEZ; DR. ASHOK K. GUMBHIR; and NOVOPHARM HOLDINGS, INC. | * * * * | |

## DEFENDANT NOVOPHARM HOLDINGS, INC.'S ORIGINAL ANSWER AND JURY DEMAND

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW NOVOPHARM HOLDINGS, INC. Defendant in the above entitled and numbered cause, and files this its Original Answer and Jury Demand in response to Plaintiff's Original Petition, and would show the Court as follows:

### PLAINTIFF'S FAILURE TO STATE A CLAIM

1. Defendant states that Plaintiff's Original Petition fails to state a claim upon which relief can be granted against Defendant.

### ANSWER

2. The statements contained in Paragraph I of Plaintiff's Original Petition do not require either an admission or denial. However, to the extent that the statements make averments of fact or law, Defendant denies same.

3. Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 1.1 of Paragraph II of Plaintiff's Original Petition, and therefore, denies same.

4. Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 1.2 of Paragraph II of Plaintiff's Original Petition, and therefore, denies same.

5. Defendant admits that Novopharm Limited is a Canadian company as alleged in sub-paragraph 1.3 of Paragraph II of Plaintiff's Original Petition. Defendant denies all remaining allegations contained in sub-paragraph 1.3 of Plaintiff's Original Petition.

6. Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 1.4 of Paragraph II of Plaintiff's Original Petition, and therefore, denies same.

7. Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 1.5 of Paragraph II of Plaintiff's Original Petition, and therefore, denies same.

8. Defendant admits the allegations contained in sub-paragraph 1.6 of Paragraph II of Plaintiff's Original Petition.

9. Defendant admits that this Court has subject matter jurisdiction and that venue is proper in the Southern District of Texas. Defendant denies all remaining allegations contained in Paragraph III of Plaintiff's Original Petition.

10. Defendant admits that this is a putative class action as alleged in Paragraph IV of Plaintiff's Original Petition. Defendant denies all remaining allegations contained in Paragraph IV of Plaintiff's Original Petition.

11. Defendant admits that Certus Healthcare, L.L.C. is an HMO, which was formerly owned by David Rodriguez and Novopharm Holdings, Inc. Defendant denies all remaining allegations contained in Paragraph V of Plaintiff's Original Petition.

12. Defendant denies all allegations contained in Paragraph VI of Plaintiff's Original Petition.

13. Defendant denies all allegations contained in the second paragraph labeled "Paragraph VI" of Plaintiff's Original Petition.

14. Defendant denies all allegations contained in Paragraph VII of Plaintiff's Original Petition.

15. Defendant denies all allegations contained in Paragraph VIII of Plaintiff's Original Petition.

16. Defendant denies all allegations contained in Paragraph IX of Plaintiff's Original Petition.

17. Defendant denies all allegations contained in Paragraph X of Plaintiff's Original Petition.

18. Defendant denies all allegations contained in Paragraph XI of Plaintiff's Original Petition.

19. Defendant denies all allegations contained in Paragraph XII of Plaintiff's Original Petition.

20. Defendant denies that Plaintiff is entitled to a judgment, damages, costs, attorney's fees, or any other relief prayed for in the prayer of Plaintiff's Original Petition.

21. Defendant denies each and every allegation contained in Plaintiff's Original Petition not specifically admitted herein.

## AFFIRMATIVE DEFENSES

22. Defendant further affirmatively alleges that Plaintiff's claims are barred, in whole or in part, due to Plaintiff's contributory negligence, gross negligence, and recklessness in that they failed to exercise ordinary care, caution and prudence to avoid the incident which is the basis of this cause of action. Plaintiff's acts and omissions, whether taken together or separately, proximately caused the injuries and damages to Plaintiff which are alleged in Plaintiff's petition.

23. Defendant further affirmatively alleges that if Plaintiff was damaged as alleged, which is not admitted but is expressly denied, such damages were caused or contributed to, in whole or in part, by a party for whom Defendant is not responsible.

24. Defendant further affirmatively alleges that the damages in this case, if any, were proximately caused by the negligence, gross negligence, and recklessness of third

parties and any recovery should be barred or diminished under applicable provisions of law.

25. Defendant further affirmatively alleges that the act or omission of a person other than Defendant was the sole proximate cause of the Plaintiff's alleged injuries.

26. Defendant further affirmatively alleges that the acts or omissions of other third parties were the sole proximate cause or a new and independent cause of the incident and injuries complained of in this lawsuit.

27. Defendant states that if Plaintiff was damaged as alleged in Plaintiff's Original Petition, which Defendant specifically denies, the assumption of risk on the part of Plaintiff caused or contributed to Plaintiff's alleged damages, and therefore, any recovery by Plaintiff is barred.

28. Defendant states that if Plaintiff was damaged as alleged in Plaintiff's Original Petition, which Defendant specifically denies, the failure of Plaintiff to mitigate the damages, if any, caused or contributed to Plaintiff's alleged damages, and therefore, any recovery by such Plaintiff is barred or shall be reduced by an amount equal to the damages Plaintiff failed to mitigate.

29. Defendant affirmatively alleges that all or part of Plaintiff's claims and causes of action are barred by the applicable statute of limitations and/or the doctrine of laches.

