

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JOEL FLORES, Individually and on § | |
| Behalf of All Others Similarly Situated § | |
| § | CIV. ACTION NO. B-00-53 |
| V. § | |
| § | |
| CERTUS HEALTHCARE, L.L.C., § | |
| NOVOPHARM LIMITED, DAVID § | CLASS ACTION |
| RODRIGUEZ, DR. ASHOK K. GUMBHIR, § | |
| and NOVOPHARM HOLDINGS, INC. § | |

## PLAINTIFF'S MOTION TO REMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Joel Flores, Individually and on Behalf of All Others Similarly Situated, and files this his Plaintiff's Motion to Remand. In support of his motion, Plaintiff would show unto the Honorable Court as follows:

### I.

### PRELIMINARY STATEMENT

The Court should remand this case because none of the causes of action alleged by Plaintiff or the putative class are preempted by ERISA. Defendants removed this case based on a claim of ERISA preemption. However, Plaintiff has carefully crafted his class action complaint to ensure that he did not plead any ERISA-preempted causes of action.

### II.

### FACTUAL BACKGROUND

This is a putative class action case in which Plaintiff seeks to certify a class of members/policyholder of Certus Healthcare, L.L.C., an HMO. Because some HMO members receive their insurance through their employers, some class members may be members of an ERISA plan as well. To avoid ERISA

preemption, Plaintiff drafted his Plaintiff's Original Petition to segregate the class into two subclasses; (1) all class members whose HMO membership is through an ERISA plan (the "ERISA Plan Subclass"); and (2) all class members who do not have HMO membership through an ERISA plan (the "Non-ERISA Subclass").

Although one of the subclasses is called the ERISA Plan Subclass, that subclass does not plead any causes of action under ERISA, nor does it plead any state law causes of action that would be preempted by ERISA.[1] The only cause of action pled by the ERISA Plan Subclass is civil RICO, which is not preempted by ERISA.

Defendant Novopharm Holdings, Inc. removed this case on the ground that this Court has jurisdiction under ERISA; specifically, under 29 U.S.C. § 1132(e)(1). The other defendants consented to the removal. Plaintiff now moves to remand because he has not pled any causes of action that would create federal jurisdiction under 29 U.S.C. § 1132(e)(1).

### III.

### ARGUMENT AND AUTHORITIES

Defendants' removal was based upon 29 U.S.C. § 1132(e)(1), which provides for exclusive federal jurisdiction in ERISA cases. Specifically, Section 1132(e)(1) provides, "the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter [i.e., ERISA] brought by . . . a participant, beneficiary, fiduciary. . . ." However, Plaintiff has not pled any actions under ERISA (the "this subchapter" to which Section 1132(e)(1) refers).

Therefore, Section 1132(e)(1) is inapplicable, and this case should be remanded to state court.

First, the causes of action alleged by the Non-ERISA Subclass cannot create jurisdiction under 29 U.S.C. § 1132(e)(1) because that subclass does not contain any ERISA plan members. Therefore, Defendants' claim of federal jurisdiction under Section 1132(e)(1) must arise from the civil RICO claim alleged by the "ERISA Plan Subclass."

Civil RICO claims[2] are brought under 18 U.S.C. § 1964. They are not brought under the same title, much less the same subdivision as 29 U.S.C. § 1132(e)(1). Further, civil RICO claims are not preempted by ERISA because they arise under federal law. 29 U.S.C. § 1144(d); *cf. Murphy v. Heppenstall Co.*, 635 F.2d 233 (3d Cir. 1980), *cert. denied*, 454 U.S. 1142 (1982) (NLRA not preempted by ERISA).

Defendants' only other argument may be that, by naming one subclass the "ERISA Plan Subclass," Plaintiff invoked causes of action under ERISA. However, such an argument is without merit. Plaintiff identified those class members who are participants in ERISA plans to ensure that no causes of action under or preempted by ERISA were alleged on their behalf. Therefore, the Court should recognize the obvious, the name "ERISA Plan Subclass" is merely a label; it does not constitute the pleading of a cause of action, and is insufficient to create federal question jurisdiction.

---

[1] The only cause of action alleged by the ERISA Plan Subclass—Civil RICO—is set out in Paragraph VI of Plaintiff's Original Petition. The other causes of action set out in Plaintiff's Original Petition are explicitly pled "on behalf of the Non-ERISA Subclass only."

[2] State courts have concurrent jurisdiction over civil RICO claims. *Tafflin v. Levitt*, 110 S. Ct. 792 (1990).

In conclusion, this case simply has nothing to do with either ERISA or causes of action preempted by ERISA. Therefore, 29 U.S.C. § 1132(e)(1) is inapplicable, and the Court should remand this case to state court.

Respectfully Submitted,

ZAVALETTA & COWEN
603 E. St. Charles Street
Brownsville, Texas 78520
(956) 546-5567
(956) 541-2205 (FAX)

_____
Michael R. Cowen, P.C.
Federal ID No. 19967
State Bar No. 00795306

John Ventura, P.C.
State Bar No. 20545700
Anthony Carrabba
State Bar No. 00793471
LAW OFFICES OF JOHN
VENTURA, P.C.
7 North Park Plaza
Brownsville, Texas 78521
(956) 546-9398
(956) 542-1478 (FAX)

ClibPDF - www.fastio.com

## CERTIFICATE OF SERVICE

I, Michael R. Cowen, hereby certify that on this the 5th day of May, 2000, I delivered a copy of the above and foregoing Plaintiff's Motion to Remand to all counsel of record by certified mail, return receipt requested.

Norton A. Colvin, Jr.
Rodriguez, Colvin & Chaney, L.L.P.
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522

Jeffrey D. Roerig
Roerig, Oliveira & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520

_____
Michael R. Cowen, P.C.