/5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 2 5 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOEL FLORES, Individually and On Behalf of All Others Similarly Situated | * * * | |
| VS. | * * | CIVIL ACTION NO. B-00-053 |
| CERTUS HEALTHCARE, L.L.C.; NOVOPHARM LIMITED; DAVID RODRIGUEZ; DR. ASHOK K. GUMBHIR; and NOVOPHARM HOLDINGS, INC. | * * * * | |

**DEFENDANT NOVOPHARM HOLDINGS, INC.'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW NOVOPHARM HOLDINGS, INC., Defendant herein, and files this its Response in Opposition to Plaintiff's Motion to Remand, and in support thereof would show the Court as follows:

**BACKGROUND**

On March 1, 2000 Plaintiff Joel Flores filed this purported class action on behalf of himself and "all others similarly situated" in the 103rd Judicial District Court of Cameron County, Texas against Certus Healthcare, L.L.C., Novopharm Limited, David Rodriguez, Dr. Ashok K. Gumbhir, and Novopharm Holdings, Inc. The purported class consists of "all policyholders, beneficiaries and members of any health insurance plan or HMO from Certus Healthcare, L.L.C. from January 1, 1998 to the present." Plaintiff has attempted to further break down the class into two sub-classes: (1) the ERISA plan sub-class, which consists of all class members whose policy or plan with Certus constitutes an ERISA plan, and (2) the non-ERISA sub-class, which consists of all class members whose policy or plan with Certus does not constitute an ERISA plan. Plaintiff contends that the health insurance which the purported class members purchased from Defendant Certus did not provide the benefits promised by Certus. Plaintiff also claims that certain

health care providers refused to accept Certus insurance because Certus was slow in paying or failed to pay.

Plaintiff alleges a cause of action for both sub-classes for civil RICO, and also alleges causes of action for the non-ERISA sub-class only for breach of contract, violations of the Texas Deceptive Trade Practices Act, violations of Article 21.21 and bad faith, fraud, negligence, and grossly negligent misrepresentation. Plaintiff seeks to represent ERISA plan members, but does not intend to assert in their behalf, all claims and causes of action that have been asserted in behalf of the other class members. In effect, this lawsuit is an attempt by Plaintiff to adjudicate all rights of the ERISA plan members by asserting a RICO claim, which will then have a res judicata effect on all other claims and causes of action of the ERISA plan members even though Plaintiff failed to assert those claims.

Defendants filed a Notice of Removal on April 5, 2000, on the basis of federal question jurisdiction under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1132(e)(1). Plaintiff thereafter filed a Motion to Remand on May 5, 2000, requesting that this Court remand the case to state court on the basis that Plaintiff had "carefully crafted" his petition in an attempt to omit any ERISA causes of action. Defendant would show that, despite Plaintiff's carefully worded complaint, he has nonetheless included a separate and independent claim that is "related to" a welfare benefit plan within the coverage of ERISA, 29 U.S.C. §1001, *et seq.*, and therefore, this Court has jurisdiction.

## ARGUMENT AND AUTHORITIES

Under ERISA, an employee welfare benefit plan is defined as "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants

. . . through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits. . . ." 29 U.S.C. §1002(1).

An "employer means any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan. . . ." 29 U.S.C. §1002(5). A "person" includes individuals and partnerships. 29 U.S.C. §1002(9). A "participant" is defined as an employee (an "individual" employed by an employer) who is or may become eligible for a benefit under the plan. 29 U.S.C. §1002(6) and (7). A "beneficiary" is one designated by the participant or the terms of the plan as one who is entitled to benefits under the plan. 29 U.S.C. §1002(8). At least a portion of the medical care plans on which Plaintiff premises his class action claims are ERISA plans, which is the basis for Plaintiff's having a sub-class of ERISA plan members.

Plaintiff asserts that Certus failed to provide benefits under the plans, failed to timely pay claims, and was financially unable to pay for beneficiaries' covered medical treatment, causing health care providers to refuse to accept Certus insurance. Plaintiff's petition further asserts that these alleged actions violated the Texas Deceptive Trade Practices Act, violated Article 21.21, violated civil RICO statutes, and constituted breach of contract, bad faith, fraud, negligence, and grossly negligent misrepresentation.

