31

**IN THE UNITED STATED DISTRICT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

OCT 1 1 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| **JOEL FLORES, INDIVIDUALLY AND** | § | |
| **ON BEHALF OF ALL OTHERS** | § | |
| **SIMILARLY SITUATED** | § | |
| | § | |
| **VS.** | § | **C.A. NO. B-00-53** |
| | § | |
| **CERTUS HEALTHCARE, L.L.C.** | § | |
| **NOVOPHARM LIMITED, DAVID** | § | |
| **RODRIGUEZ, DR. ASHOK K. GUMBHIR** | § | |
| **NOVOPHARM HOLDINGS, INC.** | § | |

**JOINT REPORT OF RULE 26(f) MEETING**
**AND**
**JOINT DISCOVERY AND CASE MANAGEMENT PLAN**

1.    State when and where the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

     The meeting of the parties required by Rule 26(f) was held May 9, 2000, via telephone and was attended by Michael Cowen of Zavaletta & Cowen, and John Ventura of Law Offices of John Ventura, Attorneys for Plaintiff; Norton A. Colvin, Jr., of Rodriguez, Colvin & Chaney, L.L.P., Attorneys for Defendant, Novopharm Holdings, Inc; and Jeffrey D. Roerig of Roerig, Oliveira & Fisher, L.L.P., Attorneys for Defendants, Certus Healthcare, L.L.C., David Rodriguez and Dr. Ashok K. Gumbhir.

2.    List the cases related to this one that are pending in any state or federal court, with the case number and court.

     The parties are not aware of any pending cases related to this one.

3.    Briefly describe what this case is about.

     This is a putative class action brought on behalf of Certus members.  The Plaintiffs allege that, due to misrepresentations and non-disclosures regarding Certus' financial condition and regarding Certus' alleged failure to pay claims, their policies were worth less than what was paid for them..  Plaintiff's Original Petition sets out two sub-classes; the ERISA plan sub-class and the non-ERISA plan sub-class.  Plaintiff seeks to recover damages allegedly sustained by the two sub-classes incurred because of Defendants' alleged misrepresentations, non-disclosures and failure to timely pay claims.  Plaintiff has alleged causes of action for civil RICO, breach of contract, violations of Texas Deceptive

rom/motions/21842.report

Trade Practices Act, violations of Article 21.21 and bad faith, fraud, negligence, and grossly negligent misrepresentation.

4.      Specify the allegation of federal jurisdiction.

Defendants contend that this Court has federal question jurisdiction pursuant to 29 U.S.C. §1132(e)(1), which states that "the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by. . . a participant, beneficiary, fiduciary. . ." Because this cause of action involves a purported class action containing a sub-class of ERISA plan beneficiaries and participants, federal jurisdiction is proper pursuant to the provisions of 29 U.S.C. §1132(e)(1), as this is a civil action where this Court has original jurisdiction and is founded on claims arising under the Constitution and the laws of the United States.

5.      Name the parties who disagree and the reasons.

Plaintiff disputed this Court's jurisdiction and filed a motion to remand which was denied.

6.      List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

Plaintiff may seek leave to add Total Choice Health Plans as a Defendant.

7.      List anticipated interventions.

Plaintiff anticipates that additional class representatives may intervene.

8.      Describe class-action issues.

Plaintiff is seeking to have this case certified as a class action. Defendants will oppose class certifications for various reasons, including alleged lack of similarity of claims, lack of typicality of claims and lock of numerosity of claimants.

9.      State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

The parties have agreed to conduct discovery without initial disclosures.

10.     Describe the proposed agreed discovery plan, including:

The parties agree to conduct discovery on the class certification issue and issues relating to Novopharm's vicarious liability first, and then to conduct merits discovery after a determination is made on class certification.

rom/motions/21842.report

11.     If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

        N/A

12.     Specify the discovery beyond initial disclosures that has been undertaken to date.

        Plaintiff has propounded interrogatories, requests for production and requests for admission to the Defendants.  The Defendants have answered some of these discovery requests.

13.     State the date the planned discovery can reasonably be completed.

        Discovery regarding Defendant, Novopharm Limited's Motion for summary judgment will be completed by October 27, 2000.  Discovery regarding issues relative to class certification shall be completed by December 15, 2000

14.     Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

        The parties have discussed mediating this case after adequate discovery has been conducted.

15.     Describe what each party has done or agreed to do to bring about a prompt resolution.

        The parties have discussed mediating this case after adequate discovery has been concluded.

