United States District Court
Southern District of Texas
FILED

OCT 2 4 2000

Michael N. Milby
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOEL FLORES, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | § § § § | CIVIL ACTION NO. B-00-53 |
| vs. | § § | |
| CERTUS HEALTHCARE, L.L.C. NOVOPHARM LIMITED, DAVID RODRIGUEZ, DR. ASHOK K. GUMBHIR, NOVOPHARM HOLDINGS, INC. | § § § § § § | CLASS ACTION |

## PLAINTIFF'S FIRST MOTION TO COMPEL DISCOVERY FROM DEFENDANT CERTUS HEALTHCARE, L.L.C.

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, JOEL FLORES, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, files this his Plaintiff's Motion to Compel Discovery from Defendant Certus HealthCare, L.L.C. In support of this motion would respectfully show as follows:

## I.

## BACKGROUND

On July 10, 2000, Plaintiff sent Requests for Admissions, Interrogatories, and Requests for Production to Defendant Certus HealthCare, L.L.C. ("Certus" hereinafter). Counsel for Defendant Certus requested an extension of date on which the discovery responses were due. Plaintiff's counsel agreed to the request. (Exhibit A). Defendant Certus responded to the discovery within the time provided; however, Certus did not fully comply with the discovery requests. Rather, it lodged numerous objections and refused to provide the requested information and documents. (*See* Exhibits B, C, and D).

---

**PLAINTIFF'S FIRST MOTION TO COMPEL**

Plaintiff's counsel attempted to resolve this dispute prior to filing this motion. On September 15, 2000, Plaintiff's counsel wrote a detailed letter to Certus' counsel attempting to resolve the discovery issues. (Exhibit E). However, Certus' counsel did not respond to the letter. As a result, Plaintiff's counsel has been forced to file this motion.

Plaintiff also propounded a second set of Requests for Production to Certus. Prior to answering the requests, Certus' counsel sent a letter to Plaintiff's counsel regarding these requests, stating that Certus would not comply with them unless Plaintiff agreed: (1) to treat them as Interrogatories; and (2) not to send any further interrogatories. (A copy of that letter is attached as Exhibit F). Plaintiff's counsel sent a letter in response, demanding that Certus either fully respond to the requests or provide the requested information in another form. (A copy of that letter is attached as Exhibit G). However, when Certus filed its response to the Second Requests for Production, it objected to the responses and produced no documents. (Exhibit H).

## II.

## CERTUS' RESPONSES TO PLAINTIFFS' REQUESTS FOR ADMISSIONS

### A.    Requests Relating to Numerousity
### (Requests for Admission Nos. 1, 2 & 30)

In its answers to Requests for Admissions Numbers 1, 2, and 30, Certus denied that the putative class meets the numerousity requirement for class certification, and denied that it contains more than 20,000 members. In denying these requests for admission, Certus used a different class definition than the one set out by Plaintiff in the Plaintiff's Original Petition.

Plaintiff's Original Petition defines the putative Class as follows:

> All policyholders, beneficiaries and members of any health insurance plan or HMO from Certus Healthcare, L.L.C. from January 1, 1998 to the present.

The putative Class is not limited to those members who were unable to receive covered treatment or health care. Given that the affidavit of Peter Hernandez, filed by Certus with this Court in connection with opposition to Plaintiff's Motion to Remand, indicates that Certus had well over 20,000 members during the class period, it appears that the putative Class does, in fact, have over 20,000 members. Plaintiff requests that the Court compel Certus to answer the request for admission using the class definition set out in the Plaitniff's Original Petition, rather than some other definition Certus wishes to apply.

### III.

### CERTUS' RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

### A.   Interrogatory Number 1

In Interrogatory Number 1, Plaintiff sought information relevant to defining the putative Class and ensuring that a plan to give notice to the putative ERISA Subclass could be formulated. This information is necessary so that Plaintiff can show that it is feasible to segregate the ERISA Subclass from the Non-ERISA Subclass. Certus had several concerns about giving me the requested information, and therefore did not provide it. Plaintiff offered to take measures to address these concerns, but Certus still refused to answer the Interrogatory.

First, Certus objected to providing any information on policies that were sold outside of the Class period, January 1, 1998 to the present. While there is no need for Certis to provide information relating to people who are not members of

the putative Class, limiting the response to policies <u>sold</u> during the Class period will not provide Plaintiff with information on every member of the putative Class. Some Class members purchased policies prior to January 1, 1998, and continued to pay premiums into 1998. Plaintiff proposed to limit the scope of your response to persons or groups who were members or insureds or Certus during the Class period (i.e., from January 1, 1998 to the present). However, Defendant still refused to provide the documents.

Second, Certus contended that "Defendant Certus has already provided to the Plaintiff all of the names under which its members applied and received policies." Plaintiff assumed that this objection referred to the attachments to the affidavit of Peter Hernandez, which was submitted to the Court in connection with your opposition to my motion to remand. Plaintiff's counsel requested that if the assumption was correct, Certus confirm it in writing so that Plaintiff could represent to the Court at the class certification hearing that those documents represent all of the members of the putative Class.

Further, even if Certus already provided the identity of each purchaser of a group or individual plan, it has not fully identified all putative Class members because it has not identified the persons who were enrolled as part of a group plan. Such information is necessary to develop a plan to give notice to the Class.

In subpart *a* of Interrogatory No. 1, Plaintiff asked for "The name of the employer or employee organization that established or maintained the Plan." Certus objected on the ground that "Certus was never required to establish whether the name of the employer or the employer organization used to obtain its health benefit plan was the same name that the employer or the employer organization used for any other benefit provided by the plan." In Plaintiff

counsel's September 15, 2000 letter to Certus' counsel, Plaintiff clarafied that he just wanted the names that are in Certus' records.   He did not ask Certus to certify that the employers do not use other names for other purposes.   Certus still refused to respond to the Interrogatory.

In subpart *b*, Plaintiff asked for "[t]he name of the Plan" for each policy that Certus contends constitutes an ERISA plan.   Certus objected on the ground that Certus was never required to determine what name the employer or employer organization attached to the plan itself."   Plaintiff's counsel wrote Certus' counsel and stated that he thought that Certis misunderstood the subpart.   What Plaintiff sought to discover was which type of Certus plan was purchased by the employer; Plaintiff did not request what name, if any, the employer gave the plan.   Despite this clarification, Certus did not respond to the Interrogatory.

In subpart *c*, Plaintiff asked Certus to identify the documents that constituted each alleged ERISA plan.   Certis objected on the ground that you had already produced the policy documents.   However, from the documents provided Plaintiff's counsel cannot determine which sets of documents apply to which group policies.   Plaintiff's counsel suggested the Certus identify which set of documents apply to which group policies.   Nevertheless, Certus did not respond to this Interrogatory.

In subpart *d*, Plaintiff asked for the "name and address of every member, participant, enrollee or beneficiary of the Plan."   Certus objected to providing this information "before sufficient safeguards are put in place to protect those individuals from unwarranted and unfair contact soliciting participation in litigation."   In the September 15, 2000 letter, Plaintiff's counsel assured Certus'

counsel that he do not intend to use the requested information to seek to solicit those persons. Plaintiff's counsel also suggested an agreed order regulating contact with putative Class members. Plaintiff proposed the following provisions:

- Plaintiffs' counsel shall not make any telephonic or in person attempts to solicit any putative Class members (which, or course, would violate Texas' barratry law as well as Article Seven of the Texas Disciplinary Rules of Professional Conduct).

- No party shall make any mass mailings to the members of the putative Class unless such mailing is approved by the Court, after giving opposing counsel notice and an opportunity to oppose the mailing.

- Plaintiff's counsel may contact individual putative Class members for the purpose of investigating this case or seeking witnesses; provided, however, that Plaintiff's counsel shall not accept employment in this matter from any putative class member contacted by telephone or in person by Plaintiff's counsel, unless the putative Class member initiated the contact by independently seeking out Plaintiff's counsel.

- Defendants' counsel shall not communicate with members of the putative Class regarding the issues involved in this suit unless such communication is approved by the Court after giving opposing counsel notice and an opportunity to oppose such communication.

Such an order would allow Plaintiff's counsel to continue our investigation of this claim and to have the information necessary to provide notice to the Class, and at the same time prevent any unseemly or unethical solicitation.

In its response to subpart *e*, which asked for the identity of each Plan administrator, Certus objected because Certus was never required to keep such information. This objection is improper. Either Certus has the information or it does not. If Certus does not have the information, it should withdraw your objection and simply state that Certus does not have it. If it does possess the information, then the information is discoverable regardless of whether Certus

was required to keep it. The Court should compel Certus to answer the subpart one way or another.

**B.**     **Interrogatory Number 2**

Interrogatory Number 2 requested information regarding the identity and last known address of each putative Class member, and the premiums paid by each putative class member. Certus objected to Interrogatory No. 2 on the ground that it did not wish to provide such information regarding Certus' members "until sufficient safeguards are in effect to protect its members from unwarranted contact and solicitation of litigation." Again, Plaintiff's counsel express his willingness to enter into an agreed order to address your concerns. Nevertheless, Certus has not responded to the interrogatory.

**C.**     **Interrogatory Number 8**

In subpart *c* to Interrogatory Number 8, Plaintiff requested that Certus "[i]dentify any other versions or drafts of the 'Certus HealthCare at a Glance' that were distributed to members/enrollees or potential members/enrollees." Certus' response was "Check with printer and ad file." Unfortunately, Plaintiff's counsel does not know to what Certus referred when is instructed Plaintiff to "[c]heck with printer and ad file." Plaintiff's counsel requested the Certus amend its answer to tell him where to look. To date, Certus has not responded.

**D.**     **Interrogatory Number 9**

In subpart c to Interrogatory Number 9, Plaintiff requested that Certus "[i]dentify any other versions or drafts of the 'Certus HealthCare Medical Network' that were distributed to members/enrollees or potential members/enrollees." Certus'sresponse was "Same as and definitely changed in

CIVIPDF - www.fastio.com

1998." This response was unintelligible. Plaintiff asked Certus' counsel to amend the response to clarify what Certus meant. Certus did not do so.

E.   **Interrogatory Number 10**

In subpart *c* to Interrogatory Number 10, Plaintiff requested that Certus "[i]dentify all other versions or drafts of the 'Certus HealthCare Member Handbook' that were distributed to members/enrollees or potential members/enrollees." Certus' response was, "These items have all been produced in response to request for production of documents." Plaintiff's counsel requested that Certus amend its response to reference at which tab the documents are located. Certus did not do so.

## IV.

### CERTUS' RESPONSE TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION

A.   **Request for Production Number 1**

In Request for Production No. 1, Plaintiff requested "brochures, marketing materials or other promotional materials. . . ." In its response, Certus stated that "Defendant understands this request to apply to materials furnished potential members." However, the request was not limited to marketing aimed at potential members. It also encompassed materials sent to existing members. Plaintiff's counsel asked Certus to supplement its response to include any brochures, marketing materials or other promotional materials set to existing members. Certus has not done so.

