United States District Court
Southern District of Texas
FILED

NOV 01 2000

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOEL FLORES, ET AL | § | |
| | § | SUBPOENA IN A CIVIL CASE |
| PLAINTIFFS | § | |
| | § | CIVIL DOCKET No. 00-CV-53 |
| vs. | § | |
| | § | |
| CERTUS HEALTHCARE, L.L.C. | § | SOUTHERN DISTRICT OF |
| ET AL | § | TEXAS |
| | § | BROWNSVILLE DIVISION |
| DEFENDANTS | § | |
| | § | JUDGE HILDA TAGLE |
| | § | |
| | § | MAGISTRATE: |
| | § | JUDGE JOHN W. BLACK |

### NONPARTY TEXAS MEDICAL ASSOCIATION'S OBJECTIONS TO CERTAIN REQUESTS IN DEFENDANT'S SUBPOENA DUCES TECUM

To the Honorable Judge of Said Court:

COMES NOW Texas Medical Association, ("TMA"), a Nonparty to the above styled and numbered lawsuit, upon whom Plaintiff Joel Flores served a subpoena for production of documentary evidence on or about October 18, 2000. TMA is a private, non-governmental, voluntary, non-profit organization of physicians founded in 1853 to serve the people of Texas in matters of medical care, prevention and cure of disease, and the improvement of public health. Pursuant to Rule 45 of the Federal Rules of Civil Procedure, TMA objects to the following requests in Plaintiff's subpoena duces tecum in consideration of the above and based on the following grounds:

I.

Some requests of the Subpoena Duces Tecum require TMA to produce:

- Any documents relating to or regarding any complaints or concerns on the part of physicians about Certus Healthcare, L.L.C.
- Any documents relating to or regarding any complaints or concerns on the part of the Texas Medical Association about Certus Healthcare, L.L.C.
- Your complete file regarding Certus Healthcare, L.L.C.
- Any documents or correspondence sent to the Texas Department of Insurance regarding Certus Healthcare, L.L.C.
- Any correspondence with, to or from Certus Healthcare, L.L.C.
- Any documents regarding, referencing, or relating to Certus Healthcare, L.L.C.
- Any documents referencing or pertaining to Certus Healthcare, L.L.C that were or are maintained as part of the Texas Medical Association's "Hassle Factors Log Program",

TMA objects to the foregoing requests on the grounds that they violate the physician/patient privilege as recognized by Texas Rule of Evidence 509 and as adopted for use in this forum pursuant to Federal Rule of Evidence 501 because these records reveal patient names, social security numbers, diagnoses and treatment of individuals not party to this action. As a division of this Court said:

> "The purpose of the privilege is to enable a patient to secure complete and appropriate medical treatment by encouraging candid communication between patient and physician free from the fear of possible embarrassment and invasion of privacy engendered by an unauthorized disclosure of information. The fostering of open and honest communication within this relationship, just as within the attorney/client relationship, is deemed to outweigh society's interest in obtaining information, Harlan v. Lewis, 141 F.R.D. 107, 109 (E.D. Ark,. 1992), aff'd, 982 F.2d 1255 (8th Cir.), cert. denied, Hall v. Harlan, 510 U.S. 828, 114 S.Ct. 94, 126 L. Ed.2d 61 (1993), and while persons outside the legal profession might not understand all of the legal niceties surrounding the privilege there is, nonetheless, a general public understanding that physicians will not disclose patient information unless or until they are legally compelled to do so. Id. At 110. Quite candidly, case law and Texas Rule 509(d)(4) create an exception, or statutory waiver, of the privilege, but only as to communications or records relevant to the issue of a plaintiff's medical condition when litigation relative to that condition is instituted."

Horner v. Rowan Companies, Inc., 153 F.R.D. 597, 601 (D. Texas 1994).

It has been recognized that even though the patient, or the patient's legal representative or guardian, is the sole "holder of the privilege," a court should nevertheless consider the application of the privilege when the patient is not represented. Third parties have asserted and courts have applied the physician/patient privilege when third parties are necessary recipients of the communication. Phillips v. Medtronic, Inc., 130 F.R.D. 136, 142 (D. Kan. 1990). Therefore, TMA, for the benefit of the nonparty patients whose identities and diagnoses will be disclosed in the records being sought, urges the Court to preclude discovery in this matter based on the physician/patient relationship.

TMA therefore objects to Plaintiff's requests because they breach the physician/patient privilege as recognized by Texas Rule of Evidence 509 and as adopted for use in this forum pursuant to Federal Rule of Evidence 501.

_____
Helene A. Alt
State Bar No. 01116500
Attorney for Texas Medical Association
401 West 15th Street
Austin, Texas  78701
512 370-1338
512 370-1636 FAX

## CERTIFICATE OF SERVICE

I hereby certify that on this the ___31___ day of ___Oct___, 2000, a true and correct copy of the foregoing instrument has been properly delivered via certified mail to:

John Ventura
Attorney at Law
62 E. Price Rd.
Brownsville, TX  78521

Cesar A. Amador
Law Offices of John Ventura
7 N. Park Plaza
Brownsville, TX  78521

Michael Raphael Cowen
Attorney at Law
765 W. 7th St., Ste. A
Brownsville, TX  78520

Jeffrey Dale Roerig
Roerig, Oliveira & Fisher
855 W. Price Rd, Ste. 9
Brownsville, TX  78520

Dan Alan Erwin, Jr.
Attorney at Law
855 W. Price Rd., Ste. 9
Brownsville, TX  78520

Norton A. Colvin, Jr.
Rodriquez, Colvin & Chaney
1201 E. Van Buren
Brownsville, TX  78520

John R. Wallace
Wallace, Creech et al
P.O. Box 12065
Raleigh, NC  27605

_____
Helene A. Alt