United States District Court
Southern District of Texas
FILED

DEC 1 2 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOEL FLORES, Individually and On Behalf of All Others Similarly Situated | * * * | |
| VS. | * | CIVIL ACTION NO. B-00-053 |
| | * | |
| CERTUS HEALTHCARE, L.L.C.; NOVOPHARM LIMITED; DAVID RODRIGUEZ; DR. ASHOK K. GUMBHIR; and NOVOPHARM HOLDINGS, INC. | * * * * | |

## NOTICE OF SUPPLEMENTAL FILING OF SECOND AFFIDAVIT OF DAN YOUTOFF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW NOVOPHARM HOLDINGS, INC., Defendant herein, and hereby submits the original Second Affidavit of Dan Youtoff as supplemental evidence in support of its Motion for Summary Judgment. A copy of this Affidavit is attached as Exhibit A.

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
Norton A. Colvin, Jr. *by permission*
State Bar No. 04632100
Federal No. 1941
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
Ph:   (956) 542-7441
Fax:  (956) 541-2170

John R. Wallace
Paul P. Creech
Wallace, Creech & Sarda, L.L.P.
Post Office Box 12065
Raleigh, North Carolina 27605
Ph:   (919) 782-9322
Fax:  (919) 782-8113
ATTORNEYS FOR DEFENDANT,
NOVOPHARM HOLDINGS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Notice of Supplemental Filing of Second Affidavit of Dan Youtoff in Support of Defendant's Motion for Summary Judgment was served upon all counsel of record, to-wit:

>Michael R. Cowen
>Michael R. Cowen, P.C.
>765 East 7th Street, Suite A
>Brownsville, Texas 78520
>Attorneys for Plaintiff
>
>John Ventura
>Anthony Carrabba
>Law Offices of John Ventura, P.C.
>7 North Park Plaza
>Brownsville, Texas 78521
>Attorneys for Plaintiff
>
>Jeffrey D. Roerig
>Roerig, Oliveira & Fisher, L.L.P.
>855 West Price Road, Suite 9
>Brownsville, Texas 78520
>Attorneys for Defendants Certus Healthcare, L.L.C., David Rodriguez, and Dr. Ashok K. Gumbhir

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 12th day of December, 2000.

_____
Norton A. Colvin, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JOEL FLORES, Individually and )
On Behalf of All Others Similarly Situated, )
)
Plaintiffs, )
)
v. ) Civil Action No. B-00-053
)
CERTUS HEALTHCARE, L.L.C., )
NOVOPHARM LIMITED, DAVID )
RODRIGUEZ, DR. ASHOK K. GUMBHIR )
and NOVOPHARM HOLDINGS, INC. )
)
Defendants. )

## SECOND AFFIDAVIT OF DAN YOUTOFF

I, Dan Youtoff, being first duly sworn hereby depose and say:

1. I am a citizen and resident of Aurora, Ontario, Canada. I am employed by Novopharm Limited (hereinafter "Limited"), a defendant in this action. My position with Limited is Director of Treasury and Financial Services, and the responsibilities and duties arising from that position relate to the financial affairs of Limited and its subsidiaries. Novopharm Holdings, Inc. (hereinafter "Holdings"), a Delaware corporation, is a subsidiary of Limited. Certus Healthcare, L.L.C. (hereinafter "Certus") was formerly a subsidiary of Limited.

2. I have given testimony by deposition on the 4th day of October 2000.

3. I have been provided with a copy of the Plaintiff's Response to the Motion for Summary Judgment of Novopharm Holdings, and by this affidavit wish to supplement the testimony given on October 4th, 2000.



EXHIBIT A

4. In particular I have read the section of Plaintiff's Response entitled "Factual Background" and have observed that the Plaintiff has drawn certain incorrect inferences and has engaged in speculation with respect to the events and occurrences in issue.

5. At all times prior to the sale of Certus in November 1999, Holdings was the majority or sole shareholder of Certus. Holdings was also a manager of Certus, and it designated Leslie Dan and Ed McCormack as its representatives to participate in and observe the operations at Certus.

6. Holdings satisfied the funding requirements placed upon it for Certus by the Operating Agreement and its subsequent amendments. Holdings also fulfilled the requirements set by the Texas Department of Insurance.

7. Holdings' funding to Certus, in compliance with the operating agreement and its amendments, was made promptly in accordance with the budget requests by Certus' management.

8. The payment of $5.4 million by Holdings to the purchaser of Certus accounted for both payables of Certus on hand and payables to be received in subsequent months. The amount was based on calculations made by Reden & Anders, actuarial consultants, recommended by the Texas Department of Insurance (hereinafter "TDI"), who estimated the payables to be owed by Certus for the period before and after the sale was finalized, but arising from the period prior to closing. TDI approved the sale of Certus upon the terms set out in the agreement of sale.

9. The goal and effect of the $5.4 million payment to Wellcare was to pay all payables of Certus for medical care provided to Certus members prior to the sale.

10. Holdings, contrary to arguments by the Plaintiff in this case, maintains an identity separate from Limited. It is true that Holdings has no individual employees. Holdings, however, maintains corporate records, separate and apart from Limited.

11. The information in this affidavit is true and correct and is given upon personal knowledge.

FURTHER AFFIANT SAYETH NOT.

This the 8TH day of December, 2000.

Dan Youtoff, Director of Treasury and
Financial Services of Novopharm Limited

SWORN TO AND SUBSCRIBED
before me this 8TH day
of December, 2000.

Notary Public
My Commission Expires: Nov 7, 2003

John Kane Denike, Notary Public,
City of Toronto, limited to the
attestation of instruments and
the taking of affidavits, for
Novopharm Limited.
Expires November 7, 2003.

