IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 2 6 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JOEL FLORES, Individually and On Behalf of All Others Similarly Situated, ) ) ) ) Plaintiffs, ) ) v. ) ) CERTUS HEALTHCARE, L.L.C., ) NOVOPHARM LIMITED, DAVID ) RODRIGUEZ, DR. ASHOK K. GUMBHIR ) and NOVOPHARM HOLDINGS, INC. ) ) Defendants. ) | Civil Action No. B-00-053 |

### DEFENDANTS NOVOPHARM LIMITED AND NOVOPHARM HOLDINGS, INC.'S MOTION FOR RECONSIDERATION OF THE COURT'S MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:

COME NOW NOVOPHARM LIMITED AND NOVOPHARM HOLDINGS, INC., Defendants herein, and move the Court to reconsider its Memorandum Opinion and Order ("Opinion"), denying Defendants' Motion for Summary Judgment. In support of this Motion, Novopharm Limited and Novopharm Holdings, Inc. ("Defendants") respectfully show the Court the following:

### INTRODUCTION

Since the filing of the Defendants' respective Motions and reply brief, Defendants have become aware of a significant revision of Texas corporate law regarding the standard by which a claimant may seek the piercing of the corporate veil such that a parent corporation or other shareholder can be held responsible for the acts or omissions of a corporation. *See* Tex. Bus. Corp. Act Code Art. 2.21(A). Defendants acknowledge that the revisions took place in advance

of the filing of Novopharm Holdings, Inc.'s Motion for Summary Judgment, and that Defendants made no specific argument on the basis of the revision in either their original motion or their reply brief. However, Defendants respectfully request that the Court consider this argument, particularly in light of the recent decision of this Court by Judge H.W. Head, Jr. in *United States ex rel. CMC Steel Fabricators, Inc. v. Harrop Construction Co., Inc.*, 2000 U.S. Dist. LEXIS 20057 (S.D. Tex. December 21, 2000), a copy of which is attached hereto. In his opinion, Judge Head recognized the new interpretation afforded to article 2.21(A) of the Texas Business Corporation Act by the Texas Court of Appeals in *Menetti v. Chavers*, 974 S.W.2d 168 (Tex. App. – San Antonio 1998).

The Texas courts have not specifically addressed the issue of piercing the veil of a limited liability company, such as Certus Healthcare, L.L.C., a Texas limited liability company. However, this Court, in addressing Defendants' Motions for Summary Judgment, looked to Texas corporate law and the abundant precedent involving the piercing of a corporation. Defendants do not dispute the Court's analysis in that regard. Defendants simply wish to show the Court that the law of corporate piercing, as detailed below, has changed significantly since *Castleberry*.

## ARGUMENT

### The Revised Standard

As noted by this Court at page 7 of the Opinion, the primary case upon which Plaintiff relies, *Castleberry v. Branscum*, 721 S.W.2d 270 (Tex. 1986), was "superseded on other grounds" by article 2.21(A) of the Texas Business Corporation Act, as amended in 1989, 1993, and 1997. Defendants respectfully contend that *Castleberry* has also been superseded on grounds applicable to the present case as set forth in *Menetti* and *CMC Steel Fabricators*.

2

Prior to the 1997 revisions, article 2.21(A) was written such that "no <u>contractual</u> liability could be found under alter ego or 'similar' theories unless there was also a finding that the individual to be charged used the corporation to perpetuate and did perpetuate <u>actual fraud</u> on the obligee of the contract, primarily for the personal benefit of the individual." *Menetti*, 974 S.W.2d at 173 (*citing* Tex. Bus. Corp. Act. Ann. Art. 2.21(A)(2) (Vernon Supp. 1998)) (emphasis added).

Article 2.21(A), as revised in 1997 and interpreted in *Menetti*, extended the requirement that a claimant prove actual fraud to pierce the corporate veil to claims "arising" from the contractual obligation. The Texas Court of Appeals construed the 1997 amendments to article 2.21(A) "to blur the distinction between contractual obligations and other claims. The provision now states that it covers all contractual obligations of the corporation 'or any matter relating to or arising from the obligation.'" *Menetti*, 974 S.W.2d at 174. The Court noted that the official commentary associated with article 2.21(A) suggested that the actual fraud requirement should be applied to tort claims, especially those arising from contractual obligations. *Id*.

In effect, the revisions statutorily eliminate the "sham to perpetrate a fraud" method of piercing the corporate veil and its requisite showing of "constructive fraud" in claims based in or arising from a contract. The statutory requirement that <u>actual fraud</u> be shown heightens the test in these instances where the parties chose to deal with each other.

In *Menetti*, the plaintiffs, who were homeowners, sued the defendant shareholders and their corporation. The dispute involved an addition that defendants built onto the plaintiffs' house. Plaintiffs alleged claims for violations of the DTPA, fraud, breach of contract, negligence, and piercing the corporate veil. *Menetti*, 974 S.W.2d at 169. When applying the revised article 2.21(A) to the issue of piercing the corporate veil, the Court determined that all of

3

the claims, both those based in contract and those based in tort, arose from the construction contract between the parties. *Id.* at 174. The Court reasoned that the stricter standard – actual fraud – for piercing the corporate veil was warranted in that case because the usual concern in tort cases, that the parties did not encounter each other voluntarily, was not present. *Id.* Because the claimed torts arose from the contractual relation, the plaintiffs were aware of the defendants' corporate structure, chose to deal with them, and were obliged to present evidence of actual fraud to pierce the corporate structure.

