46

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED
JUN 2 0 2001
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| JOEL FLORES, Individually and on Behalf of All Others similarly Situated | § § § | |
| VS. | § § | CIVIL ACTION NO. B-00-053 |
| CERTUS HEALTHCARE, L.L.C., NOVOPHARM LIMITED, DAVID RODRIGUEZ, DR. ASHOK K. GUMBHIR, and NOVOPHARM HOLDINGS, INC. | § § § § | |

## MEMORANDUM ORDER

Pending before the court is Defendants Novopharm Limited and Novopharm Holdings, Inc.'s ("Novopharm defendants") Motion for Reconsideration of the Court's Memorandum Opinion and Order Denying Defendants' Motion for Summary Judgment (Docket No.44) in which the Novopharm defendants point out that there has been a change in the Texas law regarding the burden which must be met to pierce the corporate veil.

## BACKGROUND

The background of this case has been set out in some detail in the Court's Memorandum Opinion of March 20, 2001 (Docket No. 43). In summary this case arises out of claims by policyholders of Certus Healthcare L.L.C. ("Certus") from January, 1, 1998 to the present against Certus and the Novopharm defendants. The Novopharm defendants, in its Motion for Summary Judgment, argued that it should not be held vicariously liable for the claims against Certus. This court denied the Motion for Summary Judgment relying on *Castlebury v. Branscum*, 721 S.W. 2d 270 (Tex. 1986).

## MOTION FOR RECONSIDERATION

The Novopharm defendants argue that the court's denial of their Motion for Summary Judgment was incorrect in view of two recent cases, *Menetti v. Chavers*, 974 S.W. 2d 168 (Tex. App.-San Antonio 1998, *no pet.*) and *United States ex rel. CMC Steel Fabricators, Inc. v. Harrop Construction Co. Inc.*, 131 F.Supp. 2d 882 (S.D. Tex 2000). Both cases stand for the proposition that in order to pierce the corporate veil in contractual cases there must be a showing of actual fraud.

## ORDER

The point made by the Novopharm defendants is valid. However, it overlooks the fact that Plaintiffs' Original Petition contains both contract and tort fraud allegations. Additionally, the allegations made by Plaintiffs are sufficient to raise the issue of actual fraud. The Motion for Reconsideration is, therefore **DENIED**.

SIGNED at Brownsville, Texas, this 19th day of June, 2001.

_____
John Wm. Black
United States Magistrate Judge