IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JOEL FLORES, Individually and<br>On Behalf of All Others Similarly Situated<br><br>Plaintiffs<br><br>VS<br><br>CERTUS HEALTH CARE, L.L.C.,<br>NOVOPHARM LIMITED,<br>and NOVOPHARM HOLDINGS, INC.<br><br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>: CIVIL ACTION NO. B-00-053<br>:<br>:<br>:<br>:<br>: |

United States District Court
Southern District of Texas
FILED

DEC 2 6 2001

Michael N. Milby
Clerk of Court

---

## DEFENDANT CERTUS HEALTHCARE, L.L.C.'S
## ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

---

TO THE UNITED STATES MAGISTRATE JUDGE:

COMES NOW CERTUS HEALTHCARE, L.L.C., Defendant in the above entitled and numbered cause, and files this its Answer in Response to Plaintiff's First Amended Complaint, and would show the Court as follows:

### PLAINTIFF'S FAILURE TO STATE A CLAIM

1. Defendant states that Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted against Defendant and moves the Court to dismiss Plaintiff's First Amended Complaint on that basis.

### ANSWER

2. Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph 1.1 of the Plaintiff's First Amended Complaint, and therefore, denies same.

3. Defendant admits the it was a Texas limited liability company. Defendant denies the remaining allegations contained in Paragraph 1.2 of Plaintiff's First Amended Complaint.

4. Defendant admits that Novopharm Limited is a Canadian company as alleged in Paragraph 1.3 of Plaintiff's First Amended Complaint. Defendant denies all remaining allegations contained in Paragraph 1.3 of Plaintiff's First Amended Complaint.

5. Defendant admits that Novopharm Holdings, Inc. is a Delaware corporation, formerly doing business in Texas. Defendant denies that Novopharm Holdings, Inc. is currently doing business in Texas.

6. Defendant admits that this Court has subject matter jurisdiction and that venue is proper in the Southern District of Texas. Defendant denies all remaining allegations contained in Paragraph 2.1 of Plaintiff's First Amended Complaint.

7. Defendant admits that this is a putative class action as alleged in Paragraph 3.1 of Plaintiff's First Amended Complaint. Defendant denies all remaining allegations contained in Paragraph 3.1 of Plaintiff's First Amended Complaint.

8. Defendant denies all allegations contained in Paragraph 3.2 of Plaintiff's First Amended Complaint.

9. Defendant denies all allegations contained in Paragraph 3.3 of Plaintiff's First Amended Complaint.

10. Defendant denies all allegations contained in Paragraph 3.4 of Plaintiff's First Amended Complaint.

11. Defendant denies all allegations contained in Paragraph 4.1 of Plaintiff's First Amended Complaint.

12. Defendant denies all allegations contained in Paragraph 4.2 of Plaintiff's First Amended Complaint.

13. Defendant denies all allegations contained in Paragraph 4.3 of Plaintiff's First Amended Complaint.

14. Defendant admits the allegations contained in Paragraph 4.4 of Plaintiff's First Amended Complaint.

15. Defendant admits that Novopharm Limited wholly owns Novopharm Holdings, Inc. Defendant further admits that Novopharm Limited and Novopharm Holdings, Inc. do business in the United States. However, Defendant denies all remaining allegations contained in Paragraph 4.5 of Plaintiff's First Amended Complaint.

16. Defendant admits that from the formation of Certus until its sale in November 1999, Novpharm Holdings, Inc. was a majority or the sole member of Certus. Defendant denies all remaining allegations contained in Paragraph 4.6 of Plaintiff's First Amended Complaint.

17. Defendant denies all allegations contained in Paragraph 4.7 of Plaintiff's First Amended Complaint.

18. Defendant admits the allegations contained in Paragraph 4.8 of Plaintiff's First Amended Complaint.

19. Defendant denies the allegations contained in Paragraph 4.9 of Plaintiff's First Amended Complaint.

20. Defendant denies the allegations contained in Paragraph 4.10 of Plaintiff's First Amended Complaint.

21. Defendant admits that David Rodriguez met with Leslie Dan, Chairman of Novopharm Limited. Defendant denies all remaining allegations contained in Paragraph 4.11 of Plaintiff's First Amended Complaint.

