United States District Court
Southern District of Texas
FILED

NOV 3 0 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOEL FLORES, Individually and on Behalf of All Others Similarly Situated | § § § | |
| V. | § § § | CIV. ACTION NO. B-00-53 |
| CERTUS HEALTHCARE, L.L.C., NOVOPHARM LIMITED, DAVID RODRIGUEZ, DR. ASHOK K. GUMBHIR, and NOVOPHARM HOLDINGS, INC. | § § § § § | CLASS ACTION |

### INTERVENOR MONICA BLOUNT'S
### ORIGINAL COMPLAINT IN INTERVENTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **MONICA BLOUNT**, Intervenor, and files this her Intervenor Monica Blount's Original Complaint in Intervention. Intervenor has filed this Complaint in Intervention because she wishes to serve as an additional class representative. For cause of action, Intervenor would show the Court as follows:

### PARTIES

1.1   Intervenor is an individual residing in Cameron County, Texas. She brings this action both on her own behalf and as a class action on behalf of the Class, as defined below.

1.2   Defendant Certus Heathcare, L.L.C. is a Texas limited liability company with its principal place of business in Hidalgo County, Texas. Defendant has recently changed its name to Wellcare Health Plans of Texas, L.L.C., but is still the same company.

1.3   Defendant Novopharm Limited is a Canadian company doing business in Texas.

1.4   Defendant Novopharm Holdings, Inc. Is a Delaware corporation doing business in Texas.

## VENUE

2.1   Venue is proper in the Southern District of Texas because Defendants are subject to personal jurisdiction in the district.

## CLASS ALLEGATIONS

3.1   This action is brought as a class action under Federal Rule of Civil Procedure 23. Intervenor seeks certification on behalf of a class of Certus policyholders who received a health insurance plan who, due to contractual breaches, material misrepresentations, and omissions, purchased an HMO membership in Certus that was worth less than the policy represented to them.

3.2   This action is properly brought as a class action for the following reasons:

    (a)   The Class consists of tens of thousands of persons and is thus so numerous that joinder of all members, whether otherwise required or permitted, is impracticable.

    (b)   There is a well-defined community of interest in the questions of law or fact affecting the Class, which predominate over any questions affecting only individual members, including:

        (i)   Whether Certus has a pattern or practice of not timely paying claims;

        (ii)   Whether Certus had a pattern or practice representing that it was financially sound and capable of paying claims when in fact it is not;

        (iii)   Whether Certus' pattern and practice of misrepresenting its claim constituted mail fraud;

(iv)     Whether Certus violated the RICO act in its pattern of omissions, misrepresentations and mail fraud;

(v)      Whether Certus committed common law fraud in its pattern of fraudulent omissions and misrepresentations;

(vi)     Whether Certus' misfeasance constituted negligent misrepresentaton;

(vii)    Whether Certus' violated the Texas DTPA in its pattern of omissions, misrepresentations and failure to timely pay claims;

(viii)   Whether Certus violated Section 21.21 of the Texas Insurance Code in its pattern of omissions, misrepresentations and failure to timely pay claims;

(ix)     Whether Certus breached its contract with the Class in its failure to timely pay claims.

(x)      Whether Certus was undercapitalized, which would impose personal liability upon its members.

(xi)     Whether Certus was the ostensible agent of Defendants Novopharm Limited and Novopharm Holdings, Inc.

(xii)    Whether Defendant Novopharm Limited is liable for negligent misrepresentation as a result of the statement's in Certus' promotional materials;

(xii)    What the measure of the Class' damages—the difference between the value of the policy promised and the policy received—is;

(xiv)    Whether Defendants acted with malice and are thus liable for punitive damages;

(xv)     Whether Certus underreported or understated its medical loss ratio;

(xvi)    Whether Novopharm knew that Certus was underreporting or understating its medical loss ratio;

(xvii)   Whether Certus committed fraud by underreporting or understating its medical loss ratio;

(xviii)  Whether Plaintiff, Intervenor, and the Class are intended third-party

     beneficiaries of the Second Amended Operating Agreement;

  (xix) Whether Novopharm Limited broke its agreement with the Texas Department of Insurance by failing to adequately fund Certus;

  (xx) Whether Plaintiff, Intervenor, and the Class are intended third-party beneficiaries of the agreement between Novopharm Limited and the Texas Department of Insurance;

  (xxi) Whether Novopharm Limited committed fraud by using medical loss ratios it knew to be understated in order to provide less funding to Certus than was required by its agreement with the Texas Department of Insurance;

  (xxii) Whether the insurance policies that Plaintiff, Intervenor, and the Class received were worth less than the policies that Certus represented they would receive;

  (xxiii) Whether Certus violated the Texas Insurance Code by submitting reports to the Texas Department of Insurance that were misleading because of Certus' using underaccrued medical loss ratios in determining its liabilities; and

  (xxiv) Whether Novopharm Holdings, Inc. is the alter ego of Novopharm Limited.

(c) The claims asserted by Plaintiff are typical of the claims of members of the Class;

(d) Intervenor will fairly and adequately protect the interests of the Class in that, among other things, he has no interests antagonistic to those of the other members of the Class, and Plaintiff has retained attorneys experienced in class and complex litigation as counsel; and

(e) A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

  (i) Given the size of individual Class Members' claims, few, if any, Class Members could afford to seek legal redress individually for the wrongs Defendants committed against them;

  (ii) When the liability of Defendants has been adjudicated, claims of all members of the Class can be determined by the Court;

(iii) This action will cause an orderly and expeditious administration of the Class claims, promote economies of time, effort and expense, and insure uniformity of decisions;

(iv) This action presents no difficulties that would impede its management by the Court as a class action.

3.3 Accordingly, Intervenor brings this action on behalf of themselves and all members of the class defined as follows:

> **All policyholders, beneficiaries and members of any health insurance plan or HMO from Certus Healthcare, L.L.C. from May 29, 1998 to November 2, 1999.**

Excluded from the Class are: (a) the Defendants herein, and the directors and officers thereof (b) the subsidiaries, parents, and affiliates of Defendant, and the directors and officers thereof; (c) any person or entity in which any excluded person has a controlling interest; (d) members of the immediate family of any of the foregoing, if a natural person; (e) the legal representatives, heirs, successors-in-interest, and assigns of any excluded person; (f) the judge presiding over this case; (g) any person or entity related by any consanguinity or affinity within the third degree to the judge presiding over this case.

3.4 Further, pursuant to Federal Rule of Civil Procedure 23, the Class is divided into two subclasses, as follows:

(A) **The ERISA Plan Subclass**. All Class members whose policy or plan with Certus constitutes an ERISA plan.

(B) **The Non-ERISA Subclass**. All Class members whose policy or plan with Certus does not constitute an ERISA plan.

## FACTS

4.1   Intervenor adopts by reference the facts set out in Paragraphs 4.1 to 4.99 of Plaintiff's First Amended Complaint.

4.2   Intervenor heard about Certus from advertisements on the radio.

4.3   Intervenor purchased a Certus policy for her twin daughters, Kaitlin and Shelby.

4.4   Intervenor discovered that Certus was not timely paying medical providers, including her children's pediatrician, Dr. Thelma Gonzalez.

4.5   As a result, Intervenor eventually had to stop using Certus and get another insurance company, one that could timely pay claims.

## CAUSES OF ACTION

5.1   Plaintiff adopts by reference the causes of action and allegations set out in Paragraphs 5.1 to 12.5 of Plaintiff's First Amended Complaint.

WHEREFORE, PREMISES CONSIDERED, Intervenor Monica Blount prays that she be permitted to intervene, that a Class be certified, and that, upon trial on the merits, that Plaintiff, Intervenor, and the Class recover actual damages, exemplary and treble damages, attorneys' fees, costs of court, prejudgment interest, and postjudgment interest.

Respectfully submitted,

MICHAEL R. COWEN, P.C.
765 E. 7th Street, Suite A
Brownsville, Texas 78520
Telephone (956) 541-4981
Facsimile (956) 504-3674

By: _____
Michael R. Cowen, P.C.
Federal I.D. No. 19967
Texas Bar No. 00795306


Conrad Bodden
Federal I.D. No. 21003
Texas Bar No. 00796220
LAW OFFICES OF JOHN VENTURA, P.C.
62 E. Price Road
Brownsville, Texas 78521
Telephone (956) 546-9398
Facsimile (956) 542-1478

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the above and foregoing document has been forwarded via certified mail, return receipt requested to:

Jeffrey D. Roerig  
ROERIG, OLIVEIRA & FISHER, L.L.P.  
855 W. Price Road, Suite 9  
Brownsville, Texas 78520  

CMRRR#7000-0600-0025-9262-9099

Norton A. Colvin, Jr.  
RODRIGUEZ, COLVIN & CHANEY, L.L.P.  
1201 E. Van Buren Street  
Brownsville, Texas 78520  

CMRRR#7000-0600-0025-9262-9082

John R. Wallace  
Wallace, Creech & Sarda, L.L.P.  
UCB Plaza  
3605 Glenwood Avenue, Suite 240  
Raleigh, North Carolina 27612  

CMRRR#7000-0600-0025-9262-9075

on this 28th day of November 2001.

Michael R. Cowen