6̸5̸
66

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JOEL FLORES, Individually and           )
On Behalf of All Others Similarly Situated)
                                        )
                    Plaintiffs,         )
                                        )
        v.                              )
                                        )
CERTUS HEALTHCARE, L.L.C.,              )
NOVOPHARM LIMITED,                      )
and NOVOPHARM HOLDINGS, INC.            )
                                        )
                    Defendants.         )

JAN 2 5 2002

Michael N. Milby
Clerk of Court

Civil Action No. B-00-053

Class Action

## DEFENDANT NOVOPHARM LIMITED'S ANSWER TO INTERVENOR MONICA BLOUNT'S ORIGINAL COMPLAINT IN INTERVENTION

TO THE UNITED STATES MAGISTRATE JUDGE:

COMES NOW NOVOPHARM LIMITED, Defendant in the above entitled and numbered cause, and files this its Answer in Response to Intervenor's Original Complaint in Intervention, and would show the Court as follows:

### INTERVENOR'S FAILURE TO STATE A CLAIM

1.      Defendant states that Intervenor's Original Complaint in Intervention fails to state a claim upon which relief can be granted against Defendant and moves the Court to dismiss it on that basis.

### ANSWER

2.      Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph 1.1 of the Intervenor's Original Complaint in Intervention, and therefore, denies same.

3.      Defendant admits that Certus Healthcare, L.L.C. was a Texas limited liability company.  Defendant further states that it is without knowledge or sufficient

information to form a belief as to the truth of the remaining allegations contained in Paragraph 1.2 of Intervenor's Original Complaint in Intervention, and therefore, denies same.

4.      Defendant admits that Novopharm Limited is a Canadian company as alleged in Paragraph 1.3 of Intervenor's Original Complaint in Intervention. Defendant denies all remaining allegations contained in Paragraph 1.3 of Intervenor's Original Complaint in Intervention.

5.      Defendant admits that Novopharm Holdings, Inc. is a Delaware corporation, formerly doing business in Texas. However, Defendant denies that Novopharm Holdings, Inc. is currently doing business in Texas.

6.      Defendant admits that this Court has subject matter jurisdiction and that venue is proper in the Southern District of Texas. Defendant denies all remaining allegations contained in Paragraph 2.1 of Intervenor's Original Complaint in Intervention.

7.      Defendant admits that this is a putative class action as alleged in Paragraph 3.1 of Intervenor's Original Complaint in Intervention. Defendant denies all remaining allegations contained in Paragraph 3.1 of Intervenor's Original Complaint in Intervention.

8.      Defendant denies all allegations contained in Paragraph 3.2 of Intervenor's Original Complaint in Intervention.

9.      Defendant denies all allegations contained in Paragraph 3.3 of Intervenor's Original Complaint in Intervention.

10.     Defendant denies all allegations contained in Paragraph 3.4 of Intervenor's Original Complaint in Intervention.

11.    Defendant adopts by reference its responses to the allegations set forth in Paragraphs 4.1 through 4.99 of Plaintiff's First Amended Complaint, which are set out in Paragraphs 11 through 97 of Defendant's Answer to Plaintiff's First Amended Complaint.

12.    Defendant denies all allegations contained in Paragraphs 4.1, 4.2, 4.3, 4.4, and 4.5 of Intervenor's Original Complaint in Intervention.

13.    Defendant adopts by reference its responses to the allegations set forth in Paragraphs 5.1 through 12.5 of Plaintiff's First Amended Complaint, which are set out I Paragraphs 98 through 105 of Defendant's Answer to Plaintiff's First Amended Complaint.

14.    Defendant denies that Intervenor is entitled to a judgment, damages, costs, attorney's fees, or any other relief prayed for in the prayer of Intervenor's Original Complaint in Intervention.  Further, Defendant denies that Intervenor is entitled to have a class certified in this matter.

15.    Defendant denies each and every allegation contained in Intervenor's Original Complaint in Intervention not specifically admitted herein.

AFFIRMATIVE DEFENSES

16.    Defendant further affirmatively alleges that Intervenor's claims are barred, in whole or in part, due to Intervenor's contributory negligence, gross negligence, and recklessness in that they failed to exercise ordinary care, caution and prudence to avoid the incident which is the basis of this cause of action. Intervenor's acts and omissions, whether taken together or separately, proximately caused the injuries and damages to Intervenor which are alleged in Intervenor's Original Complaint in Intervention.

17.   Defendant further affirmatively alleges that if Intervenor was damaged as alleged, which is not admitted but is expressly denied, such damages were caused or contributed to, in whole or in part, by a party for whom Defendant is not responsible.

18.   Defendant further affirmatively alleges that the damages in this case, if any, were proximately caused by the negligence, gross negligence, and recklessness of third parties and any recovery should be barred or diminished under applicable provisions of law.

19.   Defendant further affirmatively alleges that the act or omission of a person other than Defendant was the sole proximate cause of the Intervenor's alleged injuries.

20.   Defendant further affirmatively alleges that the acts or omissions of other third parties were the sole proximate cause or a new and independent cause of the incident and injuries complained of in this lawsuit.

21.   Defendant states that if Intervenor was damaged as alleged in Intervenor's Original Complaint in Intervention, which Defendant specifically denies, the assumption of risk on the part of Intervenor caused or contributed to Intervenor's alleged damages, and therefore, any recovery by Intervenor is barred.

22.   Defendant states that if Intervenor was damaged as alleged in Intervenor's Original Complaint in Intervention, which Defendant specifically denies, the failure of Intervenor to mitigate the damages, if any, caused or contributed to Intervenor's alleged damages, and therefore, any recovery by such Intervenor is barred or shall be reduced by an amount equal to the damages Intervenor failed to mitigate.

23.   Defendant affirmatively alleges that all or part of Intervenor's claims and causes of action are barred by the applicable statute of limitations and/or the doctrine of laches.

24.     Defendant states that if Intervenor was damaged as alleged in Intervenor's Original Complaint in Intervention, which Defendant specifically denies, the negligence, fault, or carelessness of others not named as parties caused or contributed to Intervenor 's alleged damages, and therefore, any recovery by Intervenor against Defendant is barred or the trier of fact shall determine the percentages of responsibility attributable to all parties and/or others not named as parties.

25.     Defendant states that if Intervenor was damaged as alleged in Intervenor's Original Complaint in Intervention, which Defendant specifically denies, Certus Healthcare, L.L.C. complied with all applicable statutes, codes, and regulations relating to the conduct referred to in Intervenor's Original Complaint in Intervention, and therefore, this action is preempted and/or precluded and any recovery by Intervenor is barred.

26.     Defendant states that if Intervenor was damaged as alleged in Plaintiff's First Amended Complaint, which Defendant specifically denies, Defendant complied with all applicable statutes, codes, and regulations relating to the conduct referred to in Plaintiff's First Amended Complaint, and therefore, this action is preempted and/or precluded and any recovery by Intervenor is barred.

27.     Defendant further affirmatively alleges that Intervenor Monica Blount's claims are barred, in whole or in part, because of her non-payment for her Certus policies.

28.     Defendant further affirmatively alleges that it has no vicarious liability for the alleged misfeasance and malfeasance of Defendant Certus Healthcare, L.L.C. for the reason that it was merely the parent corporation of Novopharm Holdings, Inc., a member of Certus Healthcare, L.L.C.

29.     Defendant further affirmatively alleges that it has no vicarious liability for the alleged under-capitalization of Defendant Certus Healthcare, L.L.C. for the reason

that it was merely the parent corporation of Novopharm Holdings, Inc., a member of Certus Healthcare, L.L.C.

30. Defendant further affirmatively alleges that it has no vicarious liability for the alleged under-capitalization of Defendant Certus Healthcare, L.L.C. on the grounds that Defendant Certus Healthcare, L.L.C. complied with the capitalization requirements imposed upon it by the Texas Department of Insurance.

31. Defendant further affirmatively alleges that it has no liability for the alleged negligent and/or grossly negligent misrepresentations of Defendant Certus Healthcare, L.L.C. for the reason that the alleged misrepresentations are promissory in character, and therefore, neither Intervenor nor any other member of the putative class relied, and could not have reasonably relied, on such representations to their detriment.

32. Defendant further affirmatively alleges that it has no liability for the alleged acts of the Defendant Certus Healthcare, L.L.C. for the reason that it is not the principal of Certus Healthcare, L.L.C., nor is Certus Healthcare, L.L.C. its agent or ostensible agent.

33. Defendant further affirmatively alleges that it has no liability for the alleged acts of Defendant Certus Healthcare, L.L.C. in that Defendant did not control or direct the acts of Defendant Certus Healthcare, L.L.C.

34. Defendant affirmatively alleges that all or part of Intervenor's claims and causes of action are barred by the doctrine of estoppel, in that Intervenor and/or members of the putative class are estopped from seeking recovery of the value of benefits for services not sought during the term of their enrollment in Certus Healthcare, L.L.C.

35. Defendant affirmatively alleges that all or part of Intervenor's claims and causes of action are barred by her failure to exhaust administrative remedies.

36. Defendant further affirmatively alleges that it has no liability for the alleged acts of Defendant Certus Healthcare, L.L.C. on the grounds that Intervenor has not pled and cannot show actual fraud on the part of this Defendant or Defendant Novopharm Holdings, Inc. as required by Article 2.21(A) of the Texas Business Corporations Act Code and as recognized in <u>Menetti v. Chavers</u>, 974 S.W.2d 168 (Tex. App. – San Antonio 1998) and <u>United States <i>ex rel.</i> CMC Steel Fabricators, Inc. v. Harrop Construction Co., Inc.</u>, 131 F.Supp.2d 882 (S.D. Tex. 2000).

37. Defendant states that if Intervenor was damaged as alleged in Intervenor's Original Complaint in Intervention, which Defendant specifically denies, any assessment of punitive or exemplary damages is not permitted by applicable law and/or violates this Defendant's constitutional rights under Article I, Section 9, and the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution for the reason that the assessment of punitive or exemplary damages denies Defendant its right to substantive and procedural due process; the assessment of punitive or exemplary damages is penal in nature and tantamount to the imposition of an excessive and criminal fine without according Defendant the same rights required for the imposition of a criminal fine; the guidelines, standards, and/or instructions for the imposition of punitive or exemplary damages are vague, indefinite, uncertain, and set no limit on the damages which can be awarded; the assessment of punitive or exemplary damages exposes Defendant to multiple punishments and fines for the same act; the assessment of punitive or exemplary damages discriminates on the basis of wealth in that different amounts can be awarded against different defendants for the same act depending solely upon the material wealth of the various defendants; and the assessment of punitive or exemplary damages constitutes an impermissible burden on interstate commerce.

38.    Defendant further affirmatively denies that it is liable for exemplary damages and pleads affirmatively the provisions of Chapter 41, of the Texas Civil Practices & Remedies Code, including the provisions on applicability, standards for recovery, preclusions, prejudgment interest, and limitations on amount.

39.    Defendant further affirmatively states that an award of punitive damages in this case would violate the procedural due process guaranteed by the Constitution of the United States. Texas Law, and the instructions given to the jury, are vague and standardless as to whether and how much to punish a defendant, and are likely to produce arbitrary and capricious results. Therefore, any award of punitive damages should be disallowed, or declared null and void.

40.    Defendant further affirmatively alleges that Intervenor is not entitled to exemplary or punitive damages as alleged, for the reason that exemplary damages are unconstitutional and violative of the provisions of the United States Constitution and the Texas Constitution, including but not limited to the following provisions:

(a)    Proscription on excessive fines. U. S. Constitution Amendment 8; Texas Constitution Article I, Section 13.

(b)    Requirements of Due Process. U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 13 and 19.

(c)    Requirement of Equal Protection Under the Law. U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 3 and 3a.

(d)    Proscription on Ex Post Facto and Retroactive Law. U. S. Constitution Article I, Section 10; Texas Constitution Article I, Section 16.

(e)    Such punitive damages are penal in nature. Under Texas law, they are not tied to any fair, just, and reasonable relation to actual damages. Consequently, exemplary damages violate the contract clause of the U. S. Constitution, U. S. Constitution Article I, Section 10.

41.   Defendant reserves the right to raise such additional defenses as may become available through investigation and discovery.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Intervenor take nothing by this suit, and that Defendant be awarded its costs, and have such other and further relief, general and specific, at law or in equity, to which it may show itself justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _Norton A. Colvin_

Norton A. Colvin, Jr. w/ permission
Attorney-in-Charge                    N Colvin
State Bar No. 04632100
Federal Admissions No. 1941
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

OF COUNSEL:

John R. Wallace
Paul P. Creech
Wallace, Creech & Sarda, L.L.P.
Post Office Box 12085
Raleigh, North Carolina 27605
(919) 782-9322
(919) 782-8113 - Fax

ATTORNEYS FOR DEFENDANT,
NOVOPHARM LIMITED

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant Novopharm Limited's Original Answer to Intervenor Monica Blount's Original Complaint In Intervention was served upon all counsel of record, to-wit:

Michael R. Cowen
765 East 7th Street, Suite A
Brownsville, Texas 78520
Attorneys for Plaintiff

John Ventura
Conrad A. Bodden
Law Offices of John Ventura, P.C
62 East Price Road
Brownsville, Texas 78521
Attorneys for Plaintiff

Jeffrey D. Roerig
Roerig, Oliveira & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520
Attorneys for Defendants Certus Healthcare, L.L.C., David
Rodriguez, and Dr. Ashok K. Gumbhir

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission

pursuant to the Federal Rules of Civil Procedure, on this the 24th day of January, 2002.

Norton A. Colvin, Jr.