301. Defendant states that if Plaintiff was damaged as alleged in Plaintiff's Original Petition, which Defendant specifically denies, the negligence, fault, or carelessness of others not named as parties caused or contributed to Plaintiff's alleged damages, and therefore, any recovery by Plaintiff against Defendant is barred or the trier of fact shall determine the percentages of responsibility attributable to all parties and/or others not named as parties.

31. Defendant states that if Plaintiff was damaged as alleged in Plaintiff's Original Petition, which Defendant specifically denies, Defendant complied with all

applicable statutes, codes, and regulations relating to the conduct referred to in Plaintiff's Original Petition, and therefore, this action is preempted and any recovery by Plaintiff is barred.

32. Defendant further affirmatively alleges that Plaintiff Joel Flores' claims are barred, in whole or in part, because he was ineligible for the benefits he sought.

33. Defendant further affirmatively alleges that it has no vicarious liability for the alleged misfeasance and malfeasance of Defendant Certus for the reason that it was merely a member of Certus.

34. Defendant further affirmatively alleges that it has no vicarious liability for the alleged undercapitalization of Defendant Certus for the reason that it was merely a member of Certus.

35. Defendant states that if Plaintiff was damaged as alleged in Plaintiff's Original Petition, which Defendant specifically denies, any assessment of punitive or exemplary damages is not permitted by applicable law and/or violates this Defendant's constitutional rights under Article I, Section 9, and the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution for the reason that the assessment of punitive or exemplary damages denies Defendant its right to substantive and procedural due process; the assessment of punitive or exemplary damages is penal in nature and tantamount to the imposition of an excessive and criminal fine without according Defendant the same rights required for the imposition of a criminal fine; the guidelines, standards, and/or instructions for the imposition of punitive or exemplary damages are vague, indefinite, uncertain, and set no limit on the damages which can be awarded; the assessment of punitive or exemplary damages exposes Defendant to multiple punishments and fines for the same act; the assessment of punitive or exemplary damages discriminates on the basis of wealth in that different amounts can be awarded against different defendants for the same act depending solely upon the material wealth

of the various defendants; and the assessment of punitive or exemplary damages constitutes an impermissible burden on interstate commerce.

36. Defendant further affirmatively denies that it is liable for exemplary damages and pleads affirmatively that the provisions of Chapter 41, of the Texas Civil Practices & Remedies Code, including the provisions on applicability, standards for recovery, preclusions, prejudgment interest, and limitations on amount.

37. Defendant further affirmatively states that an award of punitive damages in this case would violate the procedural due process guaranteed by the Constitution of the United States. Texas Law, and the instructions given to the jury, are vague and standardless as to whether and how much to punish a defendant, and are likely to produce arbitrary and capricious results. Therefore, any award of punitive damages should be disallowed, or declared null and void.

386. Defendant further affirmatively alleges that Plaintiff is not entitled to exemplary or punitive damages as alleged, for the reason that exemplary damages are unconstitutional and violative of the provisions of the United States Constitution and the Texas Constitution, including but not limited to the following provisions:

(a) <u>Proscription on excessive fines</u>. U. S. Constitution Amendment 8; Texas Constitution Article I, Section 13.

(b) <u>Requirements of Due Process</u>. U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 13 and 19.

(c) <u>Requirement of Equal Protection Under the Law</u>. U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 3 and 3a.

(d) <u>Proscription on Ex Post Facto and Retroactive Law</u>. U. S. Constitution Article I, Section 10; Texas Constitution Article I, Section 16.

(e) Such punitive damages are penal in nature. Under Texas law, they are not tied to any fair, just, and reasonable relation to actual damages. Consequently, exemplary damages violate the contract clause of the U. S. Constitution, U. S. Constitution Article I, Section 10.

39.   Defendant reserves the right to raise such additional defenses as may become available through investigation and discovery.

## JURY DEMAND

40.   Defendant hereby requests a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by this suit, and that Defendant be awarded its costs, and have such other and further relief, general and specific, at law or in equity, to which it may show itself justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
Norton A. Colvin, Jr.
Attorney-in-Charge
State Bar No. 04632100
Federal Admissions No. 1941
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

OF COUNSEL:
John R. Wallace
Paul P. Creech
Wallace, Creech & Sarda, L.L.P.
Post Office Box 12085
Raleigh, North Carolina 27605
(919) 782-9322
(919) 782-8113 - Fax

ATTORNEYS FOR DEFENDANT,
NOVOPHARM HOLDINGS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant Novopharm Holdings, Inc.'s Original Answer and Jury Demand was served upon all counsel of record, to-wit:

> Michael R. Cowen
> Zavaletta & Cowen
> 603 East St. Charles Street
> Brownsville, Texas 78520
> Attorneys for Plaintiff
>
> John Ventura
> Anthony Carrabba
> Law Offices of John Ventura, P.C.
> 7 North Park Plaza
> Brownsville, Texas 78521
> Attorneys for Plaintiff
>
> Jeffrey D. Roerig
> Roerig, Oliveira & Fisher, L.L.P.
> 855 West Price Road, Suite 9
> Brownsville, Texas 78520
> Attorneys for Defendants Certus Healthcare, L.L.C., David Rodriguez, and Dr. Ashok K. Gumbhir

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 20th day of April, 2000.

_____
Norton A. Colvin, Jr.