I.   PLAINTIFF'S CLAIMS IN BEHALF OF THE ERISA SUBCLASS VEST THIS COURT WITH EXCLUSIVE JURISDICTION OVER SUCH CLAIMS AND THUS REMAND IS INAPPROPRIATE.

The Plaintiff in his first cause of action explicitly asserts claims to benefits arising from an ERISA plan. The assertion of these claims necessarily establishes this Court as the exclusive forum for the resolution of these claims.

Congress in the adoption of 29 U.S.C. §1132(e) expressed its intention to vest exclusive jurisdiction with respect to such claims in the federal district courts. Thus, for a proper adjudication of the rights of ERISA plan members, this Court must retain jurisdiction over this matter. Whether Plaintiff's ERISA plan members were wrongfully

denied benefits which should have been afforded them under their ERISA plans, and whether such denials of benefits entitles such ERISA plan members to recover damages is a federal question, properly and exclusively within the jurisdiction of this Court. *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 63 107 S.Ct. 1542 (1987). *See also, Hemphill v. Unisys Corporation*, 855 F.Supp. 1225 (D. Utah 1994).

II.    ERISA'S PREEMPTIVE SCOPE ENCOMPASSES PLAINTIFF'S CLAIMS.

Because Plaintiff's pleading asserts matters related to Certus' ERISA plans, the state law claims are preempted. *See Shaw v. Delta Airlines, Inc.*, 463 U.S. 85 (1983) ("relate to" should be given its broad, common sense meaning; a claim is preempted if it has connection or involvement with the ERISA plan); *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 111 S.Ct. 478, 483-84 (1990) (when "claim was based upon the existence of [an ERISA] . . . plan," and plan was "a critical factor in establishing liability under the State's . . . law," claim was preempted even though plaintiff did not seek recovery under ERISA).

Here, it is clear beyond dispute that Plaintiff's claims for wrongful denial of benefits for the ERISA plan sub-class "relates to" Certus' ERISA plans. Absent the plans, there would be no claim. *See, e.g., McClendon, supra*, 111 S.Ct. at 483-84. The Supreme Court in *McClendon* emphasized that the failure of one to seek recovery under the plan does not eliminate or avoid preemption when the plan is at the core of a plaintiff's claim of wrongdoing. 111 S.Ct. at 482-84.

Plaintiff has asserted in his Motion to Remand that he did not intend to plead ERISA claims for the ERISA plan sub-class, other than a civil RICO claim. However, it is the existence of a sub-class comprised of ERISA plan members, whose rights will be adjudicated by the Court, which determines whether this Court has jurisdiction of the claims. Plaintiff has alleged wrongful conduct in conjunction with the handling of the ERISA plan members. Even though Plaintiff has attempted to limit the claims for that

sub-class, the issues are still governed by ERISA. *See Corcoran v. United Health Care, Inc.*, 965 F.2d 1321 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 812 (1992) (tort action against ERISA plan advisor for wrongful death preempted by ERISA); *Hermann Hospital v. MEBA Medical & Benefits Plan*, 845 F.2d 1286 (5th Cir. 1988) (ERISA preempts common law negligence claim).

In *Hogan v. Kraft Foods*, 969 F.2d 142 (5th Cir. 1992), the Fifth Circuit Court of Appeals reiterated that when, as in the present case, claims are based on action (termination) or inaction (improper processing and refusal to pay) in connection with the ERISA plan, ERISA preempts state law. Any right of recovery falls within ERISA's scope and presents federal law questions. *See e.g., Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549 (1987); *Brock v. Primedica, Inc.*, 904 F.2d 295 (5th Cir. 1990); *In re Life Ins. Co. of North Am.*, 857 F.2d 1190 (8th Cir. 1988) (tort claim for alleged vexatious refusal to pay benefits preempted; mandamus granted to reverse remand).

As the United States Supreme Court held in *District of Columbia v. Greater Washington Bd. Of Trade*, 113 S.Ct. 580 (1992), if the state law requires reference to the ERISA plan, that "alone" establishes that the state law claim is preempted.

III.   THE WELL-PLEADED COMPLAINT RULE AND ARTFUL PLEADING DOCTRINE ESTABLISH FEDERAL JURISDICTION.

By his own admission in his Motion to Remand, Plaintiff's Original Petition "was carefully crafted" to not plead ERISA preempted causes of action. However, the well-pleaded complaint rule and artful pleading doctrine clearly establish federal jurisdiction despite Plaintiff's meticulous efforts to avoid ERISA preemption.

Typically, a cause of action arises under federal law only if the plaintiff's "well-pleaded" complaint raises issues of federal law. However, Congress may completely preempt a particular area so that any complaint arising out of this area is necessarily

federal in nature. This complete preemption has in fact occurred with ERISA. *Metropolitan Life Insurance Company v. Taylor, supra.*

A corollary to the well-pleaded complaint rule is the "artful pleading doctrine", which provides that a plaintiff may not avoid federal jurisdiction by "artful pleading", crafting a complaint which omits allegations of federal law in his complaint essential to his claims. *Flowerette v. Heartland Healthcare Center*, 903 F.Supp. 1042 (N.D.Tex. 1995, no writ).

This issue was addressed by the United States Supreme Court in back-to-back cases in 1987. In both *Metropolitan Life Insurance Company, supra*, and *Pilot Life Insurance Company, supra*, the Supreme Court made clear that "the policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." The Court held that even though the plaintiff's complaints purported to raise only state law claims, the lawsuit was within the scope of ERISA, and therefore, "necessarily federal in character by virtue of the clearly manifested intent of Congress." *Metropolitan Life Insurance Company.* at 67.

In *Anderson v. Humana, Inc.*, 24 F.3d 889 (7th Cir. 1994, no writ), the appellate court was faced with a situation similar to the instant case. The plaintiff filed a class action lawsuit against an HMO and its sponsor alleging fraud, violations of the state's deceptive business act and state common law in not providing sufficient information to allow consumers to make an informed decision about electing an HMO over some other provider. The plaintiff attempted to plead the cause of action to avoid ERISA preemption by claiming only state causes of action. The Court stated that "artful pleading of a claim nominally under state law cannot prevent removal", holding that the plaintiff's claim was both preempted and properly removed to federal court. *Id.*, at 891.

In this case, Plaintiff has clearly attempted to manipulate his petition to avoid federal jurisdiction. He does this by dividing his purported "class" into two sub-classes, and then fails to assert the majority of the causes of action for the ERISA sub-class that he asserts for the non-ERISA sub-class. Plaintiff claims in his Motion to Remand that the name "ERISA Plan Sub-class is merely a label"; however, the fact is that he is seeking relief for ERISA plan members who allegedly did not receive the benefits promised by Certus. Although Plaintiff has tried to limit himself to state claims, he cannot avoid the fact that at least a portion of his claims relate to plans regulated by ERISA.

To allow Plaintiff to manipulate the judicial system and circumvent Congress' clear intent to completely preempt claims arising out of an ERISA regulated plan by "artful pleading" would cause federal preemption to be an empty doctrine.

## CONCLUSION

For the foregoing reasons, Defendant Novopharm Holdings, Inc. requests that the Court deny Plaintiff's Motion to Remand, and for such other and further relief to which Defendant may show itself justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _Norton A. Colvin_

Norton A. Colvin, Jr. w/ permission
McBctoll
State Bar No. 04632100
Federal No. 1941
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
Ph:    (956) 542-7441
Fax:   (956) 541-2170

John R. Wallace
Paul P. Creech
Wallace, Creech & Sarda, L.L.P.
Post Office Box 12085
Raleigh, North Carolina 27605
Ph:   (919) 782-9322
Fax:   (919) 782-8113

ATTORNEYS FOR DEFENDANT,
NOVOPHARM HOLDINGS, INC.


CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant Novopharm Holdings, Inc.'s Response in Opposition to Plaintiff's Motion to Remand was served upon all counsel of record, to-wit:

Michael R. Cowen
Zavaletta & Cowen
603 East St. Charles Street
Brownsville, Texas 78520
Attorneys for Plaintiff

John Ventura
Anthony Carrabba
Law Offices of John Ventura, P.C.
7 North Park Plaza
Brownsville, Texas 78521
Attorneys for Plaintiff

Jeffrey D. Roerig
Roerig, Oliveira & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520
Attorneys for Defendants Certus Healthcare, L.L.C., David Rodriguez, and Dr. Ashok K. Gumbhir

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 25th day of May, 2000.

_____
Norton A. Colvin, Jr.