16.     From the attorneys' discussions with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

        The parties have discussed mediating this case after adequate discovery has been conducted and the issue of class certification has been determined by the Court.

17.     Magistrate judges may now hear jury and non-jury trials.   Indicate the parties' joint position on a trial before a magistrate judge.

        The parties have agreed to proceed before Magistrate John Wm. Black.

18.     State whether a jury demand has been made and if it was made on time.

        A jury has been timely demanded.

rom/motions/21842.report

19.    Specify the number of hours it will take to present the evidence in this case.

The parties estimate that it will take 120 Hours.  However, the parties may adjust this estimate after complete of discovery.

20.    List pending motions that could be ruled on at the initial pretrial and scheduling conference.

21.    List other motions pending.

Novopharm Holdings, Inc.'s Motion for Summary Judgment.

22.    Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

Discovery will be limited to the pending motion for summary judgment and class certification until further agreement or court order.

23.    Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing of original and any amendments.

All parties have filed Disclosures of Interested Parties.

24.    List the names, bar numbers, addresses and telephone numbers of all counsel.

ATTORNEYS FOR PLAINTIFF

Michael R. Cowen
State Bar No. 00795306
Federal I.D. No. 19967
MICHAEL R. COWEN, P.C.
765 E. 7th Street, Suite A
Brownsville, TX   78520
(956) 541-4981
(956) 504-3674 (Fax)

John Ventura
State Bar No. 20545700
Federal I.D. No.
LAW OFFICES OF JOHN VENTURA, P.C.
7 North Park Plaza
Brownsville, TX   78521
(956) 546-9398
(956) 542-1478 (Fax)

rom/motions/21842.report

ATTORNEYS FOR DEFENDANT, NOVOPHARM HOLDINGS, INC.

Norton A. Colvin, Jr.
State Bar No. 04632100
Federal I.D. No. 1944
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
P. O. Box 2155
Brownsville, TX   78522
(956) 542-7441
(956) 541-2170 (Fax)

John R. Wallace
John P. Creech
WALLACE, CREECH & SARDA, L.L.P.
P. O. Box 12085
Raleigh, NC   27605
(919) 782-9322
(919) 782-8113 (Fax)

ATTORNEYS FOR DEFENDANTS CERTUS HEALTHCARE, L.L.C, DAVID RODRIGUEZ, AND DR. ASHOK K. GUMBHIR:

Jeffrey D. Roerig
Texas State Bar No. 17161700
Federal I.D. No. 1503
ROERIG, OLIVEIRA & FISHER, L.L.P.
855 W. Price Road, Suite 9
Brownsville, Texas   78520
(956) 542-5666
(956) 542-0016 (Fax)

rom/motions/21842.report

Respectfully Submitted,

**MICHAEL R. COWEN, P.C.**
765 E. 7th Street, Suite A
Brownsville, TX   78520
(956) 541-4981
(956) 504-3674 (Fax)

By:_____
Michael R. Cowen
State Bar No. 00795306
Federal ID No. 19967

John Ventura
State Bar No. 20545700
Federal I.D. No.
**LAW OFFICES OF JOHN VENTURA, P.C.**
7 North Park Plaza
Brownsville, TX   78521
(956) 546-9398
(956) 542-1478 (Fax)

ATTORNEYS FOR PLAINTIFF

**ROERIG, OLIVEIRA & FISHER, L.L.P.**
855 W. Price Road, Suite 9
Brownsville, Texas 78520
TEL/ (956) 542-5666
FAX/ (956) 542-0016

By:_____
JEFFREY D. ROERIG
State Bar # 17161700
Federal I.D. No. 1503
ATTORNEY FOR DEFENDANTS, CERTUS HEALTHCARE, L.L.C.,
DAVID RODRIGUEZ AND DR. ASHOK K. GUMBHIR

*rom/motions/21842.report*

ClibPDF - www.fastio.com

**RODRIGUEZ, COLVIN & CHANEY, L.L.P.**
1201 E. Van Buren Street
Brownsville, Texas 78520
TEL/(956) 542-7441
FAX/(956) 541-2170

By: _____
Norton A. Colvin, Jr.
State Bar # 04632100
Federal I.D. No. 1941

John R. Wallace
Paul P. Creech
**WALLACE, CREECH & SARDA, L.L.P.**
P. O. Box 12085
Raleigh, NC   27605
TEL/(919) 782-9322
FAX/(919) 782-8113

ATTORNEYS FOR DEFENDANT, NOVOPHARM HOLDINGS, INC.

rom/motions/21842.report