B.   **Request for Production Number 4**

In Request for Production No. 4, Plaintiff requested "[a]ll documents sent or provided by Certus to Plaintiff or the Class." In its response, Certus limited

the scope of this request before answering it. First, it interpreted the request to apply only to "generalized information of a marketing nature sent to members or prospective members." Second, it objected to producing "specific correspondence regarding specific members' claims, and payment histories as being overly broad and burdensome and subject to the doctor/patient privilege."

In the September 15, 2000 letter, Plaintiff's counsel agreed that Certus second objection raises valid concerns. Plaintiff's counsel clarified that he did not want every single claim form and doctor's report for every putative class member. However, he did request that Certus supplement with every piece of correspondence that Certus sent Joel Flores or his representatives. Certus did not do so.

Further, Plaintiff's counsel asked that Certus not limit its response to "generalized information of a marketing nature." Rather, it should include any mass mailings that Certus provided to its members, including any explanations of the problems that Certus was experiencing, notices regarding Certus' financial condition, etc. Nevertheless, Certus did not amend its response and produce the requested documents.

### C.   Request for Production Number 11

In Request for Production No. 11, Plaintiff requested documents "evidencing or relating to Novopharm, Ltd., agreeing to contribute funding to Certus HealthCare, L.L.C." Certus only produced the some basic corporate documents—the Operating Agreement, the Contribution and Subscription Agreement, and their amendments. Certus objected to producing any other documents.

In all likelihood, there are notes, memoranda, and correspondence regarding Novopharm, Ltd.'s contributions to Certus, and the fact that Novopharm repeatedly agreed to contribute additional funds to Certus. Given that Novopharm Holdings, Inc. has moved for summary judgment on the undercapitalization and apparent agency theories, these documents are not only relevant, they are essential to the Plaintiff's case. Plaintiff's counsel requested that Certus withdraw your objection and produce all documents responsive to this request. To date, Certus has not done so.

**D.     Request for Production Number 12**

In Request for Production No. 12, Plaintiff requested "documents evidencing or relating to Novopharm Holdings, Inc. agreeing to contribute funding to Certus HealthCare, L.L.C." Certus made the same objection that you made to Request for Production No. 11. For the same reasons set forth above regarding Request for Production No. 11, Certus should be required to withdraw its objection and fully respond to the request.

**E.     Requests for Production Numbers 13 & 14**

In Requests for Production Numbers 13 and 14, Plaintiff requested all correspondence with the Texas Department of Insurance ("TDI") regarding the Novopharm entities' funding of or contributions to Certus. Certus objected to fully responding to these requests, and only produced a few documents.

Plaintiff's counsel believes that there are additional relevant documents, and therefore requested that Certus withdraw its objections and fully comply with the requests. The TDI was actively monitoring Certus. There was a Certus task force set up within the TDI. The TDI placed Certus in conservatorship in 1999. And it was Novopharm's repeated agreements to contribute additional

capital that appears to have prevented the TDI from shutting down Certus. Given this background, it is almost certain that there are additional notes, memoranda, and letters on this issue. Certus should either produce the documents or, if they do not exist, explicitly state so.

**F.**     **Requests for Production Numbers 15 & 16**

In Requests for Production Nos. 15 and 16, Plaintiff requested the same information with respect to Total Healthcare Plans' agreements to fund Certus as it did in with respect to the Novopharm entities in Requests for Production Numbers 11-14. For the same reasons listed above with respect to Request for Productions Numbers 11-14, the Court should compel Certus to withdraw its objections and fully respond to the requests.

**G.**     **Requests for Production Numbers 17 & 18**

In Requests for Production Nos. 17 and 18, Plaintiff requested documents relating to deposits that the Novopharm entities made with the TDI. Certus again objected and only provided a few documents. As with Requests for Production 11-16, the requested documents are material to Plaitniff's undercapitalization claims. Therefore, the Court should overrule Certus' objection and compel it to fully respond.

**H.**     **Request for Production Number 21**

In Request for Production No. 21, Plaintiff requested "documents that evidence of relate to Novopharm Holdings, Inc.'s agreement to contributed an additional $5,400,000.00 to cover Certus' existing liabilities and potential claims at the time of its sale to Wellcare." Certus again objected and only provided a few documents, which really did not contain any responsive documents other

than the Fourth Amendment to Certus' Operating Agreement.   Again, the requested documents are very relevant to the issues raised by Novopharm Holdings, Inc.'s motion for summary judgment.  The Court should compel their production.

## I.     Request for Production Number 22

In Request for Production No. 22, Plaintiff requested "documents that evidence or relate to the sale of Certus HealthCare, L.L.C. to Certus Health Management, Inc. or Wellcare HMO, Inc."  Certus objected to the request "as being beyond the scope of discovery."  That objection was unfounded.  The requested documents are relevant to Plaintiff's claims for several reasons.  First, the fact that Novopharm had to pay the "purchaser" over $5 million to take Certus off his hands is evidence that the company was undercapitalized and otherwise in financial disarray.  Second, in the "due diligence" process associated with a corporate acquisition, documents regarding Certus' delay and denial of claims would likely have been produced and gathered.  Therefore, Plaintiff asks the Court to overrule the objection and compel production of the requested documents.

## J.     Requests for Production Numbers 23, 24 & 27

In Requests for Production 23, 24, and 27, Plaintiff requested documents evidencing or relating to any contributions made by the Novopharm entities either to or on behalf of Certus, or evidencing or relating to any agreements to make contributions.  Certus objected to fully responding to the requests.  However, such information is relevant and discoverable.  Therefore, the Court should compel its production.

**K.      Request for Production Number 32**

In Request for Production No. 32, Plaintiff requested all of the minutes of all meetings of the Board of Directors of Certus. Certus objected on the ground that the request is "beyond the scope of discovery." This is not so. Certus appears to have been a company in trouble. Surely the minutes contain information relevant to the claims delay, financial troubles, and relationship with Novopharm. Further, given that Novopharm officers served as managers and officers of Certus, these minutes are relevant to the control that the Novopharm entities exercised over Certus, which is relevant to whether the corporate veil can be pierced. Therefore, the Court should compel Certus to produce its minutes.

**L.      Request for Production Number 33**

In Request for Production No. 33, Plaintiff requested documents regarding "the fact that the [TDI] would not approve the application for qualification as a licensed HMO unless Certus further proved it had adequate financial support." Again, you objected to fully complying with this request. However, this information is highly relevant. What better evidence is there of Certus' undercapitalization than the fact that the TDI required parental guarantees before allowing it to operate? The Court should overrule the objection and order Certus to produce all relevant correspondence with the TDI and the Novopharm entities, all internal notes and memoranda, and any other responsive documents.

**M.      Request for Production Number 34**

In Request for Production No. 34, Plaintiff asked for documentation relating to a specific quote from the affidavit of Dan Youtoff, which supports Novopharm Holdings, Inc.'s motion for summary judgment. The requested documents relate to Novopharm's agreeing to contribute $3,000,000.00 "in

response to the notice or demands of TDI." Certus objected to fully responding to this interrogatory. However, Plaintiff is clearly entitled to ask for the documents underlying Novopharm's summary judgment evidence. Therefore, the Court should overrule Certus objection and compel it to fully respond to the request.

### N.  Request for Production Nu mber 35

In Request for Production No. 35, Plaintiff requested documents relating to "Total Health Care Plan's agreeing to contribute . . . $260,000.00" to Certus. Ceruts objected. Again, the requested documents are relevant to whether Certus was sufficiently capitalized. The Court should compel their production.

### O.  Request for Production Number 42

In Request for Production No. 42, Plaintiff requested the sale contract selling Certus to Certus Health Management, Inc. Certus objected to the request as being outside the scope of discovery. However, the terms of the sale contract are relevant to whether Certus was sufficiently capitalized and its financial condition. Therefore, the Court should compel its production.

## V.

## CERTUS' RESPONSE TO PLAINTIFF'S
## SECOND REQUESTS FOR PRODUCTION

In Plaintiff's Second Requests for Production, Plaintiff requested documents that would show the last known address and telephone number of certain Certus employees. Plaintiff also requested documents that would show whether those individuals are still employed by Certus. Defendant objected to

producing such documents.  Plaintiff asks the Court to compel Certus to produce them.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court overrule Defendant Certus HealthCare, L.L.C.'s objections and compel it to fully answer Plaintiff's discovery requests.

Respectfully submitted,

MICHAEL R. COWEN, P.C.
Michael R. Cowen
Federal ID No. 19967
State Bar No. 20545700
603 East St. Charles Street
Brownsville, Texas 78520
(956) 546-5567
(956) 541-2205 (Fax)

LAW OFFICES OF JOHN VENTURA, P.C.
7 North Park Plaza
Brownsville, Texas 78521
Tel. No. (956) 546-9398
Fax No. (956) 542-1478

By:_____
     Michael R. Cowen, P.C.
     Federal I.D. No. 19967
     Texas Bar No. 00795306

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the above and foregoing document has be forwarded via certified mail, return receipt requested to:

Jeffrey D. Roerig
ROERIG, OLIVEIRA & FISHER, L.L.P.
855 W. Price Road, Suite 9
Brownsville, Texas 78520

Norton A. Colvin, Jr.
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 E. Van Buren Street
Brownsville, Texas 78520

John R. Wallace
Wallace, Creech & Sarda, L.L.P.
UCB Plaza
3605 Glenwood Avenue, Suite 240
Raleigh, North Carolina 27612

on this 21th day of October 2000.

Michael R. Cowen

## CERTIFICATE OF CONFERENCE

I, Michael R. Cowen, corresponded with Certus' counsel in an attempt to resolve these discovery disputes.  However, my attempts were unsuccessful.

Michael R. Cowen

**PLAINTIFF'S FIRST MOTION TO COMPEL**                    **PAGE 16 OF 16**

# ROERIG, OLIVEIRA & FISHER, L.L.P.
## ATTORNEYS AT LAW

**Partners**
Jeffrey D. Roerig*
Rene O. Oliveira
W. Michael Fisher
Ricardo Morado
Crisanta Guerra Lozano
Elizabeth G. Neally
Victor V. Vicinaiz*
David G. Oliveira
Adolph Guerra, Jr.†

*Board Certified -
Personal Injury Trial Law
Texas Board of Legal Specialization

‡Board Certified -
Civil Trial Law
Texas Board of Legal Specialization

**Main Office**
855 West Price Road - Suite 9
Brownsville, Texas 78520-8786
Tel. 956 542-5666    Fax 956 542-0016

*Hidalgo County Office
506 East Dove
McAllen, Texas 78504
Tel. 956 631-8049    Fax 956 631-8141

**Partners**
D. Alan Erwin, Jr.
Michael A. Zanca*
D. Wilkes Alexander
Rosemary Conrad-Sandoval*
Lucila Alvarado*

**Associates**
Jesus Quezada, Jr.
Liza M. Vasquez*

August 10, 2000

File No.:

21,842

Mr. Michael R. Cowen
ZAVALETTA & COWEN
603 East St. Charles Street
Brownsville, TX   78520

   Re:  Civil Action No. B-00-53, U.S. District Court
        Southern District of Texas
        *Joel Flores, et al. v. Certus Healthcare, L.L.C., et al.*

Dear Mr. Cowen:

      This will confirm your agreement to grant my clients, Certus
Healthcare L.L.C., David Rodriguez and Dr. Ashok K. Gumbhir, a
thirty-day extension, until September 11, 2000, to answer or
otherwise respond to Plaintiff's First Set of Interrogatories,
Request for Admissions and Request for Production in the above-
styled and numbered cause.

      Please indicate your agreement to this extension by signing in
the space provided below and returning this letter via facsimile to
our office at (956) 542-0016.

      If this letter does not reflect your understanding of our
agreement, please advise immediately.   Thank you for your
cooperation in this matter.

                              Very truly yours,

                              ROERIG, OLIVEIRA & FISHER, L.L.P.

                              By _____
                                 Jeffrey D. Roerig

ZAVALETTA & COWEN

By _____
   Michael R. Cowen

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOEL FLORES, Individually and on Behalf of All Others similarly Situated | § § § | |
| v. | § § | CIVIL ACTION NO. B-00-53 |
| CERTUS HEALTHCARE, L.L.C., NOVOPHARM LIMITED, DAVID RODRIGUEZ, DR. ASHOK K. GUMBHIR, and NOVOPHARM HOLDINGS, INC. | § § § § § | CLASS ACTION |

## DEFENDANT CERTUS HEALTHCARE, L.L.C.'S ANSWERS AND/OR OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

TO:   Plaintiff, by and through his attorney of record:

Michael Cowen
ZAVALETTA & COWEN
603 E. St. Charles Street
Brownsville, Texas 78520

John Ventura
Cesar Amador
LAW OFFICES OF JOHN VENTURA PC.
7 North Park Plaza
Brownsville, Texas 78521

**COMES CERTUS HEALTHCARE, L.L.C.,** Defendant in the above styled and numbered cause, and serves the following responses and/or objections to Plaintiff's First Requests for Admissions.

Respectfully Submitted,

**ROERIG, OLIVEIRA & FISHER, L.L.P.**
855 West Price Road, Suite 9
Brownsville, Texas 78550
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

By: _____
Jeffrey D. Roerig
State Bar No. 17161700
Federal Bar No. 1503

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing has been mailed, Certified Mail, Return Receipt Requested, to the counsel for Defendant, and regular U.S. Mail to all other counsel to wit:

Michael Cowen
ZAVALETTA & COWEN
603 E. St. Charles Street
Brownsville, Texas 78520

John Ventura
Cesar Amador
LAW OFFICES OF JOHN VENTURA PC.
7 North Park Plaza
Brownsville, Texas 78521

Norton A. Colvin, Jr.
RODRIGUEZ, COLVIN & CHANEY, LLP
1201 East Van Buren
P. O. Box 2155
Brownsville, Texas 78522

on this 11th day of September, 2000.

Jeffrey D. Roerig

# REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1**:
Admit that the proposed class meets the numerosity requirement set out in Federal Rule of Civil Procedure 23(a)(1).

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 2**:
Admit that the proposed class is so numerous that joinder of all members is impracticable.

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 3**:
Admit that there are questions of law and fact common to the class.

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 4**:
Admit that the proposed class meets the commonality requirement set out in Federal Rule of Civil Procedure 23(a)(2).

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 5**:
Admit that the claims of Joel Flores are typical of the claims of the proposed class.

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 6**:
Admit that Joe Flores meets the typicality requirement set out in Federal Rule of Civil Procedure 23(a)(3).

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 7**:
Please admit that the proposed class meets the typicality requirement set out in Federal Rule of Civil Procedure 23(a)(3).

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 8**:
Admit that Joe Flores will fairly and adequately protect the interest of the class.

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 9**:
Admit that Joe Flores meets the adequacy requirement set out in Federal Rule Civil Procedure 23(a)(4).

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 10**:
Admit that Joe Flores is an adequate class representative.

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 11**:
Admit that the Law Offices of John Ventura, P.C. is adequate class counsel.

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 12**:
Admit that John Ventura is adequate class counsel.

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 13**:
Admit that Zavaletta & Cowen is adequate class counsel.

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 14**:
Admit that Peter M. Zavaletta is adequate class counsel.

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 15**:
Admit that Cesar A. Amador is adequate class counsel.

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 16**:
Admit that Michael R. Cowen is adequate class counsel.

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 17**:
Admit that the Plaintiff's counsel is adequate class counsel.

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 18**:
Admit that Joel Flores does not have an interest antagonistic to those of the remainder of the class.

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 19**:
Admit that Michael R. Cowen is qualified, experienced and generally able to conduct the proposed litigation.

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 20**:
Admit that Cesar A. Amador  is qualified, experienced and generally able to conduct the proposed litigation.

**RESPONSE**:  Deny.

**REQUEST FOR ADMISSION NO. 21**:
Admit that Peter M. Zavaletta is qualified, experienced and generally able to conduct the proposed litigation.

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 22**:
Admit that John Ventura is qualified, experienced and generally able to conduct the proposed litigation.

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 23**:
Admit that the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the Defendants.

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 24**:
Admit that the proposed class meets the requirements set out in Federal Rule of Civil Procedure 23(b)(1)(A).

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 25**:
Admit that you have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the class as a whole.

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 26**:
Admit that the proposed class meets the requirements set out in Federal Rule of Civil Procedure 23(b)(2).

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 27**:
Admit that the proposed class meets the requirements set out in Federal Rule of Civil Procedure 23(b)(3).

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 28**:
Admit that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members.

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 29**:
Admit that, in this case, a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 30**:
Admit that the proposed class has more than 20,000 putative class members.

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 31**:
Admit that the document attached as Exhibit A, the Affidavit of Peter Hernandez, and the records attached to the affidavit, sets out the true, correct and accurate records showing the large group and small group enrollees/members of Certus Healthcare, L.L.C.

**RESPONSE**: Deny. The twelve pages beginning with the name "Richard R. Robinson" and ending with the name "Ursula Pritchard" were included and are individual policies.

**REQUEST FOR ADMISSION NO. 32**:
Admit that all enrollees/members of Certus Healthcare L.L.C. received copies of the document entitled "Certus HealthCare at a Glance," a copy of which is attached as Exhibit B.

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 33**:
Admit that all enrollees/members of Certus Healthcare L.L.C. received copies of the document entitled "Your Certus HealthCare Medical Network," a copy of which is attached as Exhibit C.

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 34**:
Admit that all enrollees/members of Certus Healthcare L.L.C. received copies of the document entitled "Your Certus HealthCare Member Handbook," a copy of which is attached as Exhibit D.

**RESPONSE**: Deny.

**REQUEST FOR ADMISSION NO. 35**:
Admit that Exhibit B, entitled "Certus HealthCare at a Glance," is a true and correct copy of a document prepared by Certus Healthcare, L.L.C. and distributed to one or more of its members/enrollees.

**RESPONSE**: Admit.

**REQUEST FOR ADMISSION NO.36**
Admit that Exhibit B, entitled "Certus Healthcare Medical Network," is a true and correct copy of a document prepared by Certus Healthcare, L.L.C. and distributed to one or more of its members/enrollees.

**RESPONSE**: Admit.

**REQUEST FOR ADMISSION NO. 37**:

Admit that Exhibit D, entitled "Your Certus HealthCare Medical Network," is a true and correct copy of a document prepared by Certus Healthcare, L.L.C. and distributed to one or more of its members/enrollees.

**RESPONSE**: Admit.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **JOEL FLORES, Individually and on Behalf of All Others similarly Situated** | § § § | |
| **v.** | § § | **CIVIL ACTION NO. B-00-53** |
| **CERTUS HEALTHCARE, L.L.C., NOVOPHARM LIMITED, DAVID RODRIGUEZ, DR. ASHOK K. GUMBHIR, and NOVOPHARM HOLDINGS, INC.** | § § § § | **CLASS ACTION** |

---

## DEFENDANT CERTUS HEALTHCARE, L.L.C.'S ANSWERS AND/OR OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES,

---

TO:   Plaintiff, by and through his attorney of record:

Michael Cowen
ZAVALETTA & COWEN
603 E. St. Charles Street
Brownsville, Texas 78520

John Ventura
Cesar Amador
LAW OFFICES OF JOHN VENTURA PC.
7 North Park Plaza
Brownsville, Texas 78521

**COMES CERTUS HEALTHCARE,L.L.C.,** Defendant in the above styled and numbered cause, and serves the following answers and/or objections to Plaintiff's First Set of Interrogatories.

Respectfully Submitted,

**ROERIG, OLIVEIRA & FISHER, L.L.P.**
855 West Price Road, Suite 9
Brownsville, Texas 78550
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

By: _____

Jeffrey D. Roerig
State Bar No. 17161700
Federal Bar No. 1503

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing has been mailed, Certified Mail, Return Receipt Requested, to the counsel for Defendant, and regular U.S. Mail to all other counsel to wit:

Michael Cowen
ZAVALETTA & COWEN
603 E. St. Charles Street
Brownsville, Texas 78520

John Ventura
Cesar Amador
LAW OFFICES OF JOHN VENTURA PC.
7 North Park Plaza
Brownsville, Texas 78521

Norton A. Colvin, Jr.
RODRIGUEZ, COLVIN & CHANEY, LLP
1201 East Van Buren
P. O. Box 2155
Brownsville, Texas 78522

on this 11th day of September, 2000.

Jeffrey D. Roerig

## INTERROGATORIES

**INTERROGATORY NO. 1:**
If you contend that any of the health care plans, group policies and/or policies that you have sold are or were ERISA Plans, please state:

**ANSWER**: Defendant, Certus objects to furnishing any information on policies that were sold outside of the time frame that Plaintiff has chosen to establish his class, January 1, 1998, and thereafter. Further, Defendant Certus has already provided to the Plaintiff all of the names under which its members applied and received policies. A perusal of that list will allow the Plaintiff to segregate the private employers from the public employers.

a.     The name of the employer or employee organization that established and/or maintained the Plan;

ANSWER:     Defendant Certus objects to subsection (a) of question one because Certus was never required to establish whether the name the employer or the employer organization used to obtain its health benefit plan was the same name that the employer or the employer organization used for any other benefit provided by the plan.

b.     The name of the Plan;

ANSWER:     Further, Defendant Certus objects to providing the name of the plan because it was never required to determine what name the employer or employer organization attached to the plan itself. Certus simply knows the name that the employer or employer organization gave to Certus when it obtained the health benefit plan. That name has already been provided.

c.     The documents that constitute the Plan;

ANSWER:     Defendant Certus objects to providing any additional materials regarding "documents that constitute the Plan." Defendant Certus supplied the health benefit only. The different health benefit plans that Certus offered are furnished with the request for production of documents.

d.     The name and address of every member, participant, enrollee or beneficiary of the Plan; and

ANSWER:     Defendant Certus objects to providing the name and address of every member, participant, or enrollee before sufficient safeguards are put in place to protect those individuals from unwarranted and unfair contact soliciting participation in litigation.

e.     The identity of the Plan administrator.

ANSWER:     Defendant Certus objects to the provision of the identity of the plan administrator for the reason that it has never been required to obtain or keep that information when providing a health benefit to a private group.

**INTERROGATORY NO. 2:**
For every health care plan, group policy and policy that you have sold since January 1, 1998, or on which you have accepted premiums since January 1998, please state:

      a.     To whom you sold the plan or policy;
      b.     The name and last known address of every beneficiary or enrollee of the plan or policy; and
      c.     The amount of premiums received for the plan or policy.

ANSWER:     Defendant Certus objects to providing the information requested in Interrogatory No. Two until sufficient safeguards are in effect to protect its members from unwarranted contact and solicitation of litigation.

**INTERROGATORY NO. 3:**
Please identify each person with knowledge of any relevant facts relating to:

a.     class certification; and/or

ANSWER:

     1.     Joel Flores
     2.     David Rodriguez
     3.     Damaris Gonzalez
     4.     Carole Donaldson
     5.     Gloria Herrera
     6.     Dr. Romeo Montalvo
     7.     Autrey Pharmacy
     8.     Peter Hernandez

b.     whether Novopharm Holdings, Inc. or Novopharm, Ltd. Is vicariously liable for the misfeasance and/or malfeasance of Certus Healthcare, L.L.C. on a theory of undercapitalization, holding out, negligent representation, or ostensible agency.

ANSWER:

     1.     David Rodriguez
     2.     Rene Sanchez

For each such person, please state the knowledge possessed by that person.

ANSWER:

(a) 1. Joel Flores knows that the covered portions of his claims were paid and that the durable medical devices prescribed by Dr. Montalvo were not covered and were not paid.

2. David Rodriguez was the Manager of Certus. He knows that Mr. Flores' covered claims were paid and that the parts of the claim that were not covered were not paid. He knows that Mr. Flores is not a member of the class he purports to represent. His claims are not representative. Mr. Rodriguez also knows that there are either no members of the class that Mr. Flores purports to represent, or a very small number of unknown members of that class.

3. Damaris Gonzalez knows how Mr. Flores' claims and phone calls were handled.

4. Carole Donaldson knows how Mr. Flores' claims were handled.

5. Gloria Herrera spoke with Mr. Flores on the telephone regarding his claims.

6. Dr. Romeo Montalvo knows that he rendered services based upon Certus' promise to pay and that he was in fact paid for his services.

7. Autrey Pharmacy knows that they sell drugs based on Certus' promise to pay and that they were paid for those drugs. They know that they did not sell durable medical equipment because that was not a covered item under Mr. Flores' policy.

8. Peter Hernandez is the present Manager of Wellcare. He knows that Mr. Flores is not a member of the class that he seeks to represent and that class either has no members or a very small number of known members.

(b) 1. David Rodriguez knows what was held out or represented regarding Novopharm Holdings, Inc., of Novopharm Limited's support of Certus.

2. Rene Sanchez knows what was held out or represented regarding Novopharm Holdings, Inc., of Novopharm Limited's support of Certus.

## INTERROGATORY NO. 4:
Identify every document containing any facts relating to class certification in this litigation, and describe with particularity the facts contained in each such document. In the alternative, please produce a copy of each such document.

## ANSWER:

1. Joel Flores' application for insurance;
2. Joel Flores' individual evidence of coverage;

3.  Dr. Montalvo's records of treatment of Joel Flores;

4.  Certus claim department file on Joel Flores;

5.  Certus member services department file regarding Joel Flores;

6.  Rx of America records of payment to Autrey Pharmacy, including the claim of Mr. Joel Flores;

7.  Certus records of payment to Autrey Pharmacy generally and including the claim of Mr. Joel Flores.

## INTERROGATORY NO. 5:

Identify each expert you may: (1) call as a witness at the class certification hearing; (2) call as a witness at the trial of this case; or (3) use as a witness or affiant in connection with Defendant Novopharm Holdings, Inc.'s Motion for Summary Judgment. Also identify each expert used only for consultation whose work product forms a basis, either in whole or in part, of a testifying expert's opinion. As to each such identified expert, please state the subject matter on which the expert is supposed to testify, the mental impressions and opinions held by the expert, and the facts known to the expert (regardless of when that information was acquired), relating to or forming the basis of the mental impressions and opinions held by the expert.

**ANSWER:**  This Defendant has not yet identified expert witnesses for the Class Certification hearing or the trial of the case. He will call no expert witnesses for Defendant, Novopharm Holdings, Inc.'s Motion for Summary Judgment. To the extent the persons designated as having knowledge might offer opinions, they might deemed to be expert witnesses. However, this will be incidental to their factual knowledge.

## INTERROGATORY NO. 6:

Please state whether any document that contains facts relating to class certification or the matters raised in Novopharm Holdings, Inc.'s Motion for Summary Judgment has been destroyed or discarded. If so, identify each such document.

**ANSWER:**  This Defendant has no knowledge concerning the destructions of any document relating to class certifications or matters raised in Novopharm Holdings, Inc.'s Motion for Summary Judgment.

## INTERROGATORY NO. 7:

Please identify by name, address, and job title the person or persons who answered these interrogatories, and all persons who provided information used to answer these interrogatories.

**ANSWER:**  David Rodriguez
Jeffrey D. Roerig, Attorney at Law

**INTERROGATORY NO. 8**:

If you did not answer "admit" to Request for Admission Number 32, contained in Plaintiff's First Set of Requests for Admissions to Defendant Certus Healthcare, L.L.C., please:

    a.    State whether any members/enrollees receive a copy of the document entitled "Certus HealthCare at a Glance," a copy of which is attached as Exhibit "B" to Plaintiff's First Set of Reuests for Admissions to Defendant Certus HealthCare, L.L.C.;

ANSWER:    Yes.

    b.    Identify the periods of time the "Certus HealthCare at a Glance" was distributed;

ANSWER:    1996-1999

    c.    Identify any other versions or drafts of the "Certus HealthCare at a Glance" that were distributed to members/enrollees or potential members/enrollees.

ANSWER:    Check with printer and ad file.

**INTERROGATORY NO. 9**:

If you did not answer "admit" to Request for Admission No. 33, contained in Plaintiff's First Set of Requests for Admissions to Defendant Certus Healthcare, L.L.C., please:

    a.    State whether any members/enrollees receive a copy of the document entitled "Certus HealthCare Medical Network," a copy of which is attached as Exhibit C to Plaintiff's First Set of Requests for Admissions to Defendant Certus HealthCare, L.L.C.;

ANSWER:    Yes

    b.    Identify the periods of time the "Certus HealthCare Medical Network" was distributed;

ANSWER:    1996-1999

    c.    Identify any other versions or drafts of the "Certus HealthCare Medical Network" that were distributed to members/enrollees or potential members/enrollees.

ANSWER:    Same as and definitely changed in 1998.

**INTERROGATORY NO. 10**:

If you did not answer "admit to Request for Admission Number 34, contained in Plaintiff's First Set of Requests for Admissions to Defendant Certus Healthcare, L.L.C., please:

   a.  State whether any members/enrollees receive a copy of the document entitled "Certus HealthCare Member Handbook," a copy of which is attached as Exhibit C to Plaintiff's First Set of Requests for Admissions to Defendant Certus HealthCare, L.L.C.;

ANSWER:     Yes.

   b.  Identify the periods of time the "Certus HealthCare Member Handbook" was distributed;

ANSWER:     All relevant time periods.

   c.  Identify any other versions or drafts of the "Certus HealthCare Member Handbook" that were distributed to members/enrollees or potential members/enrollees.

ANSWER:     These items have all been produced in the response to request for production of documents.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOEL FLORES, Individually and on Behalf of All Others similarly Situated | § § § | |
| v. | § § | CIVIL ACTION NO. B-00-53 |
| CERTUS HEALTHCARE, L.L.C., NOVOPHARM LIMITED, DAVID RODRIGUEZ, DR. ASHOK K. GUMBHIR, and NOVOPHARM HOLDINGS, INC. | § § § § § | CLASS ACTION |

---

## DEFENDANT CERTUS HEALTHCARE, L.L.C.'S ANSWERS AND/OR OBJECTIONS TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION

---

TO:    Plaintiff, by and through his attorney of record:

| | |
|---|---|
| Michael Cowen | John Ventura |
| ZAVALETTA & COWEN | Cesar Amador |
| 603 E. St. Charles Street | LAW OFFICES OF JOHN VENTURA PC. |
| Brownsville, Texas 78520 | 7 North Park Plaza |
| | Brownsville, Texas 78521 |

      COMES CERTUS HEALTHCARE, L.L.C., Defendant in the above styled and numbered cause, and serves the following answers and/or objections to Plaintiff's First Requests for Production.

Respectfully Submitted,

ROERIG, OLIVEIRA & FISHER, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78550
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

By: _____
      Jeffrey D. Roerig
      State Bar No. 17161700
      Federal Bar No. 1503

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing has been mailed, Certified Mail, Return Receipt Requested, to the counsel for Defendant, and regular U.S. Mail to all other counsel to wit:

Michael Cowen
ZAVALETTA & COWEN
603 E. St. Charles Street
Brownsville, Texas 78520

John Ventura
Cesar Amador
LAW OFFICES OF JOHN VENTURA PC.
7 North Park Plaza
Brownsville, Texas 78521

Norton A. Colvin, Jr.
RODRIGUEZ, COLVIN & CHANEY, LLP
1201 East Van Buren
P. O. Box 2155
Brownsville, Texas 78522

on this 11th day of September, 2000.

Jeffrey D. Roerig

# REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**:
Any and all brochures, marketing materials or other promotional materials regarding health insurance provided by Certus or HMO Membership in Certus. [This request is relevant to the class certification issue because it pertains to commonality, typicality and superiority].

**RESPONSE**:

Defendant understands this request to apply to materials furnished potential members. Subject to that understanding, the material is attached at Tab A and B.

**REQUEST FOR PRODUCTION NO. 2**:
All explanations of benefits provided to Plaintiff or any Class member.[This request is relevant to the class certification issue because it pertains to commonality, typicality and superiority].

**RESPONSE**:

Defendant understands this request as seeking generalized explanations of benefits for members or potential members. Defendant would object to the provision of specific explanations of benefits and specific situations for specific members as being overly broad and burdensome, and calling for information subject to the doctor/patient privilege. Subject to that objection, the material is attached at Tab A and B.

**REQUEST FOR PRODUCTION NO. 3**:
All insurance policies or plan documents for any plan or policy covering Plaintiff or any Class member. [This request is relevant to the class certification issue because it pertains to commonality, typicality and superiority].

**RESPONSE**:

See Tab B.

**REQUEST FOR PRODUCTION NO. 4**:
All documents sent or provided by Certus to Plaintiff or the Class.[This request is relevant to the class certification issue because it pertains to commonality, typicality and superiority].

**RESPONSE**:

Defendant understands this request as applying to generalized information of a marketing nature sent to members or prospective members. Defendant would object to specific correspondence regarding specific members' claims, and payment histories as being overly broad and burdensome and subject to the doctor/patient privilege. Subject to and without waiving the above objections, see Tab A and B.

**REQUEST FOR PRODUCTION NO. 5**:
Any advertisements by Certus from July 1, 1997 to the present. [This request is relevant to the class certification issue because it pertains to commonality, typicality and superiority].

**RESPONSE**:

See Tab A attached.

**REQUEST FOR PRODUCTION NO. 6**:
Any documents provided or made available to Plaintiff or any Class member pursuant to 28 Texas Administrative Code §11.1600. [This request is relevant to the class certification issue because it pertains to commonality, typicality and superiority].

**RESPONSE**:

See Tab A and B.

**REQUEST FOR PRODUCTION NO. 7**:
Any documents relating to the training received by account executives employed by Certus Healthcare, L.L.C. [This request is relevant to the class certification issue because it pertains to commonality, typicality and superiority].

**RESPONSE**:

Defendant understands this request as being limited to training of account executives regarding marketing, rather than other elements of their relation to Certus.  Subject to that understanding, the information is attached as Tab C.

**REQUEST FOR PRODUCTION NO. 8**:
Any written materials provided to account executives employed by Certus HealthCare, L.L.C. [This request is relevant to the class certification issue because it pertains to commonality, typicality and superiority].

**RESPONSE**:

Defendant understands this request as being limited to training of account executives regarding marketing, rather than other elements of their relation to Certus.  Subject to that understanding, the information is attached as Tab C.

**REQUEST FOR PRODUCTION NO. 9**:
Ever version of a member handbook provided by Certus healthcare L.L.C. to any enrollee or member. [This request is relevant to the class certification issue because it pertains to commonality, typicality and superiority].

**RESPONSE**:

After a diligent search, the Defendants have found those versions of the member handbook attached at Tab A. Defendants cannot rule out the possibility that there were other additions of the member handbook that might have some differences than what is produced herewith.

See Tab A and B.

**REQUEST FOR PRODUCTION NO. 10**:
Every version of a "directory of medical professionals" provided by Certus Healthcare L.L.C. to any enrollee or member. [This request is relevant to the class certification issue because it pertains to commonality, typicality and superiority].

**RESPONSE**:

For the directory of medical professionals that we were able to locate after a diligent search , see Tab D. Defendants cannot rule out the possibility that other printouts exist, but were not kept in our historical files.

**REQUEST FOR PRODUCTION NO. 11**:
Any documents evidencing or relating to Novopharm, Ltd., agreeing to contribute funding to Certus Healthcare, L.L.C.

**RESPONSE**:

Attached at Tab E are the Operating Statements and the amendments to the operating statements which obligation Novopharm, Ltd., to contribute money to Certus Healthcare, L.L.C. Defendants object to providing cover letters, checks, deposit slips and other documents that might be considered as "evidencing or relating to Novpharm, Ltd. agreeing," on the grounds that identifying, obtaining, copying and providing these tangential documents would be unduly burdensome when compared to their lack of substance in developing the case.

**REQUEST FOR PRODUCTION NO. 12**:
Any documents evidencing or relating to Novopharm Holdings, Inc. agreeing to contribute funding to Certus Healthcare, L.L.C.

**RESPONSE**:

Defendants object to providing cover letters, checks, deposit slips and other documents that might be considered as "evidencing or relating to Novpharm, Ltd. agreeing," on the grounds that identifying, obtaining, copying and providing these tangential documents would be unduly burdensome when compared to their lack of substance in developing the case. Subject to and without waiving the above objection, Defendant answers: None.

**REQUEST FOR PRODUCTION NO. 13:**
Any correspondence with the Texas Department of Insurance regarding Novopharm, Ltd.'s funding or making contributions to Certus Healthcare, L.L.C.

**RESPONSE:**

Defendants object to providing cover letters, checks, deposit slips and other documents that might be considered as "evidencing or relating to Novpharm, Ltd. agreeing," on the grounds that identifying, obtaining, copying and providing these tangential documents would be unduly burdensome when compared to their lack of substance in developing the case. Subject to and without waiving the above objection, see the information compiled at Tab E, and the information compiled at Tab F.

**REQUEST FOR PRODUCTION NO. 14:**
Any correspondence with the Texas Department of Insurance regarding Novopharm, Holdings, Inc.'s funding or making contributions to Certus Healthcare, L.L.C.

**RESPONSE:**

Defendants object to providing cover letters, checks, deposit slips and other documents on the grounds that such request is vague and identifying, obtaining, copying and providing these tangential documents would be unduly burdensome when compared to their lack of substance in developing the case. Subject to and without waiving the above objection, Defendant answers: None.

**REQUEST FOR PRODUCTION NO. 15:**
Any documents evidencing or relating to Total Healthcare Plans' agreeing to contribute funding to Certus Healthcare, L.L.C.

**RESPONSE:**

Defendants object to providing cover letters, checks, deposit slips and other documents on the grounds that such request is vague and identifying, obtaining, copying and providing these tangential documents would be unduly burdensome when compared to their lack of substance in developing the case. Subject to and without waiving the above objection, Defendant answers: See Tab E and F.

**REQUEST FOR PRODUCTION NO. 16:**
Any correspondence with the Texas Department of Insurance regarding Total healthcare Plans' funding or making contributions to Certus Healthcare, L.L.C.

**RESPONSE:**

Defendants object to providing cover letters, checks, deposit slips and other documents on the grounds that such request is vague and identifying, obtaining, copying and providing these tangential documents would be unduly burdensome when compared to their lack of substance in developing the case. Subject to and without waiving the above objection, Defendant answers: See Tab E and F.

**REQUEST FOR PRODUCTION NO. 17:**
Any documents relating to Novopharm, Ltd. Making a deposit with the Texas Department of Insurance.

**RESPONSE:**

Defendants object to providing cover letters, checks, deposit slips and other documents on the grounds that such request is vague and identifying, obtaining, copying and providing these tangential documents would be unduly burdensome when compared to their lack of substance in developing the case. Subject to and without waiving the above objection, Defendant answers: See Tabs E and F.

**REQUEST FOR PRODUCTION NO. 18:**
Any documents relating to Novopharm, Holdings, Inc. making a deposit with the Texas Department of Insurance.

**RESPONSE:**

Defendants object to providing cover letters, checks, deposit slips and other documents on the grounds that such request is vague and identifying, obtaining, copying and providing these tangential documents would be unduly burdensome when compared to their lack of substance in developing the case. Subject to and without waiving the above objection, Defendant answers: None.

**REQUEST FOR PRODUCTION NO. 19:**
The Operating Agreement of Certus Healthcare, and all amendments thereto.

**RESPONSE:**

See Tab E.

**REQUEST FOR PRODUCTION NO. 20:**
Any documents relating to, evidencing or discussing any amendments to the Operating Agreement of Certus Healthcare.

**RESPONSE:**

See Tab E.

**REQUEST FOR PRODUCTION NO. 21:**
Any documents that evidence or relate to Novopharm Holdings, Inc.'s agreement to contribute an additional $5,400,000.00 to cover Certus' existing liabilities and potential claims at the time of its sale to Wellcare.

**RESPONSE:**

Defendants object to providing cover letters, checks, deposit slips and other documents on the grounds that such request is vague and identifying, obtaining, copying and providing these tangential documents would be unduly burdensome when compared to their lack of substance in developing the case. Subject to and without waiving the above objection, Defendant answers: See Tabs E and F.

**REQUEST FOR PRODUCTION NO. 22:**
Any documents that evidence or relate to the sale of Certus Healthcare, L.L.C. to Certus Health Management, Inc. or Wellcare HMO, Inc.

**RESPONSE:**

Defendants object to this Request for production as being beyond the scope of discovery.

**REQUEST FOR PRODUCTION NO. 23:**
Any documents that evidence or relate to any contributions or payments made by Novopharm, Ltd to Certus.

**RESPONSE:**

Defendants object to providing cover letters, checks, deposit slips and other documents on the grounds that such request is vague and identifying, obtaining, copying and providing these tangential documents would be unduly burdensome when compared to their lack of substance in developing the case. Subject to and without waiving the above objection, Defendant answers: See Tabs E and F.

**REQUEST FOR PRODUCTION NO. 24:**
Any documents that evidence or relate to any contributions or payments made by Novopharm, Ltd on behalf of Certus.

**RESPONSE:**

Defendants object to providing cover letters, checks, deposit slips and other documents on the grounds that such request is vague and identifying, obtaining, copying and providing these tangential documents would be unduly burdensome when compared to their lack of substance in developing the case. Subject to and without waiving the above objection, Defendant answers: See Tabs E and F.

**REQUEST FOR PRODUCTION NO. 25:**
Any documents that evidence or relate to contributions or payments made by Novopharm, Holdings, Inc. to Certus.

**RESPONSE:**

None.

**REQUEST FOR PRODUCTION NO. 26**:
Any documents that evidence or relate to contributions or payments made by Novopharm, Holdings, Inc. on behalf of Certus.

**RESPONSE**:

None.

**REQUEST FOR PRODUCTION NO. 27**:
Any documents that evidence or relate to Novopharm Ltd agreeing to make capital contributions to Certus Healthcare, L.L.C.

**RESPONSE**:

Defendants object to providing cover letters, checks, deposit slips and other documents on the grounds that such request is vague and identifying, obtaining, copying and providing these tangential documents would be unduly burdensome when compared to their lack of substance in developing the case.   Subject to and without waiving the above objection, Defendant answers: See Tabs E and F.

**REQUEST FOR PRODUCTION NO. 28**:
Any documents that evidence or relate to Novopharm Holdings, Inc. agreeing to make capital contributions to Certus Healthcare, L.L.C.

**RESPONSE**:

None.

**REQUEST FOR PRODUCTION NO. 29**:
A copy of the Contribution and Subscription Agreement referenced in Paragraph 8 of the Affidavit of Dan Youtoff, attached to Defendant Novopharm Holdings, Inc.'s Motion for Summary Judgment.

**RESPONSE**:

See Tab E.

**REQUEST FOR PRODUCTION NO. 30**:
A copy of any Certificate of Organization for Certus Healthcare or Oasis Health Plans, L.L.C.

**RESPONSE**:

See Tab G.

**REQUEST FOR PRODUCTION NO. 31**:
A copy of any Operating Agreement for or regarding Certus Healthcare or Oasis Health Plans, L.L.C.

**RESPONSE**:

See Tab E.

**REQUEST FOR PRODUCTION NO. 32**:
Copies of the minutes of all meetings of the Board of Directors of Certus Healthcare, L.L.C. or Oasis Health Plans, L.L.C.

**RESPONSE**:

Defendants object to this Request for Production on the grounds that it is beyond the scope of discovery.

**REQUEST FOR PRODUCTION NO. 33**:
Paragraph 14 of the Affidavit of Dan Youtoff, attached to Defendant Novopharm Holdings, Inc.'s Motion for Summary Judgment states in part, that "Certus was informed by TDI that TDI would not approve the application for qualification as a licenced HMO unless Certus further proved that it had adequate financial support. Please produce all correspondence, communications, and other documents reflecting, evidencing, discussing, responding to or related to the fact that the Texas Department of Insurance would not approve the application for qualification as a licensed HMO unless Certus further proved that it had adequate financial support.

**RESPONSE**:

Defendants object to providing cover letters, checks, deposit slips and other documents on the grounds that such request is vague and identifying, obtaining, copying and providing these tangential documents would be unduly burdensome when compared to their lack of substance in developing the case. Subject to and without waiving the above objection, Defendant answers: See Tabs E and F.

**REQUEST FOR PRODUCTION NO. 34**:
Paragraph 14 of the Affidavit of Dan Youtoff, attached to Defendant Novopharm Holdings, Inc.'s Motion for Summary Judgment states in part, that "In response to the notice or demands of TDI, Novopharm Holdings agreed to contribute (or guarantee its commitment in such form satisfactory to TDI) a total of $3,000,000.00." Please produce all correspondence, communications, and other documents reflecting, evidencing, discussing, responding to or related to the Novopharm Holdings, Inc.'s agreeing to contribute (or guarantee its commitment in such form satisfactory to TDI) a total of $3,000,000.00.

**RESPONSE**:

Defendants object to providing cover letters, checks, deposit slips and other documents on the grounds that such request is vague and identifying, obtaining, copying and providing these tangential documents would be unduly burdensome when compared to their lack of substance in developing the case. Subject to and without waiving the above objection, Defendant answers: See Tabs E and F.

**REQUEST FOR PRODUCTION NO. 35:**
Paragraph 14 of the Affidavit of Dan Youtoff, attached to Defendant Novopharm Holdings, Inc.'s Motion for Summary Judgment states in part, that "THCP also agreed to contribute $260,000.00 in order to meet the capital and surplus needs of the HMO as projected through December 31, 1997." Please produce all correspondence, communications, and other documents reflecting, evidencing, discussing, responding to or related to the Total Health Care Plan's agreeing to contribute (or guarantee its commitment in such form satisfactory to TDI) a total of $260,000.00.

**RESPONSE:**

Defendants object to providing cover letters, checks, deposit slips and other documents on the grounds that such request is vague and identifying, obtaining, copying and providing these tangential documents would be unduly burdensome when compared to their lack of substance in developing the case.   Subject to and without waiving the above objection, Defendant answers: See Tabs E and F.

**REQUEST FOR PRODUCTION NO. 36**
Paragraph 14 of the Affidavit of Dan Youtoff, attached to Defendant Novopharm Holdings, Inc.'s Motion for Summary Judgment references a "First Amendment" to the Operating Agreement.  Please produce that First Amendment.

**RESPONSE:**

See Tab E.

**REQUEST FOR PRODUCTION NO. 37:**
Paragraph 14 of the Affidavit of Dan Youtoff, attached to Defendant Novopharm Holdings, Inc.'s Motion for Summary Judgment references a "First Amendment" to the Operating Agreement.  Please produce the original Operating Agreement.

**RESPONSE:**

See Tab E.

**REQUEST FOR PRODUCTION NO. 38:**
Paragraph 16 of the Affidavit of Dan Youtoff, attached to Defendant Novopharm Holdings, Inc.'s Motion for Summary Judgment references a "Second Amendment" to the Operating Agreement. Please produce that Second Amendment.

**RESPONSE:**

See Tab E.

**REQUEST FOR PRODUCTION NO. 39**:
Paragraph 16 of the Affidavit of Dan Youtoff, attached to Defendant Novopharm Holdings, Inc.'s Motion for Summary Judgment references a "Second Amendment" to the Operating Agreement. Please produce any subsequent amendments.

**RESPONSE**:

See Tab E.

**REQUEST FOR PRODUCTION NO. 40**:
Please produce all correspondence to or from the Texas Department of Insurance relating to the licensing of Certus as an HMO.

**RESPONSE**:

See Tab H.

**REQUEST FOR PRODUCTION NO. 41**:
Please produce all memorandum, reports, notes or other documents evidencing, relating to, pertaining to, or discussing the licensing of Certus as an HMO.

**RESPONSE**:

See Tab H.

**REQUEST FOR PRODUCTION NO. 42**:
Please produce the sale contract selling Certus to Certus Health Management, Inc., a subsidiary of Wellcare HMO, Inc.

**RESPONSE**:

Defendants object to this request as being outside the scope of discovery.

**REQUEST FOR PRODUCTION NO. 43**:
Everything provided to any expert witness you may: (1) call as a witness at the class certification hearing; (2) call as a witness at the trial of this case; or (3) use as a witness or affiant in connection with Defendant Novopharm Holdings, Inc.'s Motion for Summary Judgment.

**RESPONSE**:

Will supplement.

**REQUEST FOR PRODUCTION NO. 44**:
Everything produced to any expert witness you may: (1) call as a witness at the class certification hearing; (2) call as a witness at the trial of this case; or (3) use as a witness or affiant in connection with Defendant Novopharm Holdings, Inc.'s Motion for Summary Judgment.

## RESPONSE:

Will supplement.

## REQUEST FOR PRODUCTION NO. 45:

Everything reviewed by any expert witness you may: (1) call as a witness at the class certification hearing; (2) call as a witness at the trial of this case; or (3) use as a witness or affiant in connection with Defendant Novopharm Holdings, Inc.'s Motion for Summary Judgment.

## RESPONSE:

Will supplement.

## REQUEST FOR PRODUCTION NO. 46:

Everything relied upon by any expert witness you may: (1) call as a witness at the class certification hearing; (2) call as a witness at the trial of this case; or (3) use as a witness or affiant in connection with Defendant Novopharm Holdings, Inc.'s Motion for Summary Judgment.

## RESPONSE:

Will supplement.

# Michael R. Cowen, P.C.

**765 E. 7th Street, Suite A**
**Brownsville, Texas 78520**
**Telephone (956) 541-4981  Facsimile (956) 504-3674**

September 15, 2000

Via Facsimile (542-0016)
Mr. Jeffrey D. Roerig
Roerig, Oliveira & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520

> Re:   Civil Action No. B-00-053
>        *Joel Flores v. Certus Healthcare, et al.*

Dear Mr. Roerig:

I have begun to review Certus' discovery responses.  Although my co-counsel and I have yet to complete a through review of your responses, my initial review has raised some concerns that I would like to address.  Hopefully, we can address these issues informally without having to resort to seeking court intervention.

## CERTUS' RESPONSES TO
## PLAINTIFFS' REQUESTS FOR ADMISSIONS

### Requests Relating to Numerousity (Requests for Admission Nos. 1, 2 & 30)

You have denied that the putative class meets the numerousity requirement for class certification, and denied that it contains more than 20,000 members.  I think that in denying these requests for admission, you are using a different class definition than the one set out in the Plaintiff's Original Petition.

Plaintiff's Original Petition defines the putative Class as follows:

> **All policyholders, beneficiaries and members of any health insurance plan or HMO from Certus Healthcare, L.L.C. from January 1, 1998 to the present.**

The putative Class is not limited to those members who were unable to receive covered treatment or health care.  Given that the documents you have produced in response to our requests for production indicate that Certus had well over 20,000 members during the class period, it appears that the putative Class does, in fact, have over 20,000 members.  Please consider changing your responses to requests for admission nos. 1, 2 and 30 so that we can focus our energy on those matters actually in dispute.

## Requests Regarding Adequacy of Counsel(RFA Nos. 10-17, 19-22)

You have denied that my co-counsel and I are adequate to conduct this litigation. Do you intend to contest adequacy of counsel at the class certification hearing? If so, please let me know now so that we can begin preparing for such an unseemly fight. If not, please change your answers to requests for admission numbers 10-17 and 19-22.

## CERTUS' RESPONSES TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

### Interrogatory No. 1

In my first interrogatory to Certus, I sought information relevant to defining the putative Class and ensuring that a plan to give notice to the putative ERISA Subclass could be formulated. I need to show the judge that I will be able to segregate the ERISA Subclass from the Non-ERISA Subclass. You had several concerns about giving me the requested information, and therefore did not provide it. I would like to address each of your concerns and provide you with sufficient assurances for you to fully answer the interrogatory.

First, you objected to providing any information on policies that were sold outside of the Class period, January 1, 1998 to the present. While I agree that there is no need for you to provide information relating to people who are not members of the putative Class, I think that limiting your response to policies <u>sold</u> during the Class period will not provide me with information on every member of the putative Class. I propose that we limit the scope of your response to persons or groups who were members or insureds or Certus during the Class period (i.e., from January 1, 1998 to the present).

Second, you contend that "Defendant Certus has already provided to the Plaintiff all of the names under which its members applied and received policies." I assume you are referring to the attachments to the affidavit of Peter Hernandez, which was submitted to the Court in connection with your opposition to my motion to remand. If my assumption is correct, please confirm it in writing so that I can represent to the Court at the class certification hearing that those documents represent all of the members of the putative Class.

However, even if you have already provided the identity of each purchaser of a group or individual plan, you have not fully identified al putative Class members because you have not identified the persons who were enrolled as part of a group plan.

In subpart a of Interrogatory No. 1, I asked for "The name of the employer or employee organization that established or maintained the Plan." You objected on the ground that "Certus was never required to establish whether the name of the employer or the employer organization used to obtain its health benefit plan was the same name that the employer or the employer organization used for any

other benefit provided by the plan." With all due respect, I do not understand your objection. I just want the names that are in Certus' records. Certus does not have to certify that the employers do not use other names for other purposes. Please answer subpart a to Interrogatory No. 1.

In subpart b, I asked for "[t]he name of the Plan" for each policy that you contend constitutes an ERISA plan. You objected on the ground that Certus was never required to determine what name the employer or employer organization attached to the plan itself." I think that you misunderstood the subpart. What I wanted to know is which type of Certus plan was purchased by the employer; I do not care what name, if any, the employer gave the plan. Given this clarification, are you willing to answer subpart b.

In subpart c, I asked you to identify the documents that constituted each alleged ERISA plan. You objected on the ground that you had already produced the policy documents. I appreciate you producing the documents, but my problem is that I cannot determine which sets of documents apply to which group policies. Perhaps you could identify which set of documents apply to which group policies.

In subpart d, I asked for the "name and address of every member, participant, enrollee or beneficiary of the Plan." You objected to providing this information "before sufficient safeguards are put in place to protect those individuals from unwarranted and unfair contact soliciting participation in litigation." I understand your concern, and assure you that I do not intend to use this information to seek to represent those persons (other than through the class certification process—that is, I will seek to certify a class that would represent them, but I do not intend on soliciting putative Class members by using the information requested in subpart d). Perhaps we can enter into an agreed order regulating contact with putative Class members. I propose that we enter into an agreed order containing the following provisions:

- Plaintiffs' counsel shall not make any telephonic or in person attempts to solicit any putative Class members (which, or course, would violate our barratry law as well as Article Seven of the Texas Disciplinary Rules of Professional Conduct).

- No party shall make any mass mailings to the members of the putative Class unless such mailing is approved by the Court, after giving opposing counsel notice and an opportunity to oppose the mailing.

- Plaintiff's counsel may contact individual putative Class members for the purpose of investigating this case or seeking witnesses; provided, however, that Plaintiff's counsel shall not accept employment in this matter from any putative class member contacted by telephone or in person by Plaintiff's counsel, unless the putative Class member initiated the contact by independently seeking out Plaintiff's counsel.

- Defendants' counsel shall not communicate with members of the putative Class regarding the issues involved in this suit unless such communication is approved by the Court after giving opposing counsel notice and an opportunity to oppose such communication.

Basically, I believe that such an order would allow my co-counsel and I to continue our investigation of this claim and to have the information necessary to provide notice to the Class, and at the same time prevent any unseemly or unethical solicitation.

As for subpart e, which asks for the identity of each Plain administrator, you objected because Certus was never required to keep such information. I believe this objection to be improper. Either Certus has the information or it does not. If it did not have the information, please withdraw your objection and simply state that Certus does not have it. If it does possess the information, then the information is discoverable regardless of whether Certus was required to keep it.

Inerrogatory No. 2

You objected to Interrogatory No. 2 on the ground that you did not wish to provide such information regarding Certus' members "until sufficient safeguards are in effect to protect its members from unwarranted contact and solicitation of litigation." Again, I am willing to enter into an agreed order to address your concerns.

Interrogatory No. 8

In subpart c, I requested that Certus "[i]dentify any other versions or drafts of the 'Certus HealthCare at a Glance' that were distributed to members/enrollees or potential members/enrollees." Certus' response was "Check with printer and ad file." Unfortunately, I do not know what Certus refers to when is says to "[c]heck with printer and ad file." Please amend your answer to tell me where to look.

Interrogatory No. 9

In subpart c, I requested that Certus "[i]dentify any other versions or drafts of the 'Certus HealthCare Medical Network; that were distributed to members/enrollees or potential members/enrollees." Certus's response was "Same as and definitely changed in 1998." This response is unintelligible. Please amend it to state more clearly what your client means.

Interrogatory No. 10

In subpart c, I requested that Certus "[i]dentify all other versions or drafts of the 'Certus HealthCare Member Handbook' that were distributed to members/enrollees or potential members/enrollees." Your client's response was,

CVAPDF - www.tavisa.com

"These items have all been produced in response to request for production of documents." While I appreciate you producing these documents, can you amend your response to reference at which tab the documents are located?

## CERTUS' RESPONSE TO PLAINTIFF'S
## FIRST REQUESTS FOR PRODUCTION

Request for Production No. 1

In Request for Production No. 1, I requested "brochures, marketing materials or other promotional materials. . . ." In your response, you stated that "Defendant understands this request to apply to materials furnished potential members." However, the request is not limited to marketing aimed at potential members. It also encompasses materials sent to existing members. Please supplement your response to include any brochures, marketing materials or other promotional materials set to existing members.

Request for Production No. 4

In Request for Production No. 4, I requested "[a]ll documents sent or provided by Certus to Plaintiff or the Class." You limited the scope of this request before answering it. First, you interpreted the request to apply only to "generalized information of a marketing nature sent to members or prospective members." Second, you objected to producing "specific correspondence regarding specific members' claims, and payment histories as being overly broad and burdensome and subject to the doctor/patient privilege."

I agree that your second objection raises valid concerns. I do not want every single claim form and doctor's report for every putative class member. However, I do believe that I am entitled to every piece of correspondence that Certus sent Joel Flores or his representatives. Please supplement your response to produce such documents.

Further, although I do not disagree with your objection as it relates to "specific correspondence regarding specific members' claims," I also do not believe that the response should be limited to "generalized information of a marketing nature." Rather, it should include any mass mailings that Certus provided to its members, including any explanations of the problems that Certus was experiencing, notices regarding Certus' financial condition, etc. Please supplement your response to more fully respond the this request for production.

Request for Production No. 11

In Request for Production No. 11, I requested documents "evidencing or relating to Novopharm, Ltd., agreeing to contribute funding to Certus HealthCare, L.L.C." You only produced the some basic corporate documents—the Operating Agreement, the Contribution and Subscription Agreement, and their amendments. You objected to producing any other documents.

In all likelihood, there are notes, memoranda, and correspondence regarding Novopharm, Ltd.'s contributions to Certus, and the fact that Novopharm repeatedly agreed to contribute additional funds to Certus. Given that Novopharm Holdings, Inc. has moved for summary judgment on the undercapitalization and apparent agency theories, these documents are not only relevant, they are essential to the Plaintiff's case. Further, given that, as I read the agreement for the sale of Certus to the Patel group, Novopharm's duty to indemnify Certus in this case is limited to $1 million, your client should have an interest in producing these documents so that Novopharm remains a party in this case.

Please withdraw your objection and produce all documents responsive to this request.

Request for Production No. 12

In Request for Production No. 12, I requested "documents evidencing or relating to Novopharm Holdings, Inc. agreeing to contribute funding to Certus HealthCare, L.L.C." You made the same objection that you made to Request for Production No. 11. For the same reasons I set forth in my comments to your response to Request for Production No. 11, I request that you withdraw your objections and fully respond to the request.

Requests for Production Nos. 13 & 14

In Requests for Production Nos. 13 and 14, I requested all correspondence with the Texas Department of Insurance ("TDI") regarding the Novopharm entities' funding of or contributions to Certus. You objected to fully responding to these requests, and only provided a few documents (Tabs E and F).

I believe that there are additional relevant documents, and therefore request that you withdraw your objections and fully comply with the interrogatories. As you know, the TDI was actively monitoring Certus. There was a Certus task force set up within the TDI. The TDI placed Certus in conservatorship in 1999. And it was Novopharm's repeated agreements to contribute additional capital that appears to have prevented the TDI from shutting down Certus. Given this background, I am sure that there are additional notes, memoranda, and letters on this issue.

Requests for Production Nos. 15 & 16

In Requests for Production Nos. 15 and 16, I request the same information with respect to Total Healthcare Plans' agreements to fund Certus as I did in with respect to the Novopharm entities in Requests for Production Nos. 11-14. For the same reasons, I request that you withdraw your objections and fully respond to the requests.

## Requests for Production Nos. 17 & 18

In Requests for Production Nos. 17 and 18, I requested documents relating to deposits that the Novopharm entities made with the TDI. You again objected and only provided the scant materials contained in Tabs E and F. As with Requests for Production 11-16, the requested documents are material to my undercapitalization claims. I therefore request that you withdraw your objections and fully respond to the requests.

## Request for Production No. 21

In Request for Production No. 21, I requested "documents that evidence of relate to Novopharm Holdings, Inc.'s agreement to contributed an additional $5,400,000.00 to cover Certus' existing liabilities and potential claims at the time of its sale to Wellcare." You again objected and only provided the documents contained in Tabs E and F, which really do not contain any responsive documents other than the Fourth Amendment to Certus' Operating Agreement.

Again, the requested documents are very relevant to the issues raised by Novopharm Holdings, Inc.'s motion for summary judgment. Please withdraw your objections and fully respond to the request.

## Request for Production No. 22

In Request for Production No. 22, I requested "documents that evidence or relate to the sale of Certus HealthCare, L.L.C. to Certus Health Management, Inc. or Wellcare HMO, Inc." You objected to the request "as being beyond the scope of discovery." I disagree. The requested documents are relevant to Plaintiff's claims for several reasons. First, the fact that Novopharm had to pay the "purchaser" over $5 million to take Certus off his hands is evidence that the company was undercapitalized and otherwise in financial disarray. Second, in the "due diligence" process associated with a corporate acquisition, documents regarding Certus' delay and denial of claims would likely have been produced and gathered. Therefore, please withdraw your objection and fully comply with this request.

## Requests for Production 23, 24 & 27

In Requests for Production 23, 24, and 27, I requested documents evidencing or relating to any contributions made by the Novopharm entities either to or on behalf of Certus, or evidencing or relating to any agreements to make contributions. You objected to fully responding to the requests, and only produced the documents contained in Tabs E and F. As I have stated previously in this letter, such information is relevant and discoverable. Please withdraw your objections and produce the requested documents.

## Request for Production No. 32

In Request for Production No. 32, I requested all of the minutes of all meetings of the Board of Directors of Certus. You objected on the ground that the request is "beyond the scope of discovery." I disagree. Certus appears to have been a company in trouble. Surely the minutes contain information relevant to the claims delay, financial troubles, and relationship with Novopharm. Further, given that Novopharm officers served as managers and officers of Certus, these minutes are relevant to the control that the Novopharm entities exercised over Certus, which is relevant to whether the corporate veil can be pierced.

## Request for Production No. 33

In Request for Production No. 33, I requested documents regarding "the fact that the [TDI] would not approve the application for qualification as a licensed HMO unless Certus further proved it had adequate financial support." Again, you objected to fully complying with this request and only produced the materials contained in Tabs E and F. However, this information is highly relevant. What better evidence is there of Certus' undercapitalization than the fact that the TDI required parental guarantees before allowing it to operate. Please withdraw your objection and fully comply with this request. In doing so, please produce all relevant correspondence with the TDI and the Novopharm entities, as well as all internal notes and memoranda, along with any other responsive documents.

## Request for Production No. 34

In Request for Production No. 34, I asked for documentation relating to a specific quote from the affidavit of Dan Youtoff, which supports Novopharm Holdings, Inc.'s motion for summary judgment. The requested documents relate to Novopharm's agreeing to contribute $3,000,000.00 "in response to the notice or demands of TDI." You objected to fully responding to this interrogatory. However, I am clearly entitled to ask for the documents underlying Novopharm's summary judgment evidence. Therefore, please withdraw your objection and fully respond to the request.

## Request for Production No. 35

In Request for Production No. 35, I requested documents relating to "Total Health Care Plan's agreeing to contribute . . . $260,000.00" to Certus. You objected, and only produced the materials contained in Tabs E and F. Again, the requested documents are relevant to whether Certus was sufficiently capitalized. Please withdraw your objection and produce the requested documents.

## Request for Production No. 42

In Request for Production No. 42, I requested the sale contract selling Certus to Certus Health Management, Inc. You objected to the request as being

CSitPDF - www.fsssiz.com

outside the scope of discovery. However, the terms of the sale contract are relevant to whether Certus was sufficiently capitalized and its financial condition. Therefore, please withdraw your objection and fully respond to this request.

## CONCLUSION

I sincerely hope that we can amicably work out my concerns with your discovery responses without Court intervention. However, given that I am under a tight timetable with the October 27 deadline set out in the Scheduling Order, we cannot take as much time to work these matters out as we normally would. Therefore, I would like us to try to work them out in the next week. If we cannot work them out before Friday, September 22, 2000, I will have to file a motion to compel.

Please call me at your earliest convenience so that we can try to work these issues out.

Yours truly,

MICHAEL R. COWEN, P.C.

By: Michael R. Cowen

cc:   Cesar Amador (Via Facsimile)

Norton A. Colvin
Rodriguez, Colvin & Chaney, L.L.P.
1201 E. Van Buren Street
Brownsville, Texas 78520

John R. Wallace
Wallace, Creech & Sarda, L.L.P.
UCB Plaza
3605 Glenwood Avenue, Suite 240
Raleigh, North Carolina 27612



# ROERIG, OLIVEIRA & FISHER, L.L.P.
## ATTORNEYS AT LAW

<u>Partners</u>
Jeffrey D. Roerig•*
Rene O. Oliveira
W. Michael Fisher
Ricardo Morado
Crisanta Guerra Lozano
Elizabeth G. Neally
Victor V. Vicinaiz*†
David G. Oliveira
Adolph Guerra, Jr†

*Board Certified -
' Personal Injury Trial Law
  Texas Board of Legal Specialization
•Board Certified -
  Civil Trial Law
  Texas Board of Legal Specialization

Main Office
855 West Price Road - Suite 9
Brownsville, Texas 78520-8786
Tel. 956 542-5666    Fax 956 542-0016

*Hidalgo County Office
506 East Dove
McAllen, Texas 78504
Tel. 956 631-8049    Fax 956 631-8141

<u>Partners</u>
D. Alan Erwin, Jr.
Michael A. Zanca*
D. Wilkes Alexander
Rosemary Conrad-Sandoval*
Lucila Alvarado*

<u>Associates</u>
Jesus Quezada, Jr.
Liza M. Vasquez*

**September 11, 2000**

File No.:

**21,842**

Mr. Michael R. Cowen
Michael R. Cowen, P.C.
765 E. 7th Street, Suite A
Brownsville, TX   78520

 Re:  Civil Action No. B-00-53, U.S. District Court
   Southern District of Texas
   *Joel Flores, et al. v. Certus Healthcare, L.L.C., et al.*

Dear Mr. Cowen:

 You sent Plaintiff's Second Set of Request for Production to Defendant, Certus Healthcare, L.L.C.  There are no documents which discreetly set out the status of the people you inquire bout and their last known address.  However, your document is not really a request for production anyway.  It is an interrogatory with fifty-six sub-parts.

 We can either litigate my objections to your inappropriate request for production, or you can agree that the request represents fifty-six interrogatories, in which case I will answer all of those interrogatories without objecting that they exceed the number allowed by the rules, and you will agree to send me no further interrogatories.

 Please let me know how you wish to proceed.

Case 1:00-cv-00053   Document 32   Filed in TXSD on 10/24/2000   Page 57 of 64

Thank you for your attention to this matter.

Very truly yours,

ROERIG, OLIVEIRA & FISHER, L.L.P.

Jeffrey D. Roerig

JDR/rom

cc:  Mr. John Ventura
     Mr. Anthony Carrabba
     LAW OFFICES OF JOHN VENTURA, P.C.
     7 North Park Plaza
     Brownsville, TX   78521

cc:  Mr. Norton A. Colvin, Jr.

# MICHAEL R. COWEN, P.C.

765 E. 7TH Street, Suite A
Brownsville, Tx. 78520
Telephone (956) 541-4981  Facsimile (956) 504-3674

September 12, 2000

Via Facsimile (542-0016)
Mr. Jeffrey D. Roerig
Roerig, Oliveira & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520

Re:    Civil Action No. B-00-053
       *Joel Flores v. Certus Healthcare, et al.*

Dear Mr. Roerig:

I have received your letter dated September 11, 2000, in which you complain about Plaintiff's Second Set of Requests for Production to Defendant Certus HealthCare, L.L.C. I must respectfully disagree with your contention that my requests from production are "inappropriate" or really "an interrogatory with fifty-six subparts." Rather, I believe them to constitute legitimate document requests.

It is my understanding that most businesses keep employee files on all of their employees, and retain those files on ex-employees. Generally, current addresses are kept on both current and former employees so that W-2 forms can be sent to them at the end of the year. Employment files also typically contain information regarding when an employee commenced employment, and whether and when that employment terminated.

That being said, the information I want to learn from the requests for production is whether each of the 56 employees are still employed by Certus/Wellcare, and what their last known addresses and telephone numbers are. If you would agree to supplement your response to Interrogatory number 3, which asks for the address and phone numbers of persons with knowledge of relevant facts, to include the last known addresses and telephone numbers of those 56 employees/ex-employees, and to include whether they are still employed by Certus/Wellcare, I would be willing to withdraw the Plaintiff's Second Set of Requests for Production to Defendant Certus HealthCare, L.L.C.

However, I cannot agree not to propound any further interrogatories to Certus. Based upon my earlier agreement with Marjory Batsell, I have only propounded discovery on issues relating to class certification and Novopharm's vicarious liability. I have not propounded discovery on the merits. Given the heightened duties I have as attorney for a putative class, I cannot agree to limit my ability to conduct merits-based discovery.

One solution would be for us to agree to modify the number of permissible interrogatories to both allow me to adequately prosecute the putative class' claim while at the same time protecting you from overburdensome discovery. I propose that we allow the Plaintiff/putative class to:

1. Propound 20 interrogatories on issues relating to class certification and Novopharm Holdings, Inc.'s motion for summary judgment;

2. Obtain the information regarding the last known address, telephone number and employment status of Certus/Wellcare employees; and

3. Propound 30 interrogatories on merits-based issues.

Given the complex nature of the *Flores v. Certus* matter, I do not feel that such a request is inappropriate. If we cannot agree, I guess that both of us will have no choice but to ask the Court to impose a solution.

Please contact me at your convenience to let me know what you would like to do.

Yours truly,

Michael R. Cowen

MRC/jol

cc:   Mr. Norton A. Colvin, Jr.                    Regular U.S. Mail
      RODRIGUEZ, COLVIN & CHANEY, L.L.P.
      1201 East Van Buren
      P. O. Box 2155
      Brownsville, Tx. 78520

      Cesar Amador                                 Via Facsimile



# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOEL FLORES, Individually and on Behalf of All Others similarly Situated | § § § | |
| v. | § § | CIVIL ACTION NO. B-00-53 |
| CERTUS HEALTHCARE, L.L.C., NOVOPHARM LIMITED, DAVID RODRIGUEZ, DR. ASHOK K. GUMBHIR, and NOVOPHARM HOLDINGS, INC. | § § § § § | CLASS ACTION |

---

### DEFENDANT CERTUS HEALTHCARE, L.L.C.'S RESPONSES AND/OR OBJECTIONS TO PLAINTIFF'S SECOND REQUESTS FOR PRODUCTION

---

TO:  Plaintiff, by and through his attorney of record:

Michael Cowen                    John Ventura
ZAVALETTA & COWEN                Cesar Amador
603 E. St. Charles Street        LAW OFFICES OF JOHN VENTURA PC.
Brownsville, Texas 78520         7 North Park Plaza
                                 Brownsville, Texas 78521

**COMES CERTUS HEALTHCARE, L.L.C.,** Defendant in the above styled and numbered

cause, and serves the following answers and/or objections to Plaintiff's Second Requests for

Production.

Respectfully Submitted,

**ROERIG, OLIVEIRA & FISHER, L.L.P.**
855 West Price Road, Suite 9
Brownsville, Texas 78550
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

By:_____
    Jeffrey D. Roerig
    State Bar No. 17161700
    Federal Bar No. 1503

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing has been mailed, Certified Mail, Return Receipt Requested, to the counsel for Defendant, and regular U.S. Mail to all other counsel to wit:

Michael Cowen
ZAVALETTA & COWEN
603 E. St. Charles Street
Brownsville, Texas 78520

John Ventura
Cesar Amador
LAW OFFICES OF JOHN VENTURA PC.
7 North Park Plaza
Brownsville, Texas 78521

Norton A. Colvin, Jr.
RODRIGUEZ, COLVIN & CHANEY, LLP
1201 East Van Buren
P. O. Box 2155
Brownsville, Texas 78522

on this 25th day of September, 2000.

Jeffrey D. Roerig

## SECOND REQUESTS FOR PRODUCTION

### SECOND REQUEST FOR PRODUCTION NO. 1:

All documents showing whether each of the following persons is still employed by Certus Healthcare, L.L.C. and/or its successor, Wellcare Health Plans of Texas, L.L.C.

a)   Frank Bolanos
b)   Alberto Cabada
c)   Claudia Cavasos
d)   Carole Donaldson
e)   Linda Fernandez
f)   J. Edgar Flores
g)   David Fuentes
h)   Irene Garcia
i)   Leticia Garcia
j)   Lizbeth Garcia
k)   Patricia Garcia
l)   Melissa Garza
m)   San Juana Garza
n)   Damaris Gonzalez
o)   Marj Greene
p)   Dolores Hernandez
q)   Gloria Herrera
r)   Febe Huerta
s)   Patricia Merkieb
t)   Ricardo Meza
u)   Mirna Pearson
v)   Melissa Richie
w)   David Rodriguez
x)   Noe Rodriguez
y)   Joey Saenz
z)   Renee Sanchez
aa)   James R. Stewart, M.D.
bb)   Ester Zamora
cc)   Wendy Schroeder

**RESPONSE: Objection:**   Federal Rule of Civil Procedure 34 states that a party "shall set forth, either by individual item or by category, the items to be inspected, and describe each with reasonable particularity." Plaintiff has failed to designate individual items or categories of items in its Request No. 1 of its Second Set of Request for Production. Defendant, Certus, therefore objects that the request is vague in failing to describe with sufficient specificity the document that is requested.

The fact is that Defendant, Certus, has literally hundreds of documents that deal with past and present employees and Plaintiff requests all of those documents in his request. Defendant, Certus, therefore further objects that the request is overly broad and burdensome in seeking volume of documents when only a small amount of information is desired by the Plaintiff.

The Plaintiff is simply attempting to find a way to ask which of the twenty-nine individuals still work for Certus and where the former employees now live. Plaintiff wants to do this without using up fifty-eight interrogatories.

## SECOND REQUEST FOR PRODUCTION NO. 2:

All documents showing the current and/or last known address and/or telephone number of each of the following persons.

| | |
|---|---|
| a) | Frank Bolanos |
| b) | Alberto Cabada |
| c) | Claudia Cavasos |
| d) | Carole Donaldson |
| e) | Linda Fernandez |
| f) | J. Edgar Flores |
| g) | David Fuentes |
| h) | Irene Garcia |
| i) | Leticia Garcia |
| j) | Lizbeth Garcia |
| k) | Patricia Garcia |
| l) | Melissa Garza |
| m) | San Juana Garza |
| n) | Damaris Gonzalez |
| o) | Marj Greene |
| p) | Dolores Hernandez |
| q) | Gloria Herrera |
| r) | Febe Huerta |
| s) | Patricia Merkieb |
| t) | Ricardo Meza |
| u) | Mirna Pearson |
| v) | Melissa Richie |
| w) | David Rodriguez |
| x) | Noe Rodriguez |
| y) | Joey Saenz |
| z) | Renee Sanchez |
| aa) | James R. Stewart, M.D. |
| bb) | Ester Zamora |
| cc) | Wendy Schroeder |

**RESPONSE**: **Objection:**   Federal Rule of Civil Procedure 34 states that a party "shall set forth, either by individual item or by category, the items to be inspected, and describe each with reasonable particularity." Plaintiff has failed to designate individual items or categories of items in its Request No. 1 of its Second Set of Request for Production. Defendant, Certus, therefore objects that the request is vague in failing to describe with sufficient specificity the document that is requested.

The fact is that Defendant, Certus, has literally hundreds of documents that deal with past and present employees and Plaintiff requests all of those documents in his request. Defendant, Certus, therefore further objects that the request is overly broad and burdensome in seeking volume of documents when only a small amount of information is desired by the Plaintiff.

The Plaintiff is simply attempting to find a way to ask which of the twenty-nine individuals still work for Certus and where the former employees now live. Plaintiff wants to do this without using up fifty-eight interrogatories.