The *Menetti* analysis of the amendments to article 2.21(A) was recognized and followed by Judge Head in *CMC Steel Fabricators*, 2000 U.S. Dist. LEXIS 20057. In that case, the defendant added, as a third-party defendant, the corporate parent of the plaintiff, alleging that the parent was liable under the "sham to perpetrate a fraud" theory for the claims of breach of contract, fraud, and deceptive trade practices. The parent was not a party to the contract between the original parties. *Id.* at *5. The Court, in a detailed analysis of the statute and its revisions, held that actual fraud must be shown as to the contract claims and that, had the case been filed after September 1, 1997, the effective date of the revisions, actual fraud would have been a required showing in the tort claims as well. *Id.* at *30. The Court did not impose the actual fraud requirement on the defendant in *CMC Steel Fabricators* because the case was pending on the effective date of the revisions and the statute specifically excluded those cases from the effect of the revisions. *Id.* at *31. Nevertheless, despite the revision's inapplicability to that case, the Court recognized the *Menetti* analysis and its effect on future corporate piercing cases.

### Application in this Case

In the instant case, all of the claims presented by Plaintiff on behalf of the purported class arise from contracts between the purported class members and Certus Healthcare. Plaintiff has

4

asserted a number of claims based in both contract and tort. However, without the contractual relations between Certus and Plaintiff and between Certus and the purported class members, there would be no dispute. Thus, all of the claims asserted in Plaintiff's petition "arise" from the contractual obligation between Certus and Plaintiff or the purported class members. Therefore, in order to pierce the corporate veil and reach the Novopharm Defendants, Plaintiff must have produced evidence of actual fraud.

In the Opinion, this Court relies on the definition of constructive fraud as stated in <u>Castleberry</u>. Referring to the "inequity" or "injustice" caused by constructive fraud, this Court held that the potential class's reliance on the financial backing of Novopharm Limited and Novopharm Holdings, Inc. is a question for the jury. <u>See</u> Opinion at 8-9. However, the standard by which the evidence was measured was inappropriate because of the actual fraud requirement in article 2.21(A). Moreover, the evidence presented by the Plaintiff was insufficient to demonstrate actual fraud by Certus, Novopharm Holdings, Inc., or Novopharm Limited. A showing of constructive fraud is simply not enough to preclude summary judgment for the Defendants on this issue. Plaintiff relies solely on the theory of constructive fraud in his Response to the Defendants' Motion for Summary Judgment. Plaintiff has not produced and cannot produce evidence of actual fraud on the part of the Novopharm Defendants such that he should be allowed to pierce the corporate structure.

## **CONCLUSION**

For the reasons stated, Defendants Novopharm Limited and Novopharm Holdings, Inc. respectfully request that the Court reconsider its previous denial of the Defendants' Motions for Summary Judgment and grant summary judgment in favor of the Defendants.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: /s/
    Norton A. Colvin, Jr.
State Bar No. 04632100
Federal No. 1941
Post Office Box 2155
Brownsville, Texas 78522
Phone: (956) 542-7441
Fax:   (956) 541-2170

ATTORNEYS FOR DEFENDANT
NOVOPHARM HOLDINGS, INC.

John R. Wallace
Paul P. Creech
Wallace, Creech & Sarda, L.L.P.
Post Office Box 12065
Raleigh, North Carolina 27605
Phone: (919) 782-9322
Fax:   (919) 782-8113

ATTORNEYS FOR DEFENDANT
NOVOPHARM LIMITED

### CERTIFICATE OF CONFERENCE

In compliance with Local Rules, Movant swears that he has conferred by telephone with Michael Cowen, counsel for Plaintiff, and Jeffrey D. Rorerig, counsel for Defendants Certus Healthcare, L.L.C., David Rodriguez, and Dr. Ashok K. Gumbhir, on March 26, 2001. Counsel for Defendants Certus Healthcare, L.L.C., David Rodriguez, and Dr. Ashok K. Gumbhir is not opposed to the relief prayed for in this motion; however, counsel for Plaintiff is opposed to the relief prayed for in this motion, and therefore, a hearing is required.

/s/
Norton A. Colvin, Jr.

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants Novopharm Limited and Novopharm Holdings, Inc.'s Motion for Reconsideration of the Court's Memorandum Opinion and Order Denying Defendants' Motion for Summary Judgment was served upon all counsel of record, to-wit:

> Michael R. Cowen
> Zavaletta & Cowen
> 603 East St. Charles Street
> Brownsville, Texas 78520
> Attorneys for Plaintiff
>
> John Ventura
> Anthony Carrabba
> Law Offices of John Ventura, P.C.
> 7 North Park Plaza
> Brownsville, Texas 78521
> Attorneys for Plaintiff
>
> Jeffrey D. Roerig
> Roerig, Oliveira & Fisher, L.L.P.
> 855 West Price Road, Suite 9
> Brownsville, Texas 78520
> Attorneys for Defendants Certus Healthcare, L.L.C., David Rodriguez, and Dr. Ashok K. Gumbhir

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 26th day of March, 2001.

_____
Norton A. Colvin, Jr.