22. Defendant admits that Novopharm Limited agreed to invest $1,400,000.00 in Certus and that Total Healthcare Plans, Inc. agreed to invest $150,000.00 as set forth in the Contribution and Subscription Agreement entered into by the parties on November 30, 1995. Defendant denies all remaining allegations contained in Paragraph 4.12 of Plaintiff's First Amended Complaint.

23. Defendant admits that Novopharm Limited received a fifty-one percent (51%) equity ownership in Certus arising from the Contribution and Subscription Agreement entered into by the parties on November 30, 1995 and that the Contribution and Subscription Agreement of November 30, 1995 included a provision under which Novopharm Limited might have made an additional $1,100,000.00 in contributions to Certus. Defendant denies all remaining allegations contained in Paragraph 4.13 of Plaintiff's First Amended Complaint.

24. Defendant admits the allegations contained in Paragraph 4.14 of Plaintiff's First Amended Complaint.

25. Defendant denies all allegations contained in Paragraph 4.15 of Plaintiff's First Amended Complaint.

26. Defendant admits that the Texas Department of Insurance ("TDI") would not approve Certus' application to operate as an HMO unless Novopharm Limited agreed to increase its funding commitment. Defendant denies all remaining allegations contained in Paragraph 4.16 of Plaintiff's First Amended Complaint.

27. Defendant admits that Novopharm Holdings, Inc. and THCP entered into First Amendment to the Operating Agreement for Certus Healthcare, L.L.C. ("First Amendment"). Defendant also admits that the First Amendment required Novopharm Holdings, Inc. to contribute $3,000,000.00 to Certus Healthcare, L.L.C. upon request by the TDI. Defendant denies all remaining allegations contained in Paragraph 4.17 of Plaintiff's First Amended Complaint.

28. Defendant admits that it would not have been able to continue operating if Novopharm Holdings, Inc. had not contributed additional funds to Certus Healthcare, L.L.C. Defendant denies all remaining allegations contained in Paragraph 4.18 of Plaintiff's First Amended Complaint.

29. Defendant admits that it began selling policies in October 1996. Defendant denies all remaining allegations contained in Paragraph 4.19 of Plaintiff's First Amended Complaint.

30. Defendant admits that at times it had a negative net worth. Defendant denies all allegations contained in Paragraph 4.20 of Plaintiff's First Amended Complaint.

31. Defendant denies all allegations contained in Paragraph 4.21 of Plaintiff's First Amended Complaint.

32. Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph 4.22 of Plaintiff's First Amended Complaint, and therefore, denies same.

33. Defendant admits that executives from Certus Healthcare, L.L.C. and representatives from Novopharm Holdings, Inc. met with TDI. Defendant denies all remaining allegations contained in Paragraph 4.23 of Plaintiff's First Amended Complaint.

34. Defendant admits the allegations contained in Paragraph 4.24 of Plaintiff's First Amended Complaint.

35. Defendant admits that Novopharm Holdings, Inc. entered into the Second Amendment to the Operating Agreement ("Second Amendment") with THCP. Defendant specifically denies that the Second Amendment to the Operating Agreement created any obligation on the part of Novopharm Holdings, Inc. to "fully fund" Certus Healthcare, L.L.C. Defendant denies all remaining allegations contained in Paragraph 4.25 of Plaintiff's First Amended Complaint.

36. Defendant admits that Novopharm Holdings, Inc. entered into the Second Amendment as a result of the TDI's request. Defendant states that it is without knowledge or sufficient information to form

a belief as to the truth of the remaining allegations contained in Paragraph 4.26 of Plaintiff's First Amended Complaint, and therefore, denies same.

37. Defendant admits that the text quoted in Paragraph 4.27 of Plaintiff's First Amended Complaint is contained in the Second Amendment. Defendant denies the remaining allegations contained in Paragraph 4.27 of Plaintiff's First Amended Complaint.

38. Defendant denies all allegations contained in Paragraph 4.28 of Plaintiff's First Amended Complaint.

39. Defendant denies all allegations contained in Paragraph 4.29 of Plaintiff's First Amended Complaint.

40. Defendant denies all allegations contained in Paragraph 4.30 of Plaintiff's First Amended Complaint.

41. Defendant denies all allegations contained in Paragraph 4.31 of Plaintiff's First Amended Complaint.

42. Defendant admits the allegations contained in Paragraph 4.32 of Plaintiff's First Amended Complaint.

43. Defendant admits that on October 1, 1998, Dan Youtoff wrote a memo addressed to Edward McCormack and Leslie Dan. Further, Defendant admits that the text quoted in Plaintiff's First Amended Complaint was written by Dan Youtoff in the October 1, 1998 memo. Defendant denies all remaining allegations contained in Paragraph 4.33 of Plaintiff's First Amended Complaint.

44. Defendant admits that it did not timely pay certain medical providers. Defendant denies all remaining allegations contained in Paragraph 4.34 of Plaintiff's First Amended Complaint.

45. Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph 4.35 of Plaintiff's First Amended Complaint, and therefore, denies same.

46. Defendant denies the allegations contained in Paragraph 4.36 of Plaintiff's First Amended Complaint.

47. Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph 4.37 of Plaintiff's First Amended Complaint, and therefore, denies same.

Defendant Cactus Healthcare, L.L.C.'s Answer to Plaintiff's First Amended Complaint    Page 5
JDR/usr2/fed/21842.

48. Defendant admits that Edward McCormack, on behalf of Novopharm Limited, wrote a letter to LaMar & Phillips, Inc. containing the quoted text as set forth in Paragraph 4.38 of Plaintiff's First Amended Complaint. Defendant denies all remaining allegations contained in Paragraph 4.38 of Plaintiff's First Amended Complaint.

49. Defendant admits that Novopharm Holdings, Inc. contributed several million dollars to Certus Healthcare, L.L.C. Defendant denies all remaining allegations contained in Paragraph 4.39 of Plaintiff's First Amended Complaint.

50. Defendant denies the allegations contained in Paragraph 4.40 of Plaintiff's First Amended Complaint.

51. Defendant denies all allegations contained in Paragraph 4.41 of Plaintiff's First Amended Complaint.

52. Defendant admits the it was placed under administrative oversight by the TDI. Defendant states that it without knowledge or sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 4.42 of Plaintiff's First Amended Complaint, and therefore, denies same.

53. Defendant states that it without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph 4.43 of Plaintiff's First Amended Complaint, and therefore, denies same.

54. Defendant states that it without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph 4.44 of Plaintiff's First Amended Complaint, and therefore, denies same.

55. Defendant admits that the TDI placed Certus under supervision. Defendant denies all remaining allegations contained in Paragraph 4.45 of Plaintiff's First Amended Complaint.

56. Defendant states that it without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph 4.46 of Plaintiff's First Amended Complaint, and therefore, denies same.

57. Defendant denies all allegations contained in Paragraph 4.47 of Plaintiff's First Amended Complaint.

58. Defendant admits that Novopharm Holdings, Inc. paid $5,400,000.00 to the purchaser of Certus Healthcare, L.L.C. Defendant denies all remaining allegations contained in Paragraph 4.48 of

Plaintiff's First Amended Complaint.

59. Defendant denies all allegations contained in Paragraph 4.49 of Plaintiff's First Amended Complaint.

60. Defendant denies all allegations contained in Paragraph 4.50 of Plaintiff's First Amended Complaint.

61. Defendant denies the allegations contained in Paragraph 4.51 of Plaintiff's First Amended Complaint.

62. Defendant denies the allegations contained in Paragraph 4.52 of Plaintiff's First Amended Complaint.

63. Defendant admits the allegations contained in Paragraph 4.53 of Plaintiff's First Amended Complaint.

64. Defendant admits the allegations contained in Paragraph 4.54 of Plaintiff's First Amended Complaint.

65. Defendant admits that in one instance it sought and received approval to use the name of Novopharm. Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of all remaining allegations contained in Paragraph 4.55 of Plaintiff's First Amended Complaint.

66. Defendant denies the allegations contained in Paragraph 4.56 of Plaintiff's First Amended Complaint.

67. Defendant denies the allegations contained in Paragraph 4.57 of Plaintiff's First Amended Complaint.

68. Defendant admits that Leslie Dan, Ed McCormack, and Dan Youtoff made one or more trips to McAllen, Texas, to visit Certus Healthcare, L.L.C. Defendant denies all remaining allegations contained in Paragraph 4.58 of Plaintiff's First Amended Complaint.

69. Defendant admits that McCormack and Youtoff participated in meeting with the TDI. Defendant denies all remaining allegations contained in Paragraph 4.59 of Plaintiff's First Amended Complaint.

70. Defendant admits the allegations contained in Paragraph 4.60 of Plaintiff's First Amended Complaint.

71. Defendant admits that during certain period of time, it was not allowed to hire any employees

without the permission of Leslie Dan, who served as the representative of Novopharm Holdings, Inc., which entity was a member and manager of Certus Healthcare, L.L.C. Defendant also admits that Dan Youtoff met with the Hidalgo County Insurance Committee. Defendant denies all remaining allegations contained in Paragraph 4.61 of Plaintiff's First Amended Complaint.

72. Defendant admits, that as a holding company, Novopharm Holdings, Inc. did not have employees or bank records. Defendant denies all remaining allegations contained in Paragraph 4.62 of Plaintiff's First Amended Complaint.

73. Defendant admits that Novopharm Holdings, Inc. did not maintain separate corporate records for the investment in Certus Healthcare, L.L.C. Defendant denies all remaining allegations contained in Paragraph 4.63 of Plaintiff's First Amended Complaint.

74. Defendant denies all allegations contained in Paragraph 4.64 of Plaintiff's First Amended Complaint.

75. Defendant denies all allegations contained in Paragraph 4.65 of Plaintiff's First Amended Complaint.

76. Defendant admits the allegations contained in Paragraph 4.66 of Plaintiff's First Amended Complaint.

77. Defendant denies all the allegations contained in Paragraph 4.67 of Plaintiff's First Amended Complaint.

78. Defendant admits, that as an HMO, it was obligated to pay for beneficiaries' covered medical treatment. Defendant denies all remaining allegations contained in Paragraph 4.68 of Plaintiff's First Amended Complaint.

79. Defendant admits the allegations contained in Paragraph 4.69 of Plaintiff's First Amended Complaint.

80. Defendant admits that Texas Insurance Code Article 21A.11(D) provides as stated in the quoted text in Paragraph 4.70 of Plaintiff's First Amended Complaint. Defendant denies all remaining allegations contained in Paragraph 4.70 of the Plaintiff's First Amended Complaint.

81. Defendant admits that Texas Insurance Code Article 21A.11(E) provides as stated in the quoted text in Paragraph 4.71 of Plaintiff's First Amended Complaint. Defendant denies all remaining allegations contained in Paragraph 4.71 of Plaintiff's First Amended Complaint.

82. Defendant denies all allegations contained in Paragraph 4.72 of Plaintiff's First Amended Complaint.

83. Defendant denies all allegations contained in Paragraph 4.73 of Plaintiff's First Amended Complaint.

84. Defendant admits that Certus Healthcare, L.L.C. distributed marketing materials to same potential customers. Defendant states that it is without knowledge of sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 4.74 of Plaintiff's First Amended Complaint, and therefore, denies same.

85. Defendant denies the allegations contained in Paragraph 4.75 of Plaintiff's first Amended Complaint.

86. Defendant denies the allegations contained in Paragraph 4.76 of Plaintiff's first Amended Complaint.

87. Defendant denies all allegations contained in Paragraph 4.77 of Plaintiff's First Amended Complaint.

88. Defendant admits the allegations contained in Paragraph 4.78 of Plaintiff's First Amended Complaint.

89. Defendant admits the allegations contained in Paragraph 4.79 of Plaintiff's First Amended Complaint.

90. Defendant denies all allegations contained in Paragraph 4.80 of Plaintiff's First Amended Complaint.

91. Defendant denies all allegations contained in Paragraph 4.81 of Plaintiff's First Amended Complaint.

92. Defendant admits the allegations contained in Paragraph 4.82 of Plaintiff's First Amended Complaint.

93. Defendant denies the allegations contained in Paragraph 4.83 of Plaintiff's First Amended Complaint.

94. Defendant denies the allegations contained in Paragraph 4.84 of Plaintiff's First Amended Complaint.

95. Defendant denies all allegations contained in Paragraph 4.85 of Plaintiff's First Amended

Complaint.

96. Defendant denies all allegations contained in Paragraph 4.86 of Plaintiff's First Amended Complaint.

97. Defendant denies all allegations contained in Paragraph 4.87, 4.88, 4.89, 4.90, 4.91, 4.92, 4.93, 4.94, 4.95, 4.96, 4.97, 4.98, and 4.99 of Plaintiff's First Amended Complaint.

98. Defendant denies all allegations contained in Paragraphs 5.1 through 5.11 inclusive of Plaintiff's First Amended Complaint.

99. Defendant denies all allegations contained in Paragraphs 6.1 through 6.5 inclusive of Plaintiff's First Amended Complaint.

100. Defendant denies all allegations contained in Paragraphs 7.1 through 7.5 inclusive of Plaintiff's First Amended Complaint.

101. Defendant denies all allegations contained in Paragraphs 8.1 through 8.4 inclusive of Plaintiff's First Amended Complaint.

102. Defendant denies all allegations contained in Paragraphs 9.1 through 9.9 inclusive of Plaintiff's First Amended Complaint.

103. Defendant denies all allegations contained in Paragraphs 10.1 through 10.9 inclusive of Plaintiff's First Amended Complaint.

104. Defendant denies all allegations contained in Paragraphs 11.1 through 11.10 inclusive of Plaintiff's First Amended Complaint.

105. Defendant denies all allegations contained in Paragraphs 12.1 through 12.5 inclusive of Plaintiff's First Amended Complaint.

106. Defendant denies that Plaintiff is entitled to a judgment, damages, costs, attorney's fees, or any other relief prayed for in the prayer of Plaintiff's First Amended Complaint. Further, Defendant denies that Plaintiff is entitled to have a class certified in this matter.

107. Defendant denies each and every allegation contained in Plaintiff's First Amended Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

108. Defendant further affirmatively alleges that Plaintiff's claims are barred, in whole or in part, due to Plaintiff's contributory negligence, gross negligence, and recklessness in that they failed to exercise

ordinary care, caution and prudence to avoid the incident which is the basis of this cause of action. Plaintiff's acts and omissions, whether taken together or separately, proximately caused the injuries and damages to Plaintiff which are alleged in Plaintiff's First Amended Complaint.

109.   Defendant further affirmatively alleges that if Plaintiff was damaged as alleged, which is not admitted but is expressly denied, such damages were caused or contributed to, in whole or in part, by a party for whom Defendant is not responsible.

110.   Defendant further affirmatively alleges that the damages in this case, if any, were proximately caused by the negligence, gross negligence, and recklessness of third parties and any recovery should be barred or diminished under applicable provision of law.

111.   Defendant further affirmatively alleges that the act or omission of a person other than Defendant was the sole proximate cause of the Plaintiff's alleged injuries.

112.   Defendant further affirmatively alleges that the acts or omissions of other third parties were the sole proximate cause or a new and independent cause of the incident and injuries complained of in this lawsuit.

113.   Defendant states that if Plaintiff was damaged as alleged in Plaintiff's First Amended Complaint, which Defendant specifically denies, the assumption of risk on the part of Plaintiff caused or contributed to Plaintiff's alleged damages, and therefore, any recovery by Plaintiff is barred.

114.   Defendant states that if Plaintiff was damaged as alleged in Plaintiff's First Amended Complaint, which Defendant specifically denies, the failure of Plaintiff to mitigate the damages, if any, caused or contributed to Plaintiff's alleged damages, and therefore, any recovery by such Plaintiff is barred or shall be reduced by an amount equal to the damages Plaintiff failed to mitigate.

115.   Defendant affirmatively alleges that all or part of Plaintiff's claims and causes of action are barred by the applicable statute of limitations and/or the doctrine of laches.

116.   Defendant states that if Plaintiff was damages as alleged in Plaintiff's First Amended Complaint, which Defendant specifically denies, the negligence, fault, or carelessness of others not named as parties caused or contributed to Plaintiff's alleged damages, and therefore, any recovery by Plaintiff against Defendant is barred or the trier of fact shall determine the percentages of responsibility attributable to all parties and/or others not named as parties.

117.   Defendant states that if Plaintiff was damaged as alleged in Plaintiff's First Amended

Complaint, which Defendant specifically denies, Certus Healthcare, L.L.C. complied with all applicable statutes, codes, and regulations relating to the conduct referred to in Plaintiff's First Amended Complaint, and therefore, this action is preempted and/or precluded and any recovery by Plaintiff is barred.

118. Defendant states that if Plaintiff was damaged as alleged in Plaintiff's First Amended Complaint, which Defendant specifically denies, all Defendants complied with all applicable statutes, codes, regulations relating to the conduct referred to in Plaintiff's First Amended Complaint, and therefore, this action is preempted and/or precluded and any recovery by Plaintiff is barred.

119. Defendant further affirmatively alleges that Plaintiff Joel Flores' claims are barred, in whole or in part, because he was ineligible for the benefits he sought.

120. Defendant further affirmatively alleges that it complied with the capitalization requirements imposed upon it by the Texas Department of Insurance.

121. Defendant affirmatively alleges that all or part of Plaintiff's claims and causes of action are barred by the doctrine of estoppel, in that Plaintiff and/or members of the putative class are estoppel from seeking recovery of the value of benefits for services not sought during the term of their enrollment in Certus Healthcare, L.L.C.

122. Defendant affirmatively alleges that all or part of Plaintiff's claims and causes of action are barred by his failure to exhaust administrative remedies.

123. Defendant states that if Plaintiff was damaged as alleged in Plaintiff's First Amended Complaint, which Defendant specifically denies, any assessment of punitive or exemplary damages is not permitted by applicable law and/or violates this Defendant's constitutional rights under Article I, Section 9, and the Fifth, Sixth, Eight and Fourteenth Amendments of the United States Constitution for the reason that the assessment of punitive or exemplary damages denies Defendant its right to substantive and procedural due process; the assessment of punitive or exemplary damages is penal in nature and tantamount to the imposition of an excessive and criminal fine without according Defendant the same rights required for the imposition of criminal fine; the guidelines, standards, and/or instructions for the imposition of punitive or exemplary damages are vague, indefinite, uncertain, and set no limit on the damages which can be awarded; the assessment of punitive or exemplary damages exposes Defendant to multiple punishments and fines for the same act; the assessment of punitive or exemplary damages discriminates on the basis of wealth in that different amounts can be awarded against different defendants for the same act depending solely upon

the material wealth of the various defendants; and the assessment of punitive or exemplary damages constitutes an impermissible burden on interstate commerce.

124.  Defendant further affirmatively denies that it is liable for exemplary damages and pleads affirmatively the provisions of Chapter 41, of the Texas Civil Practices & Remedies Code, including the provisions on applicability, standards for recovery, preclusions, prejudgment interest, and limitations on amount.

125.  Defendant further affirmatively states that an award of punitive damages in this case would violate the procedural due process guaranteed by the Constitution of the United States Texas Law, and the instructions given to the jury, are vague and standardless as to whether and how much to punish a defendant, and are likely to produce arbitrary and capricious results.  Therefore, any award of punitive damages should be disallowed, or declared null and void.

126.  Defendant further affirmatively alleges that Plaintiff is not entitled to exemplary or punitive damages as alleged, for the reason that exemplary damages are unconstitutional and violative of the provisions of the United States Constitution and the Texas Constitution including but not limited to the following provisions:

   (a)   <u>Proscription on excessive fines.</u>  U. S. Constitution Amendment 8; Texas Constitution Article I, Section 13.

   (b)   <u>Requirements of Due Process.</u>  U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 13 and 19.

   (c)   <u>Requirements of Equal Protection Under the Law.</u>  U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 3 and 3a.

   (d)   <u>Proscription on Ex Post Facto and Retroactive Law.</u>  U. S. Constitution Article I, Section 10; Texas Constitution Article I, Section 16.

   (e)   Such punitive damages are penal in nature.  Under Texas law, they are not tied to any fair, just, and reasonable relation to actual damages.  Consequently, exemplary damages violate the contract clause of the U. S. Constitution, U. S. Constitution Article I, Section 10.

127.  Defendant reserves the right to raise such additional defenses an my become available through the investigation and discovery.

   WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by this suit, and that Defendant be awarded its costs, and have such other and further relief, general and specific, at law or in equity, to which it may show itself justly entitled to recieve.

Respectfully submitted,

ROERIG, OLIVEIRA & FISHER, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520
(210) 542-5666
(210) 542-0016 (fax)

By _____
Jeffrey D. Roerig
Texas State Bar #17161700
Federal I.D. No. 1503

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Defendant Certus Healthcare, L.L.C.'s Answer to Plaintiff's First Amended Complaint has been forwarded this 26th day of December, 2001, to the following:

Michael Cowen                                                             **CMRRR**
ZAVALETTA & COWEN
603 E. St. Charles Street
Brownsville, Texas 78520

John Ventura                                                              **CMRRR**
LAW OFFICE OF JOHN VENTURA, P.C.
7 North Park Plaza
Brownsville, Texas 78521

Norton A. Colvin, Jr.                                                     **CMRRR**
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 E. Van Buren Street
Brownsville, Texas 78520

_____
Jeffrey